# Exhibit 1

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| In re Application of Loudmila Bourlakova ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. |
| ) | |
| ) | |
| *Defendant* ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: The Clearing House Payment Company L.L.C.
114 Avenue of the Americas, 17th Floor, New York, New York 10036

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see attached Notice of Subpoena and Attachment A to this Subpoena

| Place: Pryor Cashman LLP, 7 Times Square<br>New York, New York, 10036 | Date and Time: 03/20/2024 11:59 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/20/2024

*CLERK OF COURT*
                                                    OR                       /s/ Daniel J. Pohlman
_____                          _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Loudmila and Veronica Bourlakova , who issues or requests this subpoena, are:

Daniel J. Pohlman, 7 Times Square, 41st Floor, New York, New York, dpohlman@pryorcashman.com (212) 326-0823

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

[ Print ]   [ Save As... ]   [ Add Attachment ]   [ Reset ]

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

Pursuant to the accompanying Subpoena, petitioners Loudmila Bourlakova and Veronica Bourlakova (collectively the "Petitioners") hereby request that Clearing House Payments Company L.L.C. ("CHIPS") produce documents responsive to the requests listed below at the date and location specified in the Subpoena.

## DEFINITIONS

As used herein, the terms listed below shall be defined as follows. Insofar as a term is not explicitly defined, the meaning to be used is the commonly accepted definition of the term. Notwithstanding any definition set forth below, each word, term, or phrase used in these requests is intended to have the broadest possible meaning permitted under the Federal Rules of Civil Procedure. In these requests, the following terms are to be given their ascribed definitions:

1. "CHIPS," "You" and "Your" shall refer to Clearing House Payments Company L.L.C. as well as all past or present parents, subsidiaries, agents, employees, attorneys, consultants, representatives, and any other person acting or purporting to act on its behalf.

2. In accordance with Local Civil Rule 26.3, the term "document" is defined to synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

3. In accordance with Local Civil Rule 26.3, "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise.)

4. In accordance with Local Civil Rule 26.3, "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

**DRAFT – ATTORNEY-CLIENT PRIVILEGED**

  5. In accordance with Local Civil Rule 26.3, the terms "all," "any," and "each" shall each be construed as encompassing any and all.

  6. In accordance with Local Civil Rule 26.3, the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

  7. The terms "referring to," "relating to," "showing," or "regarding" shall mean containing, describing, discussing, embodying, commenting upon, identifying, incorporating, summarizing, constituting, comprising, or otherwise pertinent to the matter or any aspect thereof.

  8. In accordance with Local Civil Rule 26.3, "concerning" means relating to, referring to, describing, evidencing, or constituting.

  9. In accordance with Local Civil Rule 26.3, the use of the singular form of any word includes the plural and vice versa.

  10. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

## **INSTRUCTIONS**

  1. A request for a document shall be deemed to include a request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document in addition to the document itself.

  2. If and to the extent documents are maintained in a database or other electronic format, produce along with the document(s) software that will enable access to the electronic document(s) or database as you would access such electronic document(s) or database in the ordinary course of your business.

**DRAFT – ATTORNEY-CLIENT PRIVILEGED**

3. These Requests do not seek information protected by applicable privileges, including attorney-client privilege or work product privilege. Any document withheld from production based on a claim of privilege or any similar claim shall be identified by (1) the type of document, (2) the general subject matter of the document, (3) the date of the document, and (4) such other information as is sufficient to identify the document including the author of the document, the addressee of the document, and, where not apparent, the relationship of the author and the addressee to each other. The nature of each claim of privilege shall be set forth.

4. Documents attached to each other should not be separated.

5. Documents not otherwise responsive to this subpoena shall be produced if such documents mention, discuss, refer to, or explain documents called for by this subpoena.

6. If you object to any part of any request, state fully in writing the nature of the objection. Notwithstanding any objections, nonetheless comply fully with the other parts of the request to which you are not objecting.

7. These Requests cover the time period of January 1, 2018 to present.

## DOCUMENT REQUESTS

1. All Documents and Communications, including any wire transfer notes, regarding transfers or settlement payments made by or to or otherwise concerning or referencing:

   a. **Individuals:**

      i. Alexey Yurievich Planson

      ii. Daniel Tribaldos

      iii. Denis Anatolevich Smirnov

      iv. German Aleksovich Krasnoshekov

      v. Nikolai Kazakov

3

**DRAFT – ATTORNEY-CLIENT PRIVILEGED**

      vi. Oleg Bourlakov

     vii. Reuwen Schwarz

    viii. Semen Anufriev

     ix. Svetlana Kazakova

      x. Vera Kazakova

b. **Entities:**

       i. Acorn Services Inc

      ii. Admiral Invest LLC

     iii. Amblex Trading Ltd

     iv. Asakren Trading Ltd

      v. Avanda Services Ltd

     vi. Blinton Trading Ltd

     vii. Canford Trading Corp.

    viii. Captain Vrungel Yachting Limited

     ix. Columbus Holding and Enterprises SA

      x. Cordax Trading SA

     xi. Edelweiss Investment Holding SA

     xii. Edelweiss Investment Real Estate SA

    xiii. Edelweiss Investment S.P. SA

     xiv. Edelweiss Investment S.PB SA

     xv. Edelweiss Investments Inc.

     xvi. Finco Financial Company Inc.

    xvii. Fundacion Cantucci

4

**DRAFT – ATTORNEY-CLIENT PRIVILEGED**

    xviii.    Gatiabe Business Inc.

    xix.    Gefan Trading Ltd

    xx.    Heda Airlines Limited

    xxi.    Hemaren Stiftung

    xxii.    Hydrangea Group S.A.

    xxiii.    IPEC International Petroleum Co. Inc.

    xxiv.    Irtum Trading Ltd

    xxv.    Jovellanos Investments Corp.

    xxvi.    KESK Stiftung

    xxvii.    Krasnodarpromzheldortrans OJSC

    xxviii.    Leo Services Holding LTD

    xxix.    Leo Trust Switzerland AG

    xxx.    Monston Trading Ltd

    xxxi.    Mont-Blanc P.B. SA

    xxxii.    OOO Admiral Invest

    xxxiii.    OOO GeoKompas

    xxxiv.    Privdeni Preporod Doo Banja Luka (also known as Economic Revival)

    xxxv.    White Pearl SARL

    xxxvi.    Wlamil 2

    xxxvii.    Wlamil 3

    xxxviii.    Wlamil Foundation

**DRAFT – ATTORNEY-CLIENT PRIVILEGED**

    c. **Accounts identified by IBAN number:**

        i. IBAN: AE020440001621305948574

        ii. IBAN: AE090261324450697655544

        iii. IBAN: AE400440001626394112184

        iv. IBAN: AE420440001628495890494

        v. IBAN: AE730440001628945099458

        vi. IBAN: CH020020620645896202M

        vii. IBAN: CH030020620645896261L

        viii. IBAN: CH080020620645896201E

        ix. IBAN: CH1008755057388100100

        x. IBAN: CH120020620650959962N

        xi. IBAN: CH120020620657631270C

        xii. IBAN: CH140020620645896230D

        xiii. IBAN: CH170020620645896270X

        xiv. IBAN: CH170020620650959901J

        xv. IBAN: CH290020620657631201A

        xvi. IBAN: CH310020620690889960V

        xvii. IBAN: CH360020620645896260C

        xviii. IBAN: CH3908515684003948532

        xix. IBAN: CH400020620657631260N

        xx. IBAN: CH400206620610452061C

        xxi. IBAN: CH460020620645896263H

        xxii. IBAN: CH510020620645896262R

**DRAFT – ATTORNEY-CLIENT PRIVILEGED**

    xxiii. IBAN: CH540020620610452061C

    xxiv. IBAN: CH6908755053666000100

    xxv. IBAN: CH730020620645896231F

    xxvi. IBAN: CH7608755013335200100

    xxvii. IBAN: CH79 0020 6206 2609 6260 R

    xxviii. IBAN: CH880020620645896271D

    xxix. IBAN: CH930020620610406360V

    xxx. IBAN: CH9508515834950688905

    xxxi. IBAN: EE061700017000763453

    xxxii. IBAN: EE141700017000065685

    xxxiii. IBAN: EE181700017000044855

    xxxiv. IBAN: EE342200221056375063

    xxxv. IBAN: EE781700017000044842

    xxxvi. IBAN: LI7408802695004958411

    xxxvii. IBAN: LI7508802569004592234

    xxxviii. IBAN: LU210086893221395048

    xxxix. IBAN: LU220086586982134952

    xl. IBAN: MC4114508000001510718100460

    xli. IBAN: MC4114508000015107181004B60

    xlii. IBAN: MC5214508000015107181002Z02

    xliii. IBAN: MC5811999000010176608000245

    xliv. IBAN: MC5812739000700004859438179

    xlv. IBAN: MC5812739000700634675433464

**DRAFT – ATTORNEY-CLIENT PRIVILEGED**

  xlvi. IBAN: MC5816038000010101119033372

  xlvii. IBAN: MC5816038000010101119097877

  xlviii. IBAN: MC6714508000015107181001Y35

 **d. Other accounts:**

  i. Account Number: 0206-00458962.01E

  ii. Account Number: 0206-00458962.31F

  iii. Account Number: 0206-00458962.60C

  iv. Account Number: 0206-00458962.61L

  v. Account Number: 0206-00458962.62R

  vi. Account Number: 0206-00458962.63H

  vii. Account Number: 0206-00458962.S2

  viii. Account Number: 0206005763120001

  ix. Account Number: 0835-1788416-51

  x. Account Number: 0835-1788416-52

  xi. Account Number: 0835-1788416-52-1

  xii. Account Number: 101119

  xiii. Account Number: 206-260717

  xiv. Account Number: 206-260962.60R

  xv. Account Number: 206-458962.02M

  xvi. Account Number: 206-458962.70X

  xvii. Account Number: 206-458962.71D

  xviii. Account Number: 206-458962.90A 0291

  xix. Account Number: 206-458962.90B 0029

**DRAFT – ATTORNEY-CLIENT PRIVILEGED**

    xx.    Account Number: 206-458962.90M 0286

    xxi.    Account Number: 206-458962.90N 0288

    xxii.    Account Number: 206-458962.90Q 0021

    xxiii.    Account Number: 206-458962.90R 0026

    xxiv.    Account Number: 206-458962.90U 0027

    xxv.    Account Number: 206-458962.90V 0295

    xxvi.    Account Number: 206-609599.01J

    xxvii.    Account Number: 30.101119_0

    xxviii.    Account Number: 301010455469

    xxix.    Account Number: 40702810700000000792

    xxx.    Account Number: 40702840600000030023

    xxxi.    Account Number: 40817810300006101964

    xxxii.    Account Number: 40817840900000000004

    xxxiii.    Account Number: 40817978508900004197

    xxxiv.    Account Number: 42301810200005105740

    xxxv.    Account Number: 42301840800001500003

    xxxvi.    Account Number: 42301978900005100259

    xxxvii.    Account Number: 42306810900005112287

    xxxviii.    Account Number: 42307978355860011823

    xxxix.    Account Number: AE840030013499568456334

    xl.    Account Number: EE852200221059544493

    xli.    Account Number: J023195.001

    xlii.    Account Number: LI0208802546889405923

**DRAFT – ATTORNEY-CLIENT PRIVILEGED**

      xliii. Account Number: LI74 0880 2695 0049 5841 1

      xliv. Account Number: LI7508802569004592234

      xlv. Account Number: R-536660.001

      xlvi. Account Number: W-573881.001

      xlvii. SWIFT: HABAEE2X

      xlviii. SWIFT: NDEAEE2X

      xlix. SWIFT: SABRRU2P