# Exhibit C

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CIVIL DIVISION
CASE NO.: 2021-025928 CA 23

ELENA BOURLAKOVA as natural
guardian and representative for her
three Minor Children, and
VERONICA BOURLAKOVA as
natural guardian and representative
for her three Minor Children,

     Plaintiffs,

v.

STEVEN LANDAU, individually and as trustee,
THOMAS BUTLER, individually and as trustee,
NATALIA ROUSSO, NIKOLAI KAZAKOV,
VERA KAZAKOV, SEMEN ANUFRIEV,
IGOR KRUTOY and OLGA KROUTOIA,

     Defendants.

_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Representative Plaintiffs, ELENA BOURLAKOVA as natural guardian for her three

Minor Children and VERONICA BOURLAKOVA as natural guardian for her three Minor

Children, sue Defendants, STEVEN LANDAU, individually and as trustee, THOMAS BUTLER,

individually and as trustee, NATALIA ROUSSO, NIKOLAI KAZAKOV, VERA KAZAKOV,

SEMEN ANUFRIEV, IGOR KRUTOY and OLGA KROUTOIA, and say:

### SUMMARY

**This action is brought on behalf of six Minor Children, by their mothers as their natural guardians against numerous Defendants engaged in a Florida conspiracy by which they have stolen the Minor Children's interests in a $10 million Condominium Unit on Fisher Island, Miami, and $5 million in cash in a Florida bank account.**

**The principal claims are for: (a) $45 million in treble damages, plus attorneys' fees for statutory civil theft and (b) compensatory damages of $15 million pursuant to multiple common-law tort claims, reserving the right to assert claims for punitive damages.**

**Liens are asserted against two pieces of Florida real estate: the $10 million Fisher Island condominium unit and a $4 million unit on Sunny Isles Beach which was bought with part of the stolen funds. The Plaintiffs seek ejectment of all occupants of the properties and to quiet title in their favor.**

**A jury is demanded on all claims.**

## JURISDICTION

1. This is an original proceeding on claims under the Civil Remedies for Theft Act, Fla. Stat. Sec 772.11, ("Civil Theft") and pursuant to the common law for damages in excess of the minimum jurisdictional limits of this Court over which the Court has jurisdiction pursuant to Fla. Stat. § 26.012 (2)(a). On all such claims a jury trial is demanded as of right.

2. Plaintiffs further seek to eject all occupants of two parcels of real estate pursuant to Fla. Stat. § 66.011 et seq. over which this Court has exclusive jurisdiction pursuant to Fla. Stat. § 66.021(2) and to quiet title in their favor pursuant to Fla. Stat. § 65.081. On such claims a jury trial is demanded as of right at common law and pursuant to Fla. Stat. § 65.081(2).

3. Plaintiffs further seeks equitable relief over which the Court has jurisdiction pursuant to Fla. Stat. § 26.012 (2)(c). Plaintiffs asks that the jury empaneled to try the legal claims serve as an advisory jury on such claims.

## VENUE

4. The causes of action arose in Miami-Dade County and venue is proper in this Court.

## THE PLAINTIFFS

5. The real parties in interest, and therefore the "real" Plaintiffs in this case under Fla. R. Civ. P. 1.210(a), are six minor children who cannot assert their claims themselves because of

their minority and must act through guardians as representative plaintiffs. They are described below as "the Minor Children."

6.      Plaintiff, ELENA BOURLAKOVA, ("ELENA") therefore sues in a representative capacity under Fla. R. Civ. P. 1.210(a) on behalf of her three Minor Children, D.B., A.B. and L.B., as their natural guardian under Fla. Stat. § 744.301, with the written consent of her husband, the children's father.

7.      Plaintiff, VERONICA BOURLAKOVA, ("VERONICA") therefore sues in a representative capacity under Fla. R. Civ. P. 1.210(a) on behalf of her three Minor Children, O.G., L.G. and Z.G., as their natural guardian under Fla. Stat. § 744.301, with the written consent of her husband, the children's father.

8.      Neither ELENA nor VERONICA assert any claims in their personal capacity against any of the Defendants in this action.

## THE ACTIVE DEFENDANTS

9.      Defendant, STEVEN LANDAU ("LANDAU") is and was at all material times an individual domiciled in Miami-Dade County, Florida. He is sued in his individual capacity and in his capacity as trustee, as detailed below, for his role in the theft of more than $15 million in Florida from the Minor Children.

10.      Defendant, THOMAS BUTLER ("BUTLER") is and was at all material times an individual domiciled in New York. He is sued in his individual capacity and his capacity as trustee, as detailed below, for his role in the theft of more than $15 million in Florida from the Minor Children.

11.      Defendant, NATALIA ROUSSO, is and was at all material times an individual domiciled in Miami-Dade County, Florida and the ex-wife of LANDAU and the niece of the

3

Nominal Defendants, described below. She is sued for her role in the theft of more than $15 million in Florida from the Minor Children.

12.     Defendant, NIKOLAI KAZAKOV, (sometimes "NIKOLAI") is and was at all material times an individual domiciled in Estonia. He is sued for his role in the theft of more than $15 million in Florida from the Minor Children.

13.     Defendant, VERA KAZAKOV, (sometimes "VERA") is NIKOLAI's wife and is and was at all material times an individual domiciled in Estonia. She is sued for her role in the theft of more than $15 million in Florida from the Minor Children. (NIKOLAI and VERA are referred to together as "THE KAZAKOVS").

14.     Defendant, SEMEN ANUFRIEV, ("ANUFRIEV") is and was at all material times a German lawyer domiciled in Latvia. He is sued for his role in the theft of more than $15 million in Florida from the Minor Children.

15.     The foregoing are sometimes collectively referred to as "the Active Defendants."

## THE NOMINAL DEFENDANTS

16.     Defendant, IGOR KRUTOY, ("IGOR") and his wife, OLGA KROUTOIA, ("OLGA") (together "THE KRUTOYS" or "the Nominal Defendants") are and were at all material times domiciled in Russia.

17.     They are not accused of any wrongdoing. They were duped by the Active Defendants into granting them powers-of-attorney which the Active Defendants used to steal $10 million in Florida real estate from the Minor Children.

18.     The presence of the Nominal Defendants in this case is necessary solely for limited discovery and to execute corrective documents to quiet title in favor of the Minor Children after the Active Defendants have been ejected by the jury.

4

19.    Neither of the Nominal Defendants has any objection to their being made party to this case for the purpose alleged.

## PERSONAL JURISDICTION

20.    Defendants, LANDAU and ROUSSO, are domiciled in Florida and there is general jurisdiction over them.

21.    There is specific Long Arm Jurisdiction over THE KAZAKOVS, ANUFRIEV and BUTLER under the facts alleged below and particularly under: (a) under Fla. Stat. § 49.193(1)(a)(2) for the commission of tortious acts within the State and (b) Fla. Stat. § 49.193(1)(a)(3) by reason of directly or through agents owning, using, possessing, or holding a lien on real property within this state.

22.    There is also general Long Arm Jurisdiction over THE KAZAKOVS, ANUFRIEV and BUTLER in that they are directly or through agents engaged in substantial and not isolated activity within this state.

23.    The contacts between THE KAZAKOVS, ANUFRIEV and BUTLER with Florida are sufficiently extensive that it would not offend Constitutional concepts of "minimum contacts" for their being held to answer for their wrongs in a Florida court.

24.    The Nominal Defendants were served with process in Florida and there is jurisdiction over them.

## FACTS

### Background

25.    Oleg Bourlakov ("Oleg"), now deceased, was the husband of Loudmila Bourlakova, ("Loudmila"), who is still living, and they were both resident in Monaco and they

were and are, respectively, the parents of ELENA and VERONICA and the grandparents of the Minor Children.

26.    The family was extremely wealthy. All told, directly or through entities which they owned and controlled, the family fortune was more than $3.4 billion dollars.

27.    Until the family rift described below developed in 2018, Oleg, Loudmila, ELENA and VERONICA were very close.

28.    During 2017, the family, including ELENA, VERONICA and Oleg discussed buying a house or an apartment in South Florida for ELENA and VERONICA'S existing and future children which they could also use on vacation. At that time, ELENA had three children and VERONICA had none. VERONICA now also has three.

29.    During that time, Oleg's friend IGOR and his wife OLGA were selling a condominium unit on Fisher Island in Miami at 7471 Fisher Island Drive Dr, Fisher Island, FL, 33109, ("the Fisher Island Property" or "the Property"), which the family decided to purchase. Oleg liaised with the real estate agent, LANDAU, in closing on the Property.

30.    On October 26, 2017, ELENA and her husband flew to Miami where they toured the Fisher Island Property with LANDAU.

31.    The two sisters intended that the Property be held in a Florida Land Trust pursuant to Fla. Stat. § 689.071 for their Minor Children.

32.    The funds to buy and maintain the Property were to come from Edelweiss Investment Inc. ("Edelweiss"), VERONICA's company.

6

## The Purchase of the Fisher Island Property

33.     The sale and purchase transaction was a "friendly" deal. ROUSSO was THE KRUTOYS' niece and was then married to LANDAU, and IGOR and Oleg knew each other. LANDAU acted as the real estate agent for both sides and as the initial trustee of the Land Trust.

34.     LANDAU had his brother, Burton Landau, an attorney with a Hallandale Beach law firm, South Florida Law, PLLC, handle the legal aspects of the deal for both sides, acting under a power-of-attorney for THE KRUTOYS.

35.     On or about November 6, 2017, an "As-Is" residential contract was entered into between THE KRUTOYS as Sellers and the "7471 Fisher Island Dr 2017 Revocable Trust" as Buyer (with Oleg and LANDAU signing on behalf of the Buyer, as authorized by VERONICA).

36.     The price was to be $7.5 million on an all-cash basis, and the closing was set for November 30, 2017.

## The Creation of the 2017 Florida land Trust

37.     On November 22, 2017, the Property was conveyed into a Florida Land Trust pursuant to Fla. Stat. § 689.071. It was entitled the "7471 Fisher Island Dr 2017 Revocable Trust." ("The 2017 Florida Land Trust," "2017 Land Trust" or "Land Trust").

38.     The initial trustee was LANDAU, who signed the trust instrument in acceptance of that role and the beneficiaries were the Minor Children.

39.     As stated above, ELENA then had three children. VERONICA's children were as yet unborn, and their interest was therefore referred to as "Gliner/Bourlakov" ("Gliner" being the surname of VERONICA's husband).

7

40.     The 2017 Land Trust term was for 21 years unless sooner terminated in accordance with its terms, whereupon the property was to be conveyed by the trustee to the beneficiaries. *See* Exhibit "A," ¶¶ 6, 20.

41.     All powers of enjoyment, disposition, amendment, direction and revocation over the 2017 Land Trust were granted to the beneficiaries. *See* Exhibit "A," ¶¶ 3-4, 26.

42.     Such interests were indefeasible pursuant to Fla. Stat. § 689.071(8)(f) and the trust was only revocable by the beneficiaries.

43.     The trustee of the Land Trust had no power to deal with the trust property save at the direction of the beneficiaries. *See* Exhibit "A", ¶¶ 6, 7, 21.

<u>**Anufriev's Role in the Funding of the 2017 Florida Land Trust**</u>

44.     ANUFRIEV is the son of Oleg's cousin. He is a German-qualified lawyer, living in Latvia, and was the managing director of the Bourlakov family office in Monaco which handled the family's finances.

45.     ANUFRIEV had helped manage the Bourlakov family assets since 2012. In that role he liaised between parties on financial transactions, and he was involved in that capacity in the purchase of the Fisher Island Property in 2017. Because of his role working for the Bourlakov family as manager of the family office, he knew that VERONICA was the owner of Edelweiss.

46.     On November 20, 2017, LANDAU emailed ANUFRIEV a copy of the executed purchase contract.

47.     On November 20, 2017, Nima Ajabshir of South Florida Law PLLC emailed the draft HUD settlement statement to LANDAU for the purchase of the Fisher Island Property by the 2017 Land Trust. With closing costs, the total due from the buyer was $7,541,009.96.

48.    LANDAU forwarded the settlement statement to ANUFRIEV stating: "Hi Semen, Please share this." ANUFRIEV responded "Will do. Thank you. Are there any encumbrances/mortgages left on the property to be purchased?"

49.    On November 21, 2017, ANUFRIEV emailed LANDAU, "Can you please send me a copy of the trust declaration as well. I need it urgently for the bank please." LANDAU responded, "Property title is free and clear or [sic] any mortgages or encumbrances. I will email you declaration of trust at 9 am (EST)."

50.    The original sale and purchase agreement for the Property had initially listed "7471 Fisher Isl. Dr. Corp or Assigns" as the purchaser on page 1. This had been crossed out and the "7471 Fisher Island Dr 2017 Revocable Trust" was filled in as the correct purchaser.

51.    On November 21, 2017, ANUFRIEV emailed LANDAU: "Can you also prepare and send me one more copy of the purchase agreement without any remarks or deletions on the first page and mentioning the correct purchaser? It would facilitate my dealings with the bank. Sorry for that."

52.    On November 21, 2017, LANDAU emailed ANUFRIEV a clean copy of the contract. The contract was now signed and initialed by all parties. Both Oleg and LANDAU signed on behalf of the Buyer, the 2017 Florida Land Trust. The closing date was brought up earlier to November 22, 2017.

53.    On November 21, 2017, Burton Landau sent his brother, LANDAU, a copy of the 2017 Florida Land Trust. LANDAU forwarded the email and attachment to ANUFRIEV, asking, "Please call me when you receive this email." A copy is attached as Exhibit "B"

54.    On November 21, 2017, VERONICA's company, Edelweiss, wired the purchase price of $7.5 million to an account in the name of one of another Bourlakov family company,

Columbus Holding and Enterprises S.A., ("Columbus"), which sum ANUFRIEV arranged to be forwarded to South Florida Law PLLC's real estate trust account.

55.    On November 22, 2017, LANDAU emailed ANUFRIEV: "The first transfer was received. Thank you. Was the second transfer initiated? Is everything on course? Please let me know when everything is completed please. Have a nice day."

56.    On November 22, 2017, VERONICA's company, Edelweiss, wired another $41,050.00 to cover closing costs to Columbus. ANUFRIEV then arranged for $41,009.96 (the initial sum minus wire transfer costs) to be forwarded onwards to South Florida Law PLLC's real estate trust account.

57.    On November 22, 2017, the HUD settlement statement was executed in Florida by LANDAU as Trustee for the Buyer, the 2017 Florida Land Trust, and by Burton Landau, under a power-of-attorney from the sellers, the KRUTOYS, and LANDAU forwarded the executed HUD to ANUFRIEV.

### The Closing on the Fisher Island Property

58.    The closing occurred on November 22, 2017.

59.    On November 22, 2017, under the power of attorney given by the KRUTOYS, Burton Landau executed a Warranty Deed to convey the Fisher Island Property into the 2017 Florida Land Trust which was recorded of public record on November 27, 2017. *See* Exhibit "C."

60.    Further acting under the power of attorney given by THE KRUTOYS, on November 22, 2017, Burton Landau executed a Corrective Quit Claim Deed to convey the Fisher Island Property condominium unit into the trust which was also recorded of public record on November 27, 2017. *See* Exhibit "D."

61.     On November 24, 2017, VERONICA's company, Edelweiss, wired $340,000 as LANDAU's brokerage fees to Columbus which ANUFRIEV forwarded to LANDAU's company, Yamanas Family Holdings LLC.

### Funding the 2017 Florida Land Trust to Pay Maintenance and Taxes

62.     On January 31, 2018, VERONICA's company, Edelweiss, wired another $5 million to pay real property taxes, insurance, condominium association fees, utilities, and all associated costs of owning and maintaining Fisher Island Property to Columbus, which ANUFRIEV then arranged to be forwarded to the trust account at South Florida Law, PLLC, which wired it onwards to an account in the name of the 2017 Florida Land Trust at Wells Fargo Bank, N.A. in San Francisco, California.

63.     This $5 million was thereby added to the corpus of the 2017 Land Trust, subject to the same restriction on use and dissipation as the real property and was to be held for the benefit of the Minor Children.

64.     On November 14, 2018, LANDAU executed a Corrective Warranty Deed to convey the Fisher Island Property from the 2017 Fisher Island Land Trust to LANDAU, as Trustee of the 2017 Fisher Island Land Trust. *See* Exhibit "E."

### The Rift in The Family Develops in 2018

65.     On December 19, 2018, having discovered that her husband, Oleg, then 69, was trying to have a child with his young mistress, Loudmila Bourlakova filed for divorce in Monaco (Oleg's mistress would eventually give birth to a daughter on November 10, 2020).

66.     Oleg thereupon fraudulently attempted to cheat his wife and their daughters out of as much of the family fortune as possible.

11

67.    A core element of his scheme was the fraudulent pretense that half of the family assets had all along belonged to his alleged "business partner," NIKOLAI KAZAKOV, the husband of his sister, VERA, thereby attempting to minimize the size of the family fortune.

68.    THE KAZAKOVS backed him up in this fraudulent pretense and ANUFRIEV, who had had extensive financial control over much of the fortune chose to assist Oleg and THE KAZAKOVS in the conspiracy. As a result, assets were given to THE KAZAKOVS, either to hold as nominees, as part of the scheme, or to enjoy in part as a reward for their illegal collaboration.

## The Theft of the Minor Children's Florida Property

69.    There is litigation between various family members and multiple companies and foundations owned by the family members and THE KAZAKOVS and ANUFRIEV and their numerous accomplices pending in multiple countries.

70.    The Minor Children are not involved in any way in any of that litigation. Their sole interests are as to the theft of their property interests in Florida by the Active Defendants.

71.    The assets stolen from them were (a) their interests in the Fisher Island Property, currently worth about $10 million and (b) the $5 million in cash which had been contributed to pay for taxes and maintenance on the Property, plus (c) the profits resulting from the investment of such stolen funds as discovery may show.

72.    The details, to the extent they are known before discovery, are set out below.

## Theft of $5 million from the 2017 Florida Land Trust

73.    On or about May 1, 2018, LANDAU stole over $2.5 million from the funds he held as trustee of 2017 Florida Land Trust on behalf of the Minor Children.

74.    Upon information and belief, some or all of this may have been an illegal "loan" of money - which did not belong to him - from Oleg.

12

75.     LANDAU did not ask the guardians for the Minor Children for permission to borrow or use the money or even tell them that he had done so after the fact. They discovered the theft after filing this lawsuit.

76.     LANDAU used the money to buy a condominium apartment for his wife, ROUSSO, at 6051 Collins Avenue, Unit 404, Sunny Isles Beach, Florida 33160. ("The Turnberry Property").

77.     ROUSSO knew that the funds used to buy the Turnberry Property did not belong to her or to her husband. Neither LANDAU nor ROUSSO contributed anything towards the purchase price.

78.     LANDAU paid $21,181.72 in taxes on the Turnberry property for 2018 and $35,705.81 for 2019. It is unknown before discovery whether he stole this money, too.

79.     It is unknown before discovery which of the Active Defendants took the rest of the cash in the 2017 Florida Land Trust, but its whereabouts are unknown.

80.     Because of the theft alleged above and the now-completed scheme to steal the $10 million Fisher Island Property from the same trust, as alleged below, it is alleged upon information and belief that the Active Defendants acted in combination to steal the rest of the money, too.

### Theft of the $10 million Fisher Island Property

81.     Stealing cash from the 2017 Florida Land Trust was easier than stealing the real estate. LANDAU could steal the cash by just signing checks or giving wire transfer instructions. However, stealing the Fisher Island Property entailed having the real estate entitled in the name of the thieves, re-doing the title insurance to match, and then selling it and exporting the proceeds somewhere safe from recovery.

82.    The conspirators were in some doubt as to how to best achieve the theft. The alternatives were either to get LANDAU to convey the property out of the 2017 Florida Land Trust into a new trust, or to try to get THE KRUTOYS to undo the 2017 conveyance and convey the Property directly to the new trust.

83.    This presented the thieves with a quandary. Neither option would work well, legally, since LANDAU had no power to convey the Property out of the 2017 Florida Land Trust and THE KRUTOYS had already sold the property back in 2017 and had nothing left that they could convey.

84.    But it did not really matter to the thieves that the conveyance be perfect, since the objective was just to move facial title into an anonymous vehicle which they could use to sell the Property and get the proceeds out of the U.S. So, they prepared papers to cover both approaches.

**Conspiracy – Step One:**

85.    As a first step, on May 8, 2020, Oleg had his lawyers, the Shutts & Bowen law firm in Miami, issue a title insurance commitment for the Fisher Island property to insure the Property in the name of the transferee.

86.    The title insurance commitment requirements included the execution of two warranty deeds: one from LANDAU as Trustee of the 2017 Florida Trust to the new proposed insured, and one from THE KRUTOYS to LANDAU as trustee of the 2017 Florida Trust.

87.    The notation stated that the purpose of the deed from THE KRUTOYS is "to correct the Warranty Deed recorded November 27, 2017, in Official Records Book 30768, Page 4552, of the Public Records of Miami-Dade County, Florida. The trustee of the trust and the date of the trust were not included."

14

88.    A subsequent version of the title commitment dated May 22, 2017, revised the requirements to instead have THE KRUTOYS execute a Warranty Deed to the then-unnamed Proposed Insured rather than the 2017 Florida Trust.

**Conspiracy - Step Two:**

89.    The next step was to lie to THE KRUTOYS to get them to sign powers-of-attorney to transfer title to a new trust, nominally in favor of THE KAZAKOVS and their descendants.

90.    In May or June of 2020, at Oleg Bourlakov's request, IGOR KRUTOY met with Oleg in Moscow, Russia.

91.    The KRUTOYS had sold the Fisher Island Property in 2017 and had had nothing to do with it since then. Oleg now told IGOR that there had been a mistake in the 2017 sale documents and that they needed to be re-signed. Oleg asked if the KRUTOYS would kindly sign the necessary documents and IGOR said that they would.

92.    Since OLGA was in Florida and he was intending to join her there, IGOR suggested that the documents be sent to his niece, ROUSSO, in Florida. She would print them out and bring them to her aunt and uncle to sign.

93.    At some time between June 18 and June 25, 2020, ROUSSO brought documents written in English to her aunt and uncle, in Florida, which she had received from ANUFRIEV, who was acting on behalf of Oleg and THE KAZAKOVS.

94.    Neither of the KRUTOYS read English and they did not know what they were signing. But, on June 26, 2020, they signed what they were given and gave them back to ROUSSO trusting that they were to correct an error in the 2017 conveyance, as they had been told. *See* Composite Exhibit "F."

95.     They did not know that the documents they signed were powers of attorney empowering BUTLER to sign documents on their behalf. Nor did they know what he intended to do with the power they were granting to him.

96.     Had THE KRUTOYS known that the intention was to defraud the Minor Children, they would not have signed.

**Conspiracy - Step Three:**

97.     On July 13, 2020, ANUFRIEV, Oleg, and a Latvian attorney, Jekaterina Poznanska, appeared before a Public Notary in Riga, Latvia with an English language document entitled "Fisher Island Investment Irrevocable Trust Agreement." *See* Exhibit "G"

98.     This trust document recited that the settlor was Oleg Bourlakov and the trustee was LANDAU. *See* Exhibit "G," Preamble.

99.     The trust estate was designated as being the Fisher Island Property. *See* Exhibit "G," ¶ 2.

100.    There was a blank attachment for later signature which recited that LANDAU acknowledged receipt of the Fisher Island property as the trust estate. *See* Exhibit "G," p. 8.

101.    In this trust document, the KAZAKOVS were designated as lifetime beneficiaries in the following terms:

> *Primary Beneficiaries*. The Trustee agrees to hold the trust estate as set forth in this trust agreement for the benefit of Nikolai and Vera Kazakov, husband and wife, as tenants by the entirety (collectively, the "Primary Beneficiary") during their lifetime and for the benefit of certain other persons after their death.

> *See* Exhibit "G," ¶ 3.

102.    The trust document further provided that the KAZAKOVS' children would take any remainder of the trust corpus upon death, as follows:

*Upon Death of the Primary Beneficiary*. Upon the death of the last person comprising Primary Beneficiary the Trustee will set aside the remaining trust assets for the benefit of Primary Beneficiary's lineal descendants, per stirpes.

*See* Exhibit "G," ¶ 8.

103.   As of this date, July 13, 2020, without any conveyance of any property into the trust, the 2020 Florida Trust had not been properly constituted and was therefore a nullity.

104.   Upon information and belief, THE KAZAKOVS understood that Oleg did not intend that they truly be actual beneficiaries of the trust. He intended that they would be his nominees and act at his direction. Oleg was the true intended beneficiary.

105.   ANUFRIEV had been involved in setting up the Land Trust for the Minor Children, as detailed above, and knew that this was a step in a fraudulent scheme to steal the Property from them. However, he had decided which side his bread was buttered on and had chosen Oleg's.

**Conspiracy – Step Four:**

106.   On or about September 18, 2020, LANDAU executed a Trust Affidavit, prepared by Florentino L. Gonzalez of Shutts & Bowen, in Florida, swearing that he was the sole trustee of the 2017 Florida Land Trust, which was in full force and effect and had not been revoked, amended, or modified. *See* Exhibit "H." That much was true.

107.   However, it was not true, as LANDAU further swore in that Trust Affidavit that he had any power or authority to sell and convey the property.

108.   As all involved in the conspiracy knew, LANDAU had no power to dispose of the Land Trust assets and this latter statement in the affidavit therefore constituted the criminal offense of Perjury when Not in an Official Proceeding, contrary to Fla. Stat § 837.012.

109.   In a second affidavit of September 18, 2020, also prepared by Florentino L. Gonzalez of Shutts & Bowen, in Florida, LANDAU swore that he was the sole trustee of the 2020 Florida Trust. *See* Exhibit "I." That much was true.

110.   However, on September 18, 2020, LANDAU also executed a sworn Warranty Deed prepared by Florentino L. Gonzalez of Shutts & Bowen, in Florida, purporting to transfer the Property from himself individually and as trustee of the 2017 Florida Land Trust to himself as trustee of the 2020 Florida Trust. *See* Exhibit "J."

111.   As all involved in the conspiracy knew, this constituted: (a) a theft of property, namely the beneficial interest of the Minor Children, under Florida law, contrary to Fla. Stat § 812.014, and (b) the commission of a further offense of Perjury when Not in an Official Proceeding, contrary to Fla. Stat § 837.012.

112.   On September 18, 2020, in Florida, LANDAU signed an acknowledgement that he had received the Fisher Island Property as trustee of the 2020 Florida Trust and appended it to the trust document which Oleg and ANUFRIEV had executed and had notarized in Latvia on July 13, that year. *See* Exhibit "K."

113.   However, LANDAU lacked any power or authority to convey such property into the 2020 Florida Trust.

114.   Moreover, such property was stolen from the 2017 Florida Land Trust and good title to stolen property cannot be conveyed to one with knowledge of the illegality.

115.   The 2020 Florida Trust therefore remained incompletely constituted and a nullity.

116.   These documents, together, comprised one fraudulent chain of title.

18

**Conspiracy - Step Five:**

117.  Upon information and belief, the conspirators were unsure whether they had followed the best method of accomplishing the theft from the Minor Children.

118.  There were further actions taken by the conspirators in September and November 2020.

119.  On September 29, 2020, pursuant to the power of attorney which Oleg had fraudulently obtained from the KRUTOYS, BUTLER signed a Warranty Deed, prepared by Florentino L. Gonzalez of Shutts & Bowen, in Florida, in which he falsely swore, as attorney-in-fact for the Nominal Defendants, THE KRUTOYS, that they had good title to the Fisher Island Property and that, for good and valuable consideration, they were conveying it to LANDAU as trustee of the 2020 Florida Trust. *See* Exhibit "L."

120.  However, as all involved in the conspiracy knew, THE KRUTOYS had not owned the property for three years. They were therefore paid no consideration for the new "conveyance" in 2020.

121.  This therefore constituted the commission of the Offense of Perjury when Not in an Official Proceeding, contrary to Fla. Stat § 837.012, on the part of BUTLER and his aiders and abettors and co-conspirators.

122.  Moreover, regardless, the "conveyance" was ineffective to convey anything.

123.  In 2017, THE KRUTOYS had conveyed the property into the 2017 Florida Land Trust, all aspects of which trust and conveyance LANDAU had affirmed and ratified just days before, on September 18, 2020.

19

124.   Moreover, LANDAU had already sworn that he had purportedly conveyed the Fisher Island Property into the 2020 Florida Trust on September 18, 2020. These two sworn statements are diametrically opposed to each other. Both cannot be true. And, in fact, both are lies.

125.   In October 2020, the Shutts & Bowen law firm prepared a closing statement for the transfer of the Property to the 2020 Florida Trust. The disbursement amounts included payment for documentary stamp taxes reflecting a purported $5 million purchase price. However, there was no actual line item for a $5 million disbursement.

126.   On November 12, 2020, all the falsely sworn warranty deeds and affidavits, together with the associated powers of attorney, were simultaneously recorded with the Miami-Dade County recording office. Copies of these recorded documents are attached as Composite Exhibit "M."

127.   These documents constituted the second fraudulent chain of title.

**Conspiracy – Step 6: the Completed Theft**

128.   The effect of these actions was to cause the apparent title to the Fisher Island property, which was truly legally owned and held under the terms of the 2017 Florida Land Trust for the Minor Children, to be apparently legally owned and held under the terms of the 2020 Florida Trust.

129.   The guardians for the Minor Children did not know about these transactions in 2020. They did not give their consent and would not have given their consent to transfer the condominium unit to this 2020 Florida Trust for the benefit of the KAZAKOVS.

130.   These transactions had the effect of depriving the Minor Children of their rights to the Fisher Island property and constituted a theft in which all the Active Defendants actively assisted.

20

**Butler succeeds Landau as trustee of the 2020 Florida Trust**

131.    On March 8, 2021, by his signature on a document entitled "Appointment of Trustee," prepared by Florentino L. Gonzalez of Shutts & Bowen, in Florida, and witnessed by THE KAZAKOVS in Monaco, Oleg appointed BUTLER in place of LANDAU as Trustee of the fraudulent 2020 Florida Trust, who thereupon purported to take title to the Fisher Island Property stolen from the 2017 Florida Land Trust for the Minor Children. *See* Exhibit "N."

**Butler Sues Landau and Rousso to Recover Money for Oleg**

132.    On March 12, 2021, LANDAU and ROUSSO divorced.

133.    On April 16, 2021, BUTLER, through Shutts & Bowen, filed an action in this Court against ROUSSO, styled Thomas Butler, as Trustee of the Fisher Island Investment Irrevocable Trust v. Natalia Rousso, Case No. 2021-009203-CA-01 in which he claimed that Oleg had assigned him the right to recover funds taken by LANDAU and ROUSSO, as trustee of such claims.

134.    However, Oleg had no right to such funds which were beneficially owned by the Minor Children, and he had nothing to assign to BUTLER. The claims were therefore baseless.

135.    On December 2, 2021, the case was dismissed for failure to serve ROUSSO.

**Oleg's Death and Aftermath**

136.    On June 21, 2021, Oleg Bourlakov died of Covid-19 in Moscow, Russia, at the age of 72. This caused the Active Defendants to shift gears.

137.    Oleg had been assisted by the Active Defendants during his life in maintaining a fraud on his wife and family for his own ultimate benefit.

138.    Now, upon Oleg's death, the Active Defendants continued to maintain the fraud, but for their own ultimate benefit.

21

139.   Accordingly, the KAZAKOVS, who were never intended to be more than Oleg's nominees, pretended that they were in fact, the intended beneficiaries of the 2020 Florida Trust.

140.   BUTLER continued to render assistance to THE KAZAKOVS in maintaining the fiction by giving directions to Shutts & Bowen in the defense of this case and in the renewed action against ROUSSO identified below.

## Attempts to Export the Proceeds of Sale of the Fisher Island Property

141.   In the latter part of 2021, there were attempts by the Active Defendants to consummate the fraudulent scheme by selling the Fisher Island Property, turning it into cash and exporting the proceeds from the jurisdiction.

142.   These attempts were thwarted by the filing of this action and associated *Notice of Lis Pendens* on November 29, 2021.

## Butler Sues Landau and Rousso to Recover Money for The Kazakovs

143.   On May 20, 2022, BUTLER, through Shutts & Bowen, renewed the action in this Court against ROUSSO, styled Thomas Butler, as Trustee of the Fisher Island Investment Irrevocable Trust v. Natalia Rousso, Case No. 2022-009308-CA-01 in which he claimed that Oleg had assigned him the right to recover funds taken by LANDAU and ROUSSO, as trustee of such claims. Since Oleg is dead, this is now for the ultimate benefit of THE KAZAKOVS and ANUFRIEV.

144.   ROUSSO has listed the Turnberry Property for sale for $3,950,000 but BUTLER has so far blocked the sale by asserting a *Notice of Lis Pendens* against it.

145.   However, as alleged above, Oleg had no right or title to the funds which LANDAU stole because they were beneficially owned by the Minor Children.

22

146.    In truth, all the funds stolen, and all such other thefts as discovery may reveal, and all property traceable thereto are the property of the 2017 Florida Land Trust and are beneficially owned by the Minor Children who have the sole entitlement to assert a *Notice of Lis Pendens* against all such property.

147.    Notice is hereby given to all persons who may deal with the Turnberry Property that it represents the proceeds of crime. The Plaintiffs give notice that they intend to assert a Lis Pendens in connection with this case against such property and to intervene in the case against ROUSSO to assert their claims against BUTLER, THE KAZAKOVS and ROUSSO.

### Conditions Precedent

148.    Plaintiffs have retained undersigned counsel and are obliged to pay them a reasonable fee.

149.    All conditions precedent have been performed, waived, or otherwise satisfied.

### COUNT I
### CIVIL THEFT
### AGAINST ALL ACTIVE DEFENDANTS

Plaintiffs reallege paragraphs 1 through 149 against the Active Defendants and further allege:

150.    The equitable title, statutory beneficial title, and statutory powers of direction under the 2017 Florida Land Trust to the Property and the cash constituted "property" belonging to the Minor Children capable of being the subject of theft under the Florida Theft Act, Fla. Stat. 812.012(4).

151.    By reason of the facts alleged, Defendants committed theft of the property under Florida law in that they knowingly, and with felonious intent, obtained or used the property of the Plaintiffs with the intent of depriving them of a right to the property or a benefit from the property,

or to appropriate such to their own use or to the use of persons not entitled to the use of the property, contrary to Fla. Stat. § 812.014.

152.    By reason of the foregoing, Plaintiffs are entitled to the civil remedies set forth in Fla. Stat § 772.11, including treble damages, attorneys' fees and the expenses of this action.

153.    This remedy is cumulative to all other remedies pursuant to Fla. Stat § 772.18.

154.    All conditions precedent to this action, including statutory notice, have been complied with, waived, or have been otherwise satisfied.

155.    Trial by jury is demanded as of right.

WHEREFORE, Plaintiffs demand against the Active Defendants, three times the damage suffered, namely not less than $45 million or such other amount as the jury may determine at trial, plus interest, and such further and other relief as may appear just, including a mandatory injunction commanding the return of all Land Trust property and all other property traceable thereto, plus the attorneys' fees, costs and expenses of this action.

**COUNT II**
**CIVIL THEFT – CONSPIRACY**
**AGAINST ALL ACTIVE DEFENDANTS**

Further or alternatively, Plaintiffs reallege paragraphs 1 through 151 against the Active Defendants, and further allege:

156.    As a result of the facts alleged above, each of the Active Defendants knew that the Property and the $5 million in cash was the property of the Minor Children.

157.    They nevertheless agreed and conspired with each other to obtain or use the property with the felonious intent of depriving the Plaintiffs of a right to the property or a benefit from the property, or to appropriate such to their own use or to the use of persons not entitled to the use of the property, contrary to Fla. Stat. § 812.014.

24

158. Each Active Defendant knowingly assisted the others in such deprivation and appropriation by the commission of the overt acts detailed above and such co-conspirators are principal violators under the Theft Act pursuant to Fla. Stat. § 777.011 and are jointly and severally liable for the loss caused to the Minor Children.

159. The Plaintiffs are therefore entitled to the civil remedies set forth in Fla. Stat. § 772.11, including treble damages, attorneys' fees and the expenses of this action.

160. This remedy is cumulative to all other remedies pursuant to Fla. Stat § 772.18.

161. All conditions precedent to this action, including statutory notice, have been complied with, waived, or have been otherwise satisfied.

162. Trial by jury is demanded as of right.

WHEREFORE, Plaintiffs demand against the Active Defendants, three times the damage suffered, namely not less than $45 million or such other amount as the jury may determine at trial, plus interest, together with such further and other relief as may appear just, including a mandatory injunction commanding the return of all Land Trust property and all other property traceable thereto, plus the attorneys' fees, costs and expenses of this action.

**COUNT III**
**CIVIL THEFT - AIDING AND ABETTING**
**AGAINST ALL ACTIVE DEFENDANTS**

163. Further or alternatively, Plaintiffs reallege paragraphs 1 through 151 against the Active Defendants, and further allege:

164. Each Active Defendant rendered substantial assistance to the others in achieving the theft, knowingly and with criminal intent, and as aiders and abettors are principal violators under the Theft Act pursuant to Fla. Stat. § 777.011 and are jointly and severally liable for the loss caused to the Minor Children.

25

165. For the foregoing reasons, each of the Defendants, by aiding and abetting the commission of theft, are liable for theft by the terms of Fla. Stat. § 812.014 and Plaintiffs are entitled to the civil remedies set forth in Fla. Stat. § 772.11, including treble damages, attorneys' fees, and the expenses of this action.

166. This remedy is cumulative to all other remedies pursuant to Florida Stat § 772.18.

167. All conditions precedent to this action, including statutory notice, have been complied with, waived, or have been otherwise satisfied.

168. Trial by jury is demanded as of right.

WHEREFORE, Plaintiffs demand against the Active Defendants, three times the damage suffered, namely not less than $45 million or such other amount as the jury may determine at trial, plus interest, and such further and other relief as may appear just, including a mandatory injunction commanding the return of all Land Trust property and all other property traceable thereto plus the attorneys' fees, costs and expenses of this action.

## COUNT IV
## FRAUD
## AGAINST LANDAU

Further or alternatively, Plaintiffs reallege paragraphs 1 through 149 against Defendant, LANDAU, and further allege:

169. LANDAU was the Plaintiffs' trustee and fiduciary and as such had a positive duty to affirmatively disclose to the Plaintiffs all material events, and particularly adverse events, regarding the 2017 Land Trust.

170. LANDAU was therefore under a positive duty to affirmatively disclose all facts detailed above to the guardians for the Minor Children and particularly (a) the details of the intended and completed theft of the Fisher Island Property, (b) the looting of the cash held in the

Land Trust and (c) that the stolen cash was traceable to real estate of increasing value which was similarly subject to the terms of the 2017 Land Trust.

171.    By reason of his failure to affirmatively disclose the material, adverse facts detailed above, LANDAU committed fraud by omission against the Minor Children and thereby proximately caused them damage in excess of $15 million.

172.    The Plaintiffs reserve the right to claim punitive damages against LANDAU in due course upon the showing required by Fla. Stat. § 768.72.

173.    Trial by jury is demanded as of right.

WHEREFORE, Plaintiffs demand judgment against Defendant, LANDAU, for damages, interest, costs, and such further or other relief as the Court determines to be just and proper, including a mandatory injunction commanding the return of all Land Trust property and all other property traceable thereto.

## COUNT V
## CONSPIRACY TO DEFRAUD
## AGAINST ALL ACTIVE DEFENDANTS

Further or alternatively, Plaintiffs reallege paragraphs 1 through 149 and 169 through 171 against the Active Defendants, and further allege:

174.    LANDAU was the Plaintiffs' trustee and fiduciary and as such had a positive duty to affirmatively disclose to the Plaintiffs all material events, and particularly adverse events, regarding the 2017 Land Trust.

175.    THE KAZAKOVS, ANUFRIEV and BUTLER knew that LANDAU was the trustee under the 2017 Florida Land Trust and had such fiduciary duty to its beneficiaries and that he had the affirmative duties of disclosure detailed above which he intended to breach and did in fact breach in the multiple ways detailed above.

27

176. By reason of the matters aforesaid, Defendants agreed and conspired with LANDAU, Oleg, and each other, to defraud the Minor Children of their beneficial interest in the property of the 2017 Land Trust and thereby knowingly assisted LANDAU and each other towards that end by the commission of the overt acts detailed above and caused the Minor Children damage. Each Defendant is jointly and severally liable for the loss so caused.

177. Plaintiffs reserve the right to claim punitive damages against Defendants in due course upon the showing required by Fla. Stat. § 768.72.

178. Trial by jury is demanded as of right.

WHEREFORE, Plaintiffs demand judgment against the Active Defendants for damages, interest, costs and such further or other relief as the Court determines to be just and proper, including a mandatory injunction commanding the return of all Land Trust property and all other property traceable thereto.

**COUNT VI**
**AIDING AND ABETTING FRAUD**
**AGAINST ALL ACTIVE DEFENDANTS**

Further or alternatively, Plaintiffs reallege paragraphs 1 through 149 and 169 through 171 against the Active Defendants, and further allege:

179. LANDAU was the Plaintiffs' trustee and fiduciary and as such had a positive duty to affirmatively disclose to the Plaintiffs all material events, and particularly adverse events, regarding the 2017 Land Trust.

180. THE KAZAKOVS, ANUFRIEV and BUTLER knew that LANDAU was the trustee under the 2017 Florida Land Trust and had a fiduciary duty to its beneficiaries and that he had the affirmative duties of disclosure detailed above that he intended to breach and did in fact breach.

181. By reason of the matters aforesaid, the Defendants intentionally rendered substantial assistance to LANDAU, Oleg Bourlakov, and to each other to defraud the Plaintiffs of their beneficial interest in the property of the 2017 Land Trust and by the commission of the overt acts detailed above, caused the Plaintiffs damage.

182. Each Defendant is jointly and severally liable for the loss caused to the Plaintiffs.

183. Plaintiffs reserve the right to claim punitive damages against Defendants in due course upon the showing required by Fla. Stat. § 768.72.

184. Trial by jury is demanded as of right.

WHEREFORE, Plaintiffs demand judgment against the Active Defendants for damages, interest, costs and such further or other relief as the Court determines to be just and proper, including a mandatory injunction commanding the return of all Land Trust property and all other property traceable thereto.

## COUNT VII
## CONVERSION
## AGAINST ALL ACTIVE DEFENDANTS

Further or alternatively, Plaintiffs reallege paragraphs 1 through 149 against the Active Defendants, and further allege:

185. By reason of the matters aforesaid, Defendants wrongfully exercised dominion over the property of the Plaintiffs for their own purposes, or for the purposes of persons not entitled thereto, and thereby converted the same to the Plaintiffs' injury and damage.

186. Each Defendant is jointly and severally liable for the loss caused to the Plaintiffs.

187. Plaintiffs reserve the right to claim punitive damages against Defendants in due course upon the showing required by Fla. Stat. § 768.72.

188. Trial by jury is demanded as of right.

WHEREFORE, Plaintiffs demand judgment against the Active Defendants, for damages, interest, costs and such further or other relief as the Court determines to be just and proper, including a mandatory injunction commanding the return of all Land Trust property and all other property traceable thereto.

**COUNT VIII**
**CONVERSION – CONSPIRACY**
**AGAINST ALL ACTIVE DEFENDANTS**

Further or alternatively, Plaintiffs reallege paragraphs 1 through 149 and 185 through 186 against the Active Defendants, and further allege:

189.    By reason of the matters aforesaid, Defendants agreed and conspired with Oleg Bourlakov, and each other, to wrongfully exercise dominion over the property of the Plaintiffs for their own purposes, or for the purposes of persons not entitled thereto, and knowingly assisted Oleg Bourlakov and each other towards that end by the commission of the overt acts detailed above and thereby conspired to convert the same to the Plaintiffs' injury and damage.

190.    Each Defendant is jointly and severally liable for the loss caused to the Plaintiffs.

191.    Plaintiffs reserve the right to claim punitive damages against Defendants in due course upon the showing required by Fla. Stat. § 768.72.

192.    Trial by jury is demanded as of right.

WHEREFORE, Plaintiffs demand judgment against the Active Defendants for damages, interest, costs and such further or other relief as the Court determines to be just and proper, including a mandatory injunction commanding the return of all Land Trust property and all other property traceable thereto.

## COUNT IX
## CONVERSION – AIDING AND ABETTING
## AGAINST ALL ACTIVE DEFENDANTS

Further or alternatively, Plaintiffs reallege paragraphs 1 through 149 and 185 through 186 against the Active Defendants, and further allege:

193. By reason of the matters alleged, the Defendants intentionally rendered substantial assistance to Oleg Bourlakov and to each other to wrongfully exercise dominion over the property of the Plaintiffs for their own purposes, or for the purposes of persons not entitled thereto, and thereby aided and abetted the conversion of such property, to the Plaintiffs' injury and damage.

194. Each Defendant is jointly and severally liable for the loss caused to the Plaintiffs.

195. Plaintiffs reserve the right to claim punitive damages against Defendants in due course upon the showing required by Fla. Stat. § 768.72.

196. Trial by jury is demanded as of right.

WHEREFORE, Plaintiffs demand judgment against the Active Defendants for damages, interest, costs and such further or other relief as the Court determines to be just and proper, including a mandatory injunction commanding the return of all Land Trust property and all other property traceable thereto.

## COUNT X
## BREACH OF FIDUCIARY DUTY
## AGAINST LANDAU

Further or alternatively, Plaintiffs reallege paragraphs 1 through 149 against Defendant, LANDAU, and further allege:

197. LANDAU was the Plaintiffs' trustee and fiduciary and owed them the highest duty of care known to the law.

31

198.    As their fiduciary, LANDAU had the duty to safeguard and protect the property of the 2017 Florida Land Trust.

199.    By reason of the facts alleged, LANDAU breached his fiduciary duty to the Plaintiffs and proximately caused them damage in excess of $10 million.

200.    The Plaintiffs reserve the right to claim punitive damages against LANDAU in due course upon the showing required by Fla. Stat. § 768.72.

201.    Trial by jury is demanded as of right.

WHEREFORE, Plaintiffs demand judgment against Defendant, LANDAU, for damages, interest, costs, and such further or other relief as the Court determines to be just and proper, including a mandatory injunction commanding the return of all Land Trust property and all other property traceable thereto.

## COUNT XII
### AIDING AND ABETTING BREACH OF FIDUCIARY DUTY
### AGAINST ALL ACTIVE DEFENDANTS

Further or alternatively, Plaintiffs reallege paragraphs 1 through 149 and 197 through 199 against the Active Defendants, and further allege:

202.    LANDAU, as the Plaintiffs' trustee, owed them a fiduciary duty, which he breached as aforesaid, causing them in excess of $10 million in damages.

203.    THE KAZAKOVS, ANUFRIEV and BUTLER knew that LANDAU was the trustee under the 2017 Florida Land Trust and had a fiduciary duty to its beneficiaries.

204.    THE KAZAKOVS, ANUFRIEV and BUTLER knew that the condominium unit was properly the property of the 2017 Florida Land Trust and that neither Oleg Bourlakov, as settlor, nor LANDAU, as trustee, had any power or authority to convey it out of the 2017 Land Trust or settle it on the new trust.

32

205.   Nevertheless, THE KAZAKOVS, ANUFRIEV and BUTLER willingly assisted LANDAU in the purported disposition of the Fisher Island Property from the 2017 Florida Land Trust to the 2020 Florida Trust and therefore aided and abetted LANDAU in his breach of fiduciary duty.

206.   Plaintiffs reserve the right to claim punitive damages against such Defendants in due course upon the showing required by Fla. Stat. § 768.72.

207.   Trial by jury is demanded as of right.

WHEREFORE, Plaintiffs demand judgment against the Active Defendants for damages, interest, costs and such further or other relief as the Court determines to be just and proper, including a mandatory injunction commanding the return of all Land Trust property and all other property traceable thereto.

**COUNT XIII**
**EJECTMENT AND QUIET TITLE**
**<u>AGAINST ALL DEFENDANTS</u>**

Further or alternatively, Plaintiffs reallege paragraphs 1 through 149 against all Defendants and further allege:

208.   This claim is made pursuant to Fla. Stat. § 66.021 for ejectment and Fla. Stat. § 65.081 et seq. for an order to quiet title to Florida real estate.

209.   By reason of the facts alleged above, the real property owned by the 2017 Florida Land Trust has been wrongfully disposed of by the Active Defendants and purportedly conveyed onwards, through documents procured by the fraudulent deception of the Nominal Defendants, to the 2020 Florida Trust. Plaintiffs have filed a *Notice of Lis Pendens* against the Property

33

210.   By reason of the facts alleged above, the Turnberry property standing in the name of ROUSSO is traceable to money which was wrongfully taken from the 2017 Land Trust and is therefore as asset of the 2017 Land Trust.

211.   Upon information and belief there are persons who wrongfully occupy, or visit, and have intermittent access to both premises. They have keys to the properties and access codes and are recognized by security personnel at both premises as having a right of access and occupation.

212.   Upon information and belief, the Nominal Defendants have no objection to the orders of ejectment and quiet title sought under this Count and stand ready to execute any such documents as may be required.

213.   Jury trial is demanded as of right.

WHEREFORE, Plaintiffs demands that all persons in wrongful occupation of the properties be ejected; that they be ordered to surrender all keys and access codes in their possession; that the Court issue an order to quiet title of both properties in their favor and rectify the public real estate records; that such order include directions to all Defendants to execute all such documents and take all such actions as may be necessary to that end; together with all such other or further relief as the Court determines to be just and proper including a mandatory injunction commanding the return of all Land Trust property and property which is traceable thereto.

### <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs demand trial by jury on all issues so triable as of right.

Respectfully submitted,

Aballí Milne Kalil, P.A.
*Counsel for Plaintiffs*
One Southeast Third Avenue, Suite 2250
Miami, Florida 33131

Telephone: (305) 373-6600
Facsimile: (305) 373-7929
Email: hmilne@aballi.com
Email: ckalil@aballi.com
Email: mdeblinger@aballi.com

*/s/  Hendrik G. Milne*
Hendrik G. Milne, Esq.
Florida Bar No. 335886
Craig P. Kalil, Esq.
Florida Bar No. 607282
Matthew R.D. Deblinger, Esq.
Florida Bar No. 123525

# EXHIBIT   A

# 7471 Fisher Island Dr 2017 revocable Trust

PL-000001

# 7471 FISHER ISLAND DR 2017 REVOCABLE TRUST

THIS TRUST AGREEMENT, dated as of the _21ST_ day of _NOVEMBER_ 20_17_, entered into by and between STEVEN LANDAU, as Trustee, under 7471 FISHER ISLAND DR 2017 REVOCABLE TRUST, hereafter called the "Trustee" which designation shall include all successor trustees, and DARIA BOURLAKOVA, ANDRE BOURLAKOV, LEONID BOURLAKOV, AND GLINER BOURLAKOV, hereinafter called the "Beneficiaries", whether one or more, which designation shall include all successors in interest to any beneficiary or beneficiaries:

### WITNESSETH

WHEREAS, Oleg Bourlakov, is about to convey to the Trustee, as Trustee under this Agreement, title to the property in Dade County, Florida described on Schedule "A" attached hereto (herein called the "Property"); and,

WHEREAS, when the Trustee has taken title to that Property, or to any other property conveyed to him as Trustee under this Agreement, he will hold the title, in trust, for the uses and purposes and subject to the terms and conditions as hereinafter set forth; and,

WHEREAS, it is further the intent of Trustee to take title to the Property in accordance with the provisions of Section 689.071, Florida Statutes; and,

WHEREAS, the Trust created by this instrument shall be known for all purposes as 7471 Fisher Island Dr 2017 Revocable Trust.

NOW, THEREFORE, in consideration of the mutual premises herein contained the parties hereto agree as follows:

1. *Name of Trust.* This instrument shall be referred to as the **7471 FISHER ISLAND DR 2017 REVOCABLE TRUST.**

2. *Property.* Title to the Property shall be conveyed to the Trustee in accordance with and the rights of the parties shall be governed, to the extent applicable, by the provisions of Section 689.071, Florida Statutes. The Trustee agrees to accept the deed to the Property and to cause said deed to be recorded in the Public Records of Dade County, Florida, and to hold title to the Property for the uses and purposes herein stated. The Beneficiaries shall advance to the Trustee all monies required by the Trustee to record said deed including, but not limited to, all appropriate documentary stamp taxes. The Beneficiary may not dedicate or cause any other property to be conveyed to the Trustee under this Trust Agreement unless the Trustee consents thereto in writing. Should other property subsequently be conveyed to and held by the Trustee pursuant to this Trust Agreement, the term "Property" as used herein shall mean and refer to all property, the title to which is held by the Trustee pursuant to this Trust Agreement.

3. *Right to Occupy Homestead Property.* Notwithstanding any other provision of this instrument, Beneficiaries shall have the right to occupy, as their principal residence and as

PL-000002

homestead property, any residential real property comprising an asset of this trust. The right to occupy homestead property reserved by the beneficiaries is intended to constitute a "beneficial interest for life" which will constitute an "equitable title to real estate," as that term is employed in Section 6, Article VII, of the Florida Constitution; and to assure that the Beneficiaries shall be entitled to the homestead tax exemption pursuant to Section 196.041(2), Florida Statutes.

4. *Names, Addresses and Interests of Beneficiaries.*

      a.     The following are the Beneficiaries of this Trust, and as such shall be entitled to all of the earnings, avails and proceeds of the trust property according to the percentage interest set forth opposite their names:

| NAME OF BENEFICIARY | INTEREST IN TRUST |
| --- | --- |
| Daria Bourlakova | 25% |
| Andre Bourlakov | 25% |
| Leonid Bourlakov | 25% |
| Gliner Bourlakov | 25% |

      b.     The interest of the Beneficiary shall consist of the following rights respecting the trust property:

        i.  Power to direct the Trustee to deal with title to the Property, which power shall include, but is not limited to, directions to the Trustee to execute deeds, leases, mortgages, promissory notes and all other instruments relating to the Property, provided, however, as set forth in paragraphs 12 and 22 of this Trust Agreement, the Trustee shall have no individual liability whatsoever nor shall the Trustee be required to furnish any warranties that would result in any individual liability in regard to the execution of any such instruments.

        ii.  Power to manage, possess, use and control the Property.

        iii.  Right to receive the earnings, avails and proceeds from leases and other uses and from mortgages, sales and other dispositions of the Property.

        iv.  Enjoyment of all rights and privileges regarding the Property as if the Beneficiaries were the legal and equitable owner of the Property.

      c.     Such rights and powers, as well as the interests of the Beneficiaries under this Trust Agreement, shall be real property. The Beneficiaries shall not have any rights, titles or interests in or to any portion of the legal or equitable title to the Property except as provided by

3 of 12

PL-000003

Paragraph 3 of this Trust Agreement. If the Beneficiaries are human beings, the death of any of the shall not terminate this Trust Agreement or the trust created hereby or affect the rights or powers of the Trustee or of the Beneficiaries except as provided by law and the interest of the Beneficiaries of this Trust Agreement.

5. *Obligation of Trustee with Respect to Property*. The Trustee shall have no obligation to file any income, profit or other tax reports or returns or pay such or any other taxes relating to the Property, provided, however, that the Trustee shall have the right but not the obligation to file any tax return or pay taxes relating to the Property which it, in its absolute discretion, deems should be filed by it, and in such event the Beneficiary will cooperate with the Trustee in providing such information as is necessary to the proper and correct preparation of such return and the Beneficiary shall promptly pay to the Trustee the amount of said taxes as set forth in paragraph 12 hereof. The Beneficiary shall make all returns and reports and pay all real estate and all other taxes or charges payable with respect to the Property and to the earnings, avails and proceeds of the Property or based on his interest under this Trust Agreement.

6. *Objects and Purposes of Trust*. The objects and purposes of this Trust shall be to hold title to the Property until its sale or other disposition or liquidation or until the expiration of this Trust Agreement as provided in paragraph 20 hereof. The Trustee shall not manage or operate the Property nor undertake any other activity not strictly necessary to the attainment of the foregoing objects and purposes; nor shall the Trustee transact business of any kind with respect to the Property within the meaning of Chapter 609 of the Florida Statutes, or any other law; nor shall this Agreement be deemed to be, or create or evidence the existence of a corporation, *de facto* or *de jure*, or a Massachusetts Trust, or any other type of business trust, or an association in the nature of a corporation, or a co-partnership or joint venture by or between the Trustee and the Beneficiary, or by or between the Beneficiaries, if there be more than one.

7. *Beneficiary Manages and Operates Trust Property*. The Beneficiaries shall have the sole possession, management and control of the selling, renting, repairing, maintaining and handling of the Property and the Trustee shall have no right or duty in respect to such matters. The Beneficiaries shall and do hereby indemnify and hold the Trustee harmless from and against all expenses, including attorney's fees, obligations and liabilities which the Trustee may incur or become liable for by virtue of the Beneficiaries performing the matters set forth herein or by virtue of the fact that the Trustee holds legal title to the Property. The Beneficiaries shall have the right to execute leases and collect rents in its own name or through its agents. The Beneficiaries are not the agent of the Trustee for any purpose whatsoever and does not have any authority whatsoever to contract or to execute leases or to do any other act or in the name of the Trustee or to obligate the Trustee personally or as Trustee.

8. *Protection of Third Parties Dealing with Trustee*. No party dealing with the Trustee in relation to the Property in any manner whatsoever, and (without limiting the foregoing) no party to whom the Property or any part of it or any interest in it shall be conveyed, contracted or sold, leased or mortgaged by the Trustee, shall be obliged (a) to see to the application of any purchase money, rent or money borrowed or otherwise advanced on the Property, (b) to see that the terms of this Trust Agreement have been complied with, (c) to inquire into the authority, necessity or expediency of any act of the Trustee or (d) be privileged to inquire into any of the terms of this

PL-000004

Trust Agreement. Every deed, mortgage, lease or other instrument executed by the Trustee in relation to the Property shall be conclusive evidence in favor of every person claiming any right, title or interest under the Trust (a) that at the time of its delivery the Trust created under this Agreement was in full force and effect; (b) that instrument was executed in accordance with the terms and conditions of this Agreement and all its amendments, if any, and is binding upon all Beneficiaries under it; (c) that the Trustee was duly authorized and empowered to execute and deliver each such instrument; (d) if a conveyance has been made to a successor or successors in trust, that the successor or successors have been appointed properly and are vested fully with all the title, estate, rights, powers, duties and obligations of its, his or their predecessor in trust.

9. *Trust Agreement Not to be Recorded.* This Agreement shall not be placed on record in the county in which the trust property is situated, or elsewhere, but if it is so recorded, that recording shall not be considered as notice of the rights of any person under this Agreement derogatory to the title or powers of the Trustee.

10. *Beneficiary Cannot Bind Trustee or Other Beneficiary.* No Beneficiary shall have the authority to contract for or in the name of the Trustee or any other Beneficiaries or to bind the Trustee or any other Beneficiaries personally.

11. *Forbidding Use of Name of Trustee for Publicity.* The name of the Trustee shall not be used by the Beneficiaries in connection with any advertising or other publicity whatsoever without the written consent of the Trustee.

12. *Trustee Responsibility to Make Advances or Incur or Pay Expenses.* The Trustee shall have the right, but not the duty, to make any advances or incur or pay any expenses on account of this Trust Agreement or the Property. If the Trustee shall make any such advances or incur or pay any such expenses on account of this Trust Agreement of the Property, or shall incur any expenses by reason of being a party to any litigation in connection with this Trust Agreement or the Property, or if the Trustee shall be compelled to pay money on account of this Trust Agreement or the Property, whether for breach of contract, injury to person or property, taxes of any kind, fines or penalties under any law, or otherwise, in any manner under this Trust Agreement as set forth in paragraph 22 (provided, however, the Trustee shall not be individually liable in any manner under this Trust Agreement as set forth in paragraph 22 hereof) the Beneficiaries, on demand by the Trustee, shall pay to the Trustee, with interest at the highest rate permitted by law, the amount of all such expenses, advances or payments made by the Trustee, plus all its expenses, including attorneys' fees, incurred by the Trustee in said matters, including attorneys' fees for appeals. The Trustee shall have the right, but not the duty, to employ and consult with attorneys regarding this Trust Agreement and the Property, and any and all costs and expenses incurred by the Trustee by virtue of said employment and consultation shall be deemed to be an advance or expense made or incurred by the Trustee under this paragraph to be paid by the Beneficiaries on demand. Any other monies expended by the Trustee under any other provision of this Trust Agreement shall also be deemed to be an advance made by the Trustee under this paragraph 12. The Beneficiary further agrees to indemnify and hold the Trustee harmless of and from any and all expenses, including but not limited to, all costs and attorneys' fees, advances, payments or liabilities incurred by it for any reason whatsoever as a result of this Trust Agreement or the Trustee holding legal title to the Property under this Trust Agreement.

5 of 12

PL-000005

The Trustee shall not be obliged to convey, transfer or otherwise deal with the Property or any part of it or to follow any instructions of the Beneficiaries unless and until all of the payments, advances and expenses made or incurred or paid by the Trustee on account of this Trust Agreement or the Property shall have been paid, with interest at the rate set forth herein. Further, after making written demand on the Beneficiaries to pay to the Trustee all payments, advances and expenses made or incurred by the Trustee on account of this Trust Agreement or the Property, the Trustee shall be entitled to and shall have a lien on the Property to secure all such payments, advances and expenses, together with interest thereon at the rate set forth herein and all costs and expenses, including attorney's fees, which the Trustee may incur or become liable for in collecting said amounts from the Beneficiaries.

13. *Trustee Responsibility with Respect to Legal Proceedings*. The Trustee shall be under no duty to take any action, to pay any money or to incur any expenses in regard to any legal proceeding involving this Trust Agreement or the Property unless it shall elect, in its absolute discretion, to do so and be furnished with sufficient funds or be indemnified to its satisfaction by the Beneficiaries. If the Trustee is served with process or notice of legal proceedings or of any other matters concerning this Trust Agreement or the Property, the sole duty of the Trustee shall be to forward the process or notice to the Beneficiaries as provided in paragraph 30 hereof; in such case, the Beneficiary may defend said action in the name of the Trustee with counsel reasonably acceptable to the Trustee provided, however, the Trustee may at any time resign as such under this Trust Agreement or personally appear in said proceeding.

14. *Resignation or Death of Trustee*. The Trustee may resign at any time by giving written notice of such intention to resign to the Beneficiary. The resignation shall become effective after the Trustee shall have executed any and all documents furnished to the Trustee by the Beneficiary and satisfactory to the Trustee for execution, which documents shall be for the purpose of conveying to any successor trustee all existing rights of Trustee under this Trust Agreement and title to the Property provided, however, that in all events said resignation shall become effective no later than thirty (30) days after notice of resignation has been delivered to the Beneficiary. If the Trustee is advised in writing by the Beneficiary as to who the successor trustee is to be, the Trustee has the right, but not the duty, to prepare, execute, deliver and/or record any and all documents which are necessary in the absolute discretion of the Trustee to convey or transfer title to the Property to such successor trustee. If notice of the successor trustee is not given to the Trustee in writing within twenty (20) days after notice of resignation has been delivered to the Beneficiary or if the Beneficiary fails to furnish documents satisfactory to the Trustee for execution within twenty (20) days after notice of resignation has been delivered to the Beneficiary, the Trustee may convey title to the Property to the Beneficiary (and if more than one then in accordance with the respective interests of the Beneficiary as set forth in paragraph 25 of this Trust Agreement), and the deed of conveyance may be recorded by the Trustee. Notwithstanding the resignation by the Trustee as provided herein, the Beneficiary shall upon such resignation immediately pay to the Trustee all payments, advances or expenses made or incurred by the Trustee in regard to this Trust Agreement or the Property and the Trustee shall continue to have a lien on the Property to secure the payment of such sums as set forth in paragraph 12, which lien the Trustee may evidence by causing to be recorded in the Public Records of Dade County, Florida, a notice of lien specifying the amount of monies owed to it by the Beneficiary. The Trustee may thereafter enforce its lien against the Property by appropriate

6 of 12

PL-000006

judicial proceeding and, in said proceeding, the Trustee shall be entitled to recover from the Beneficiary, and the same shall be a lien on the Property, all its costs and expenses, including attorneys' fees, in such proceeding. In the event that the Trustee is an individual and not a corporation, then, upon the death of the Trustee, the successor trustee shall be the following:

<u>MERCEDES GARCIA</u>

The recording in the public records of Dade County, Florida, of a death certificate for any trustee under this Trust Agreement shall be deemed to be a conveyance of title to the Property to the successor Trustee.

15. *Amendment of Trust Agreement.* This Agreement contains the entire understanding between the parties and may be amended, revoked or terminated only by a written agreement signed by the Trustee and the Beneficiaries.

16. *Florida Law Governs.* This Agreement shall be construed in accordance with the Laws of the State of Florida.

17. *Notices.* Any notice required to be given by the terms of this Agreement or by any applicable law by either party shall be in writing and shall be either hand delivered or sent by certified or registered mail, return receipt requested. Each written notice shall be addressed as follows:

If to Trustee: 601 PALM DR.
HALLANDALE BEACH, FL 33009

If to Beneficiaries: 38 POST ROAD
TORONTO, CANADA M3B1H8

Either party may, by subsequent written notice, designate a different address for receiving notice.

18. *Certified Copies Satisfactory Evidence.* Copies of this Agreement or any amendment to it, certified by the Trustee to be true and correct, shall be satisfactory evidence of such Agreement for all purposes.

19. *Successors Bound by this Agreement.* The terms and conditions of this Agreement shall inure to the benefit of and be binding upon any successor trustee under it, as well as upon the personal representatives, administrators, heirs, assigns and all other successors in interest of the Beneficiaries. Every successor trustee shall become fully vested with all the title, estate, rights, powers, trusts and shall be subject to the duties and obligations of its predecessor under this Trust Agreement. The term Trustee shall thereafter mean and refer to said successor trustee.

20. *Term.* The term of this Trust Agreement shall be for a period of twenty-one (21) years from the date of this Trust Agreement, unless sooner terminated as otherwise provided in this

PL-000007

Trust Agreement. Upon expiration of this Trust Agreement the Trustee shall convey the Property to the Beneficiaries.

21. *Trustee Acts Only on Written Authorization*. It is agreed by the parties hereto that the Trustee will deal with the Property including cash or other assets of any kind, which may become subject to this Trust Agreement only when authorized and directed to do so in writing by the Beneficiaries. On the written direction of the Beneficiaries, the Trustee shall execute deeds for, or mortgages or trust deeds (which may include a waiver of the right of redemption from sale under an order or decree of foreclosure) or execute leases all in regard to the Property or otherwise deal with the title to the Property including cash or other assets subject to this Trust Agreement, provided, however, that in regard to all documents to be executed by the Trustee, said documents shall be prepared by the Beneficiaries and furnished to the Trustee with written direction by the Beneficiaries to execute and redeliver to the Beneficiaries or to any third person or persons. The Trustee shall not under any circumstances by obligated to execute any instrument which may, in the opinion of the Trustee, result in personal liability to the Trustee and rather than executing any instruments under this paragraph, the Trustee may resign as Trustee under this Trust Agreement as provided in paragraph 14 and, in the event the Trustee so resigns, the Trustee shall be under no duty to execute any instruments other than instruments provided in paragraph 14 regarding conveyance of title to the Property. The Trustee shall not be required to inquire into the propriety of any written direction by the Beneficiaries or the authority of the person signing said direction. To the extent the Trustee follows any written direction received from the Beneficiaries including, but not limited to, the execution by the Trustee in accordance with written direction of the Beneficiaries of any deed or other instrument relating to the Property and delivery of said deed or other instrument in accordance with said written instructions, the Trustee shall have no duty, liability or obligation whatsoever and the Beneficiaries shall indemnify and hold the Trustee harmless from and against all claims, demands, costs and expenses, including attorneys' fees, losses, liabilities and obligations which the Trustee may pay, incur or sustain by virtue of the Trustee following said written instructions.

22. *Trustee Not Individually Liable*. The Trustee shall have no individual liability or obligation whatsoever arising from its ownership of or holding legal title to the Property, or with respect to any act done or contract entered into or indebtedness incurred by it in dealing with the Property or in otherwise acting under this Trust Agreement upon the direction of the Beneficiaries except only so far as the Property and any trust funds in the actual possession of the Trustee shall be applicable to the payment and discharge of such liability or obligation. By way of illustration and not by way of limitation, the Trustee shall be under no duty whatsoever to execute or enter into any instrument or agreement which does not contain language acceptable to the Trustee providing that the Trustee shall have no personal liability whatsoever and that the liability of the Trustee shall be limited solely to any property that the Trustee holds under this Trust Agreement.

23. *Disclosure of Interests*. The Trustee shall not, without the prior written consent of the Beneficiaries, disclose to any person this Trust Agreement or the Beneficiaries for whom the Trustee holds title to the Property hereunder, unless compelled to do so by legal process. The Trustee shall not however be responsible under this paragraph for any inadvertent disclosures made by it.

PL-000008

24. *Trustee Not Required to Give Warranty*. The Trustee shall not be required to execute any instrument containing covenants of warranty.

25. *No Third-Party Beneficiary*. This Trust Agreement is solely for the benefit of the parties hereto and no person or persons not a part to this Trust Agreement shall have any rights or privileges under this Trust Agreement either as a third-party beneficiary or otherwise.

26. *Revocation and Amendment*. The Beneficiaries may, at any time, by written instrument delivered to the Trustee revoke, or with the consent of the Trustee, amend this Trust Agreement. In the case of revocation, the Trustee shall convey title to the Property in accordance with the procedures set forth in paragraph 14 of this Trust Agreement and, in the case of amendment, the Beneficiaries shall furnish to the Trustee the written form of said amendment as executed by the Beneficiaries. Upon the execution of said amendment by the Trustee, said amendment shall be considered to be an amendment to this Trust Agreement.

27. *Residency of Trustee*. The Trustee(s) represent that they are a resident of and domiciled in Florida in the United States of America.

28. *Assignment of Beneficial Interest*. The Beneficiaries may not assign any or all of its interest as Beneficiaries under this Trust Agreement unless and until both of the following two (2) conditions have been met:

a.     The original or executed duplicate of an assignment subscribed in the presence of two witnesses is delivered to the Trustee and the Trustee has accepted in writing said assignment provided, however, that the Trustee shall be under no duty or obligation whatsoever to so accept any assignment, and the Trustee may in its absolute discretion determine whether or not to accept said assignment and may in its discretion reject said assignment; and

b.     The assignee of any beneficial interest agrees in writing to be bound by all the duties and obligations of the Beneficiaries under this Trust Agreement including, but not limited to, the duty and obligation to pay to the Trustee all advances and expenses set forth in paragraph 12.

Upon the acceptance by the Trustee of an assignment as set forth in subparagraphs (a) and (b) hereof, the Beneficiaries so assigning their interest under this Trust Agreement shall have no further liability or obligation under this Trust Agreement but only for any acts of the Trustee taken or performed after the acceptance by the Trustee of said assignment provided said assignment conveys the entire interest of said assigning Beneficiaries under this Trust Agreement. The Beneficiaries shall continue to be liable for matters occurring prior to the acceptance by the Trustee of said Assignment. Every assignment of any beneficial interest, the original or duplicates of which shall not have been delivered to and accepted by the Trustee in writing, shall be wholly ineffective as to the Trustee and all subsequent assignees or purchasers without notice. Although the death of the Beneficiary (or any one of the persons contained in the term Beneficiary if more than one person signs this Trust Agreement as the Beneficiary) shall

9 of 12

PL-000009

not be deemed an assignment of the interest of the Beneficiary under this paragraph (as set forth in paragraph 2 hereof), any assignment of said interest by the personal representative of the Beneficiaries shall be deemed to be an assignment under this paragraph 29 subject to required acceptance by the Trustee.

29. *Inquiries*. Written inquiries, legal and other notices, tax statements and all other documents and writings received by the Trustee and relating to this Trust Agreement or the Property shall be sent and forwarded within a reasonable time after receipt by the Trustee to the Beneficiaries.

30. *Miscellaneous*. The captions for the paragraphs contained herein are solely for the convenience of the parties and do not, in themselves, have any legal significance. Time is of the essence of this Trust Agreement. In this Trust Agreement, the plural includes the singular and, vise versa, and masculine, feminine and neuter pronouns and the words "Trustee" and "Beneficiary" shall each include all genders. This Trust Agreement constitutes the complete agreement between the parties hereto and there are no representations, agreement or understandings other than as set forth herein.

IN WITNESS WHEREOF, the Trustee and Beneficiaries have executed this Agreement the day and year first written above.

*********************SIGNATURE PAGE TO FOLLOW*********************

PL-000010

Trustee:

_____
Steven Landau, as Trustee

_____
Signature of Witness

Nima Ajabshir
Printed Name of Witness

_____
Signature of Witness

Joshua Estevez
Printed Name of Witness

STATE OF Florida                    )
COUNTY OF Broward                   )

    I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the State aforesaid and in the county aforesaid, to take acknowledgments, personally appeared STEVEN LANDAU, who is personally known to me and who executed the foregoing instrument and he acknowledged before me that he executed the same.

WITNESS my hand and official seal in the County and State last aforesaid this 21st day of November, 2017.

_____
Printed Name: BURTON LANDAU
Notary Public
My Commission Expires: 08/22/2020



BURTON F. LANDAU
MY COMMISSION # GG 023294
EXPIRES: August 22, 2020
Bonded Thru Notary Public Underwriters

11 of 12

PL-000011

## SCHEDULE "A"

**Property:**              7471 Fisher Island Drive
Miami, FL 33109
Property Identification Number: 30-4210-015-0070

PL-000012

# EXHIBIT   B

**Subject:** Fwd: Executed Trust
**From:** <bimmerboysteve@aol.com>
**Sent:** Tue, 21 Nov 2017 14:42:49 +0000
**To:** <semen@hermitage-fo.com>
Executed Trust- 7471 Fisher Island Dr 2017 Revocable Trust.pdf

Please call me when you receive this email.

Best Regards,


Steven Landau

Beachfront Realty, Inc.
Tel: (305) 490-1200


-----Original Message-----
From: Burton Landau <burton@southfloridalawpllc.com>
To: Steven Landau <bimmerboysteve@aol.com>; Nima Ajabshir <nima@southfloridalawpllc.com>
Sent: Tue, Nov 21, 2017 9:36 am
Subject: Executed Trust

Please see attached

--

Respectfully,

# Burton Landau, Esq., MBA

Founding Partner
1920 E. Hallandale Beach Blvd., Ste. 900
Hallandale, FL 33009
Office: (954) 900-8885 ext. 0
Fax: (954) 900-8886
Burton@southfloridalawpllc.com



South Florida Law, PLLC may be collecting information pertaining to the collection of a debt. Any information collected for this purpose will be used solely for that purpose. This e-mail contains information from South Florida Law, PLLC that may be confidential, privileged, and exempt from disclosure under applicable law. The information is intended only for use by the person or entity to which it is addressed. If you are not the intended recipient of this message, you are hereby notified that any review, dissemination, distribution or copying of this message and any attachments thereto, is strictly prohibited. If you have received this message in error, please notify us immediately by telephone at 954-900-8885.

PL-000235

# 7471 FISHER ISLAND DR 2017 REVOCABLE TRUST

PL-000236

# 7471 FISHER ISLAND DR 2017 REVOCABLE TRUST

THIS TRUST AGREEMENT, dated as of the _2¹ˢᵗ_day of _November_ 20_17_. entered into by and between **STEVEN LANDAU**, as Trustee, under **7471 FISHER ISLAND DR 2017 REVOCABLE TRUST**, hereafter called the "Trustee" which designation shall include all successor trustees, and **DARIA BOURLAKOVA, ANDRE BOURLAKOV, LEONID BOURLAKOV, AND GLINER BOURLAKOV**, hereinafter called the "Beneficiaries", whether one or more, which designation shall include all successors in interest to any beneficiary or beneficiaries:

## WITNESSETH

WHEREAS, Oleg Bourlakov, is about to convey to the Trustee, as Trustee under this Agreement, title to the property in Dade County, Florida described on Schedule "A" attached hereto (herein called the "Property"); and,

WHEREAS, when the Trustee has taken title to that Property, or to any other property conveyed to him as Trustee under this Agreement, he will hold the title, in trust, for the uses and purposes and subject to the terms and conditions as hereinafter set forth; and,

WHEREAS, it is further the intent of Trustee to take title to the Property in accordance with the provisions of Section 689.071, Florida Statutes; and,

WHEREAS, the Trust created by this instrument shall be known for all purposes as 7471 Fisher Island Dr 2017 Revocable Trust.

NOW, THEREFORE, in consideration of the mutual premises herein contained the parties hereto agree as follows:

1. *Name of Trust.* This instrument shall be referred to as the **7471 FISHER ISLAND DR 2017 REVOCABLE TRUST**.

2. *Property.* Title to the Property shall be conveyed to the Trustee in accordance with and the rights of the parties shall be governed, to the extent applicable, by the provisions of Section 689.071, Florida Statutes. The Trustee agrees to accept the deed to the Property and to cause said deed to be recorded in the Public Records of Dade County, Florida, and to hold title to the Property for the uses and purposes herein stated. The Beneficiaries shall advance to the Trustee all monies required by the Trustee to record said deed including, but not limited to, all appropriate documentary stamp taxes. The Beneficiary may not dedicate or cause any other property to be conveyed to the Trustee under this Trust Agreement unless the Trustee consents thereto in writing. Should other property subsequently be conveyed to and held by the Trustee pursuant to this Trust Agreement, the term "Property" as used herein shall mean and refer to all property, the title to which is held by the Trustee pursuant to this Trust Agreement.

3. *Right to Occupy Homestead Property.* Notwithstanding any other provision of this instrument, Beneficiaries shall have the right to occupy, as their principal residence and as

2 of 12

PL-000237

homestead property, any residential real property comprising an asset of this trust. The right to occupy homestead property reserved by the beneficiaries is intended to constitute a "beneficial interest for life" which will constitute an "equitable title to real estate," as that term is employed in Section 6, Article VII, of the Florida Constitution; and to assure that the Beneficiaries shall be entitled to the homestead tax exemption pursuant to Section 196.041(2), Florida Statutes.

4. *Names, Addresses and Interests of Beneficiaries.*

a.    The following are the Beneficiaries of this Trust, and as such shall be entitled to all of the earnings, avails and proceeds of the trust property according to the percentage interest set forth opposite their names:

NAME OF BENEFICIARY                                              INTEREST IN TRUST

**Daria Bourlakova..** ........................................................................... **25%**

**Andre Bourlakov** ............................................................................ **25%**

**Leonid Bourlakov** ........................................................................... **25%**

**Gliner Bourlakov** ............................................................................ **25%**

b.    The interest of the Beneficiary shall consist of the following rights respecting the trust property:

i.    Power to direct the Trustee to deal with title to the Property, which power shall include, but is not limited to, directions to the Trustee to execute deeds, leases, mortgages, promissory notes and all other instruments relating to the Property, provided, however, as set forth in paragraphs 12 and 22 of this Trust Agreement, the Trustee shall have no individual liability whatsoever nor shall the Trustee be required to furnish any warranties that would result in any individual liability in regard to the execution of any such instruments.

ii.    Power to manage, possess, use and control the Property.

iii.    Right to receive the earnings, avails and proceeds from leases and other uses and from mortgages, sales and other dispositions of the Property.

iv.    Enjoyment of all rights and privileges regarding the Property as if the Beneficiaries were the legal and equitable owner of the Property.

c.    Such rights and powers, as well as the interests of the Beneficiaries under this Trust Agreement, shall be real property. The Beneficiaries shall not have any rights, titles or interests in or to any portion of the legal or equitable title to the Property except as provided by

3 of 12

PL-000238

Paragraph 3 of this Trust Agreement. If the Beneficiaries are human beings, the death of any of the shall not terminate this Trust Agreement or the trust created hereby or affect the rights or powers of the Trustee or of the Beneficiaries except as provided by law and the interest of the Beneficiaries of this Trust Agreement.

5. *Obligation of Trustee with Respect to Property.* The Trustee shall have no obligation to file any income, profit or other tax reports or returns or pay such or any other taxes relating to the Property, provided, however, that the Trustee shall have the right but not the obligation to file any tax return or pay taxes relating to the Property which it, in its absolute discretion, deems should be filed by it, and in such event the Beneficiary will cooperate with the Trustee in providing such information as is necessary to the proper and correct preparation of such return and the Beneficiary shall promptly pay to the Trustee the amount of said taxes as set forth in paragraph 12 hereof. The Beneficiary shall make all returns and reports and pay all real estate and all other taxes or charges payable with respect to the Property and to the earnings, avails and proceeds of the Property or based on his interest under this Trust Agreement.

6. *Objects and Purposes of Trust.* The objects and purposes of this Trust shall be to hold title to the Property until its sale or other disposition or liquidation or until the expiration of this Trust Agreement as provided in paragraph 20 hereof. The Trustee shall not manage or operate the Property nor undertake any other activity not strictly necessary to the attainment of the foregoing objects and purposes; nor shall the Trustee transact business of any kind with respect to the Property within the meaning of Chapter 609 of the Florida Statutes, or any other law; nor shall this Agreement be deemed to be, or create or evidence the existence of a corporation, *de facto* or *de jure*, or a Massachusetts Trust, or any other type of business trust, or an association in the nature of a corporation, or a co-partnership or joint venture by or between the Trustee and the Beneficiary, or by or between the Beneficiaries, if there be more than one.

7. *Beneficiary Manages and Operates Trust Property.* The Beneficiaries shall have the sole possession, management and control of the selling, renting, repairing, maintaining and handling of the Property and the Trustee shall have no right or duty in respect to such matters. The Beneficiaries shall and do hereby indemnify and hold the Trustee harmless from and against all expenses, including attorney's fees, obligations and liabilities which the Trustee may incur or become liable for by virtue of the Beneficiaries performing the matters set forth herein or by virtue of the fact that the Trustee holds legal title to the Property. The Beneficiaries shall have the right to execute leases and collect rents in its own name or through its agents. The Beneficiaries are not the agent of the Trustee for any purpose whatsoever and does not have any authority whatsoever to contract or to execute leases or to do any other act or in the name of the Trustee or to obligate the Trustee personally or as Trustee.

8. *Protection of Third Parties Dealing with Trustee.* No party dealing with the Trustee in relation to the Property in any manner whatsoever, and (without limiting the foregoing) no party to whom the Property or any part of it or any interest in it shall be conveyed, contracted or sold, leased or mortgaged by the Trustee, shall be obliged (a) to see to the application of any purchase money, rent or money borrowed or otherwise advanced on the Property, (b) to see that the terms of this Trust Agreement have been complied with, (c) to inquire into the authority, necessity or expediency of any act of the Trustee or (d) be privileged to inquire into any of the terms of this

PL-000239

Trust Agreement. Every deed, mortgage, lease or other instrument executed by the Trustee in relation to the Property shall be conclusive evidence in favor of every person claiming any right, title or interest under the Trust (a) that at the time of its delivery the Trust created under this Agreement was in full force and effect; (b) that instrument was executed in accordance with the terms and conditions of this Agreement and all its amendments, if any, and is binding upon all Beneficiaries under it; (c) that the Trustee was duly authorized and empowered to execute and deliver each such instrument; (d) if a conveyance has been made to a successor or successors in trust, that the successor or successors have been appointed properly and are vested fully with all the title, estate, rights, powers, duties and obligations of its, his or their predecessor in trust.

9. *Trust Agreement Not to be Recorded*. This Agreement shall not be placed on record in the county in which the trust property is situated, or elsewhere, but if it is so recorded, that recording shall not be considered as notice of the rights of any person under this Agreement derogatory to the title or powers of the Trustee.

10. *Beneficiary Cannot Bind Trustee or Other Beneficiary*. No Beneficiary shall have the authority to contract for or in the name of the Trustee or any other Beneficiaries or to bind the Trustee or any other Beneficiaries personally.

11. *Forbidding Use of Name of Trustee for Publicity*. The name of the Trustee shall not be used by the Beneficiaries in connection with any advertising or other publicity whatsoever without the written consent of the Trustee.

12. *Trustee Responsibility to Make Advances or Incur or Pay Expenses*. The Trustee shall have the right, but not the duty, to make any advances or incur or pay any expenses on account of this Trust Agreement or the Property. If the Trustee shall make any such advances or incur or pay any such expenses on account of this Trust Agreement of the Property, or shall incur any expenses by reason of being a party to any litigation in connection with this Trust Agreement or the Property, or if the Trustee shall be compelled to pay money on account of this Trust Agreement or the Property, whether for breach of contract, injury to person or property, taxes of any kind, fines or penalties under any law, or otherwise, in any manner under this Trust Agreement as set forth in paragraph 22 (provided, however, the Trustee shall not be individually liable in any manner under this Trust Agreement as set forth in paragraph 22 hereof) the Beneficiaries, on demand by the Trustee, shall pay to the Trustee, with interest at the highest rate permitted by law, the amount of all such expenses, advances or payments made by the Trustee, plus all its expenses, including attorneys' fees, incurred by the Trustee in said matters, including attorneys' fees for appeals. The Trustee shall have the right, but not the duty, to employ and consult with attorneys regarding this Trust Agreement and the Property, and any and all costs and expenses incurred by the Trustee by virtue of said employment and consultation shall be deemed to be an advance or expense made or incurred by the Trustee under this paragraph to be paid by the Beneficiaries on demand. Any other monies expended by the Trustee under any other provision of this Trust Agreement shall also be deemed to be an advance made by the Trustee under this paragraph 12. The Beneficiary further agrees to indemnify and hold the Trustee harmless of and from any and all expenses, including but not limited to, all costs and attorneys' fees, advances, payments or liabilities incurred by it for any reason whatsoever as a result of this Trust Agreement or the Trustee holding legal title to the Property under this Trust Agreement.

PL-000240

The Trustee shall not be obliged to convey, transfer or otherwise deal with the Property or any part of it or to follow any instructions of the Beneficiaries unless and until all of the payments. advances and expenses made or incurred or paid by the Trustee on account of this Trust Agreement or the Property shall have been paid, with interest at the rate set forth herein. Further. after making written demand on the Beneficiaries to pay to the Trustee all payments. advances and expenses made or incurred by the Trustee on account of this Trust Agreement or the Property. the Trustee shall be entitled to and shall have a lien on the Property to secure all such payments, advances and expenses, together with interest thereon at the rate set forth herein and all costs and expenses, including attorney's fees, which the Trustee may incur or become liable for in collecting said amounts from the Beneficiaries.

13. ***Trustee Responsibility with Respect to Legal Proceedings***. The Trustee shall be under no duty to take any action, to pay any money or to incur any expenses in regard to any legal proceeding involving this Trust Agreement or the Property unless it shall elect. in its absolute discretion. to do so and be furnished with sufficient funds or be indemnified to its satisfaction by the Beneficiaries. If the Trustee is served with process or notice of legal proceedings or of any other matters concerning this Trust Agreement or the Property, the sole duty of the Trustee shall be to forward the process or notice to the Beneficiaries as provided in paragraph 30 hereof; in such case. the Beneficiary may defend said action in the name of the Trustee with counsel reasonably acceptable to the Trustee provided, however, the Trustee may at any time resign as such under this Trust Agreement or personally appear in said proceeding.

14. ***Resignation or Death of Trustee***. The Trustee may resign at any time by giving written notice of such intention to resign to the Beneficiary. The resignation shall become effective after the Trustee shall have executed any and all documents furnished to the Trustee by the Beneficiary and satisfactory to the Trustee for execution. which documents shall be for the purpose of conveying to any successor trustee all existing rights of Trustee under this Trust Agreement and title to the Property provided, however, that in all events said resignation shall become effective no later than thirty (30) days after notice of resignation has been delivered to the Beneficiary. If the Trustee is advised in writing by the Beneficiary as to who the successor trustee is to be. the Trustee has the right, but not the duty. to prepare, execute, deliver and/or record any and all documents which are necessary in the absolute discretion of the Trustee to convey or transfer title to the Property to such successor trustee. If notice of the successor trustee is not given to the Trustee in writing within twenty (20) days after notice of resignation has been delivered to the Beneficiary or if the Beneficiary fails to furnish documents satisfactory to the Trustee for execution within twenty (20) days after notice of resignation has been delivered to the Beneficiary, the Trustee may convey title to the Property to the Beneficiary (and if more than one then in accordance with the respective interests of the Beneficiary as set forth in paragraph 25 of this Trust Agreement), and the deed of conveyance may be recorded by the Trustee. Notwithstanding the resignation by the Trustee as provided herein, the Beneficiary shall upon such resignation immediately pay to the Trustee all payments. advances or expenses made or incurred by the Trustee in regard to this Trust Agreement or the Property and the Trustee shall continue to have a lien on the Property to secure the payment of such sums as set forth in paragraph 12, which lien the Trustee may evidence by causing to be recorded in the Public Records of Dade County, Florida, a notice of lien specifying the amount of monies owed to it by the Beneficiary. The Trustee may thereafter enforce its lien against the Property by appropriate

PL-000241

judicial proceeding and, in said proceeding, the Trustee shall be entitled to recover from the Beneficiary, and the same shall be a lien on the Property, all its costs and expenses, including attorneys' fees, in such proceeding. In the event that the Trustee is an individual and not a corporation, then, upon the death of the Trustee, the successor trustee shall be the following:

MERCEDES GARCIA

The recording in the public records of Dade County, Florida, of a death certificate for any trustee under this Trust Agreement shall be deemed to be a conveyance of title to the Property to the successor Trustee.

15. *Amendment of Trust Agreement.* This Agreement contains the entire understanding between the parties and may be amended, revoked or terminated only by a written agreement signed by the Trustee and the Beneficiaries.

16. *Florida Law Governs.* This Agreement shall be construed in accordance with the Laws of the State of Florida.

17. *Notices.* Any notice required to be given by the terms of this Agreement or by any applicable law by either party shall be in writing and shall be either hand delivered or sent by certified or registered mail, return receipt requested. Each written notice shall be addressed as follows:

If to Trustee:    601 PALM DR.
HALLANDALE BEACH, FL 33009

If to Beneficiaries:    38 POST ROAD
TORONTO, CANADA M3B1H8

Either party may, by subsequent written notice, designate a different address for receiving notice.

18. *Certified Copies Satisfactory Evidence.* Copies of this Agreement or any amendment to it, certified by the Trustee to be true and correct, shall be satisfactory evidence of such Agreement for all purposes.

19. *Successors Bound by this Agreement.* The terms and conditions of this Agreement shall inure to the benefit of and be binding upon any successor trustee under it, as well as upon the personal representatives, administrators, heirs, assigns and all other successors in interest of the Beneficiaries. Every successor trustee shall become fully vested with all the title, estate, rights, powers, trusts and shall be subject to the duties and obligations of its predecessor under this Trust Agreement. The term Trustee shall thereafter mean and refer to said successor trustee.

20. *Term.* The term of this Trust Agreement shall be for a period of twenty-one (21) years from the date of this Trust Agreement, unless sooner terminated as otherwise provided in this

PL-000242

Trust Agreement. Upon expiration of this Trust Agreement the Trustee shall convey the Property to the Beneficiaries.

21. *Trustee Acts Only on Written Authorization.* It is agreed by the parties hereto that the Trustee will deal with the Property including cash or other assets of any kind, which may become subject to this Trust Agreement only when authorized and directed to do so in writing by the Beneficiaries. On the written direction of the Beneficiaries, the Trustee shall execute deeds for, or mortgages or trust deeds (which may include a waiver of the right of redemption from sale under an order or decree of foreclosure) or execute leases all in regard to the Property or otherwise deal with the title to the Property including cash or other assets subject to this Trust Agreement, provided, however, that in regard to all documents to be executed by the Trustee, said documents shall be prepared by the Beneficiaries and furnished to the Trustee with written direction by the Beneficiaries to execute and redeliver to the Beneficiaries or to any third person or persons. The Trustee shall not under any circumstances by obligated to execute any instrument which may, in the opinion of the Trustee, result in personal liability to the Trustee and rather than executing any instruments under this paragraph, the Trustee may resign as Trustee under this Trust Agreement as provided in paragraph 14 and, in the event the Trustee so resigns, the Trustee shall be under no duty to execute any instruments other than instruments provided in paragraph 14 regarding conveyance of title to the Property. The Trustee shall not be required to inquire into the propriety of any written direction by the Beneficiaries or the authority of the person signing said direction. To the extent the Trustee follows any written direction received from the Beneficiaries including, but not limited to, the execution by the Trustee in accordance with written direction of the Beneficiaries of any deed or other instrument relating to the Property and delivery of said deed or other instrument in accordance with said written instructions, the Trustee shall have no duty, liability or obligation whatsoever and the Beneficiaries shall indemnify and hold the Trustee harmless from and against all claims, demands, costs and expenses, including attorneys' fees, losses, liabilities and obligations which the Trustee may pay, incur or sustain by virtue of the Trustee following said written instructions.

22. *Trustee Not Individually Liable.* The Trustee shall have no individual liability or obligation whatsoever arising from its ownership of or holding legal title to the Property, or with respect to any act done or contract entered into or indebtedness incurred by it in dealing with the Property or in otherwise acting under this Trust Agreement upon the direction of the Beneficiaries except only so far as the Property and any trust funds in the actual possession of the Trustee shall be applicable to the payment and discharge of such liability or obligation. By way of illustration and not by way of limitation, the Trustee shall be under no duty whatsoever to execute or enter into any instrument or agreement which does not contain language acceptable to the Trustee providing that the Trustee shall have no personal liability whatsoever and that the liability of the Trustee shall be limited solely to any property that the Trustee holds under this Trust Agreement.

23. *Disclosure of Interests.* The Trustee shall not, without the prior written consent of the Beneficiaries, disclose to any person this Trust Agreement or the Beneficiaries for whom the Trustee holds title to the Property hereunder, unless compelled to do so by legal process. The Trustee shall not however be responsible under this paragraph for any inadvertent disclosures made by it.

8 of 12

PL-000243

24. *Trustee Not Required to Give Warranty*. The Trustee shall not be required to execute any instrument containing covenants of warranty.

25. *No Third-Party Beneficiary*. This Trust Agreement is solely for the benefit of the parties hereto and no person or persons not a part to this Trust Agreement shall have any rights or privileges under this Trust Agreement either as a third-party beneficiary or otherwise.

26. *Revocation and Amendment*. The Beneficiaries may, at any time, by written instrument delivered to the Trustee revoke, or with the consent of the Trustee, amend this Trust Agreement. In the case of revocation, the Trustee shall convey title to the Property in accordance with the procedures set forth in paragraph 14 of this Trust Agreement and, in the case of amendment, the Beneficiaries shall furnish to the Trustee the written form of said amendment as executed by the Beneficiaries. Upon the execution of said amendment by the Trustee, said amendment shall be considered to be an amendment to this Trust Agreement.

27. *Residency of Trustee*. The Trustee(s) represent that they are a resident of and domiciled in Florida in the United States of America.

28. *Assignment of Beneficial Interest*. The Beneficiaries may not assign any or all of its interest as Beneficiaries under this Trust Agreement unless and until both of the following two (2) conditions have been met:

a.    The original or executed duplicate of an assignment subscribed in the presence of two witnesses is delivered to the Trustee and the Trustee has accepted in writing said assignment provided, however, that the Trustee shall be under no duty or obligation whatsoever to so accept any assignment, and the Trustee may in its absolute discretion determine whether or not to accept said assignment and may in its discretion reject said assignment; and

b.    The assignee of any beneficial interest agrees in writing to be bound by all the duties and obligations of the Beneficiaries under this Trust Agreement including, but not limited to, the duty and obligation to pay to the Trustee all advances and expenses set forth in paragraph 12.

Upon the acceptance by the Trustee of an assignment as set forth in subparagraphs (a) and (b) hereof, the Beneficiaries so assigning their interest under this Trust Agreement shall have no further liability or obligation under this Trust Agreement but only for any acts of the Trustee taken or performed after the acceptance by the Trustee of said assignment provided said assignment conveys the entire interest of said assigning Beneficiaries under this Trust Agreement. The Beneficiaries shall continue to be liable for matters occurring prior to the acceptance by the Trustee of said Assignment. Every assignment of any beneficial interest, the original or duplicates of which shall not have been delivered to and accepted by the Trustee in writing, shall be wholly ineffective as to the Trustee and all subsequent assignees or purchasers without notice. Although the death of the Beneficiary (or any one of the persons contained in the term Beneficiary if more than one person signs this Trust Agreement as the Beneficiary) shall

9 of 12

PL-000244

not be deemed an assignment of the interest of the Beneficiary under this paragraph (as set forth in paragraph 2 hereof), any assignment of said interest by the personal representative of the Beneficiaries shall be deemed to be an assignment under this paragraph 29 subject to required acceptance by the Trustee.

29. *Inquiries*. Written inquiries, legal and other notices, tax statements and all other documents and writings received by the Trustee and relating to this Trust Agreement or the Property shall be sent and forwarded within a reasonable time after receipt by the Trustee to the Beneficiaries.

30. *Miscellaneous*. The captions for the paragraphs contained herein are solely for the convenience of the parties and do not, in themselves, have any legal significance. Time is of the essence of this Trust Agreement. In this Trust Agreement, the plural includes the singular and, vise versa, and masculine, feminine and neuter pronouns and the words "Trustee" and "Beneficiary" shall each include all genders. This Trust Agreement constitutes the complete agreement between the parties hereto and there are no representations, agreement or understandings other than as set forth herein.

IN WITNESS WHEREOF, the Trustee and Beneficiaries have executed this Agreement the day and year first written above.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*SIGNATURE PAGE TO FOLLOW\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PL-000245

Trustee:

_____
Steven Landau, as Trustee

_____
Signature of Witness

Nima Ajaoshir
Printed Name of Witness

_____
Signature of Witness

Joshua Estevez
Printed Name of Witness

STATE OF Florida          )
COUNTY OF Broward         )

     I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the State aforesaid and in the county aforesaid, to take acknowledgments, personally appeared STEVEN LANDAU, who is personally known to me and who executed the foregoing instrument and he acknowledged before me that he executed the same.

WITNESS my hand and official seal in the County and State last aforesaid this 21ˢᵗ day of November , 20 17 .



Printed Name: BURTON LANDAU
Notary Public
My Commission Expires: 08/22/2020

BURTON F. LANDAU
MY COMMISSION # GG 023294
EXPIRES: August 22, 2020
Bonded Thru Notary Public Underwriters

11 of 12

PL-000246

## SCHEDULE "A"

**Property:**                          7471 Fisher Island Drive
                                        Miami, FL 33109
                                        Property Identification Number: 30-4210-015-0070

12 of 12

PL-000247

# EXHIBIT  C

CFN: 20170663843 BOOK 30768 PAGE 4552
DATE:11/27/2017  12:44:21 PM
DEED DOC 45,000.00
HARVEY RUVIN, CLERK OF COURT, MIA-DADE CTY

Prepared by and return to:
**Nima Ajabshir**

**South Florida Law PLLC**
**1920 E. Hallandale Beach Blvd Ste 900**
**Hallandale Beach, FL 33009**

File Number: **2017-1082**

.... [Space Above This Line For Recording Data]

# Warranty Deed

**This Warranty Deed** made this **22nd** day of **November, 2017** between **Igor Krutoy and Olga Kroutoia, husband and wife** whose post office address is **1 Central Park South Apt 1209, New York, NY 10019**, grantor, and **7471 FISHER ISLAND DR 2017 REVOCABLE TRUST** whose post office address is **7471 Fisher Island Dr Unit 7471, Miami Beach, FL 33109**, grantee:

(Whenever used herein the terms "grantor" and "grantee" include all the parties to this instrument and the heirs, legal representatives, and assigns of individuals, and the successors and assigns of corporations, trusts and trustees)

**Witnesseth**, that said grantor, for and in consideration of the sum of TEN AND NO/100 DOLLARS ($10.00) and other good and valuable considerations to said grantor in hand paid by said grantee, the receipt whereof is hereby acknowledged, has granted, bargained, and sold to the said grantee, and grantee's heirs and assigns forever, the following described land, situate, lying and being in **Miami-Dade County, Florida** to-wit:

> **Condominium Unit 7471, 7400 OCEANSIDE AT FISHER ISLAND CONDOMINIUM, together with an undivided interest in the common elements, according to the Declaration of Condominium thereof recorded in Official Record Book 20666, Page 292, as amended from time to time, of the Public Records of Miami-Dade County, Florida.**
>
> **Parcel Identification Number: 30-4210-015-0070**

**Together** with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.

**To Have and to Hold**, the same in fee simple forever.

**And** the grantor hereby covenants with said grantee that the grantor is lawfully seized of said land in fee simple; that the grantor has good right and lawful authority to sell and convey said land; that the grantor hereby fully warrants the title to said land and will defend the same against the lawful claims of all persons whomsoever; and that said land is free of all encumbrances, except taxes accruing subsequent to **December 31, 2016**.

**In Witness Whereof**, grantor has hereunto set grantor's hand and seal the day and year first above written.

DoubleTime®

**PL-000013**

CFN: 20170663843 BOOK 30768 PAGE 4553

Signed. sealed and delivered in our presence:

Witness Name: Nima Ajabshir

Witness Name: Tanya Landau

_____(Seal)
Burton Landau. as Power of Attorney for Igor Krutoy

Witness Name: Nima Ajabshir

Witness Name: Tanya Landau

_____(Seal)
Burton Landau. as Power of Attorney for Olga Kroutoia

State of Florida
County of Broward

The foregoing instrument was acknowledged before me this 22nd day of November, 2017 by Burton Landau. who [  ] is personally known or [X] has produced a driver's license as identification.

[Notary Seal]

Notary Public

Printed Name: Joshua Estevez

My Commission Expires: 10-28-18

JOSHUA ESTEVEZ
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF163547
Expires 10/28/2018

*Quit Claim Deed* - Page 2

DoubleTime

PL-000014

CFN: 20170663843 BOOK 30768 PAGE 4554

7471



AT FISHER ISLAND

## Certificate of Approval

State of Florida
County of Miami Dade

Before me, the undersigned authority, personally appeared Sheri Bonnell, General Manager of 7400 Oceanside at Fisher Island Condominium Association, Inc. who, after being by me first duly sworn, on oath deposes and says:

1. She is the General Manager of 7400 Oceanside at Fisher Island Condominium Association, Inc., whose post office address is c/o Marquis Management Services 40304 Fisher Island Drive, Fisher Island, Florida 33109.

2. Association by and through its Board of Directors hereby certifies its approval for **7471 Fisher Island Dr. 2017 Revocable Trust** to acquire title to the following described condominium property to wit:

> Unit No. 7471 of 7400 Oceanside at Fisher Island Condominium Association, Inc., a/k/a 7471 Fisher Island Drive, Fisher Island, Florida 33109, according to the Declaration of Condominium, recorded in Official Records Book.

3. This approval is granted for the above named person(s) only, and is conditioned on the representation that no other person, spouse not named above, relative, partnership, corporation, trust or other entity, other than a mortgagee, will now or in the future acquire any interest in the aforementioned unit.

4. This approval is based upon the information furnished by the above named person(s) and assumes full, complete and accurate disclosure of that information.

5. Further, this approval is subject to repayment of all outstanding maintenance fees owed from seller at closing.

In Witness Whereof, the said Sheri Bonnell, General Manager, has caused this instrument to be executed in its name, by its officer duly authorized, this Nov. 17, 2017

By: _____
Sheri Bonnell, General Manager
C/O Marquis Management Services
40304 Fisher Island Drive
Fisher Island, Florida 33109

Notary Public, State of: FLORIDA

Signature: _____

MARCELLO AMARAL
MY COMMISSION # GG078310
EXPIRES March 01 2021

☒ Personally Known          ☐ Produced Identification

Type of Identification produced: _____

40304 Fisher Island Drive  Fisher Island, FL. 33109  305-672-8724 phone

PL-000015

CFN: 20170663843 BOOK 30768 PAGE 4555

Prepared By and Return To:
Nima Ajabshir
South Florida Law
1920 E. Hallandale Bch Blvd Ste 900
Hallandale Beach, FL 33009
954.900.8885

# SPECIFIC DURABLE POWER OF ATTORNEY

That Olga Kroutoia and Igor Krutoy, Husband and Wife, Principal, hereby appoints **Burton Landau, Esq. and/or Nima Ajabshir, Esq** as our specific durable power of attorney, whose mailing address is **1920 E. Hallandale Beach Blvd. Ste 900, Hallandale Beach, FL 33009**, my true and lawful attorney for me and in my name, place and stead. The attorney in fact herein named is granted the authority to sell and convey, to maintain, or to dispose of, the following described property even if such property is my homestead, and to execute and deliver any and all documents necessary to effectuate the sale and conveyance of the following described real property;

> Condominium Unit 7471, 7400 OCEANSIDE AT FISHER ISLAND CONDOMINIUM, together with an undivided interest in the common elements, according to the Declaration of Condominium thereof recorded in Official Record Book 20666, Page 292, as amended from time to time, of the Public Records of Miami-Dade County, Florida.

and such documents shall include, but not be limited to, contracts, deeds, affidavits, bills of sale, closing statements, and such other instruments as may be required to carry out the purposes herein expressed, and the Principal named herein hereby gives and grants unto **Burton Landau, Esq. and/or Nima Ajabshir, Esq.**, said attorney, full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done in and about the premises as fully, to all intents and purposes, as the Principal might or could do if personally present, with full power of substitution and revocation, hereby ratifying and confirming all that said attorney, shall lawfully do or cause to be done by virtue hereof.

**PL-000016**

7

CFN: 20170663843 BOOK 30768 PAGE 4556

This Specific Durable Power of Attorney shall not be affected by my subsequent incapacity except as provided by  Florida Statutes, Chapter 709, as amended.

This Specific Durable Power of Attorney shall not be used for any other purpose.

IN WITNESS WHEREOF, Olga Kroutoia have set forth his hand and seal this _17_ day of November, 2017

Signed and sealed in the presence of:

_____
Witness #1 Signature

_Alberto Costo_____
Witness #1 Printed Name

_____
Witness #2 Signature

_Paul Zea._____
Witness #2 Printed Name

_____

**Olga Kroutoia**

County of NEW YORK

CITY OF __New York_____ )
                                                  : SS.
STATE OF __New York_____ )

    The foregoing instrument was acknowledged before me this day _17th_ of **November, 2017**, by Olga Kroutoia who [ ] is personally known to me [X] has produced ~~their~~ Drivers (her) License [x] has produced _a US passport_____ as identification. (no)
    and

My Commission Expires:

    _08/30/2020_

_____
Notary Signature

_____ Michael Senz
Printed Notary Signature

                                                    **SEAL**

MICHAEL SENZ
Notary Public - State of New York
No. 01SE6114952
Qualified in New York County
My Comm. Expires Aug. 30, 2020

**PL-000017**

CFN: 20170663843 BOOK 30768 PAGE 4557

# ДОВЕРЕННОСТЬ

### Город Москва, двадцатое ноября две тысячи семнадцатого года.

Я, гражданин Российской Федерации **КРУТОЙ ИГОРЬ ЯКОВЛЕВИЧ**, 29 июля 1954 года рождения, пол мужской, место рождения: г. Гайворон, Кировоградская область, Украина, паспорт 45 04 783332 выдан Отделом внутренних дел «Гагаринский» города Москвы 04 декабря 2002 года, код подразделения 772-068, заграничный паспорт 53 0215895 выдан МИД России 07701 19 апреля 2012 года, зарегистрированный по адресу: город Москва, улица Косыгина, дом 10, квартира 9,

*настоящей доверенностью уполномочиваю*

гр. **Бёртона Ландау (Burton Landau)**, дипломированного адвоката, почтовый адрес: **1920 E. Халландейл-Бич Бульвар, пом. 900, Халландейл-Бич, Флорида 33009**, и/или

гр. **Ниму Аджабшира**, дипломированного адвоката, почтовый адрес: **1920 E. Халландейл-Бич Бульвар, пом. 900, Халландейл-Бич, Флорида 33009**,

в качестве своего действительного и законного поверенного лица, имеющего право действовать за меня, от моего имени и вместо меня. Поверенное лицо, указанное в настоящей Доверенности, наделяется полномочиями по продаже, передаче, поддержанию в хорошем состоянии или отчуждению следующего имущества, даже если такое имущество является особняком Доверителя, а также по оформлению и вручению любых документов, необходимых для совершения продажи и передачи следующего недвижимого имущества:

- **Единица кондоминиума 7471, 7400, НА БЕРЕГУ МОРЯ, КОНДОМИНИУМ В ФИШЕР-АЙЛЕНД (Condominium Unit 7471, 7400 OCEANSIDE AT FISHER ISLAND CONDOMINIUM)**, вместе с неделимым имущественным правом на общие помещения, в соответствии с Декларацией кондоминиума, зарегистрированной в Официальном реестре 20666, страница 292, в действующей редакции, относящемся к документам публичного характера округа Майами-Дейд, штат Флорида.

Указанные документы включают (без ограничения) договоры, документы за печатью, аффидевиты, акты передачи права собственности, письменные отчеты о сделке по продаже недвижимости и такие другие документы, которые могут потребоваться для целей, предусмотренных в настоящей Доверенности. Указанный в настоящей Доверенности Доверитель настоящим предоставляет указанному Поверенному лицу, **Бёртону Ландау, дипломированному адвокату, и/или Ниме Аджабширу, дипломированному адвокату**, все права на совершение любых действий, совершение которых может потребоваться в отношении указанного помещения, в таком же объеме, в котором такими правами мог быть наделен Доверитель в случае своего личного присутствия, включая полное право на передоверие и аннулирование. Настоящим также одобряется и подтверждается, что указанное Поверенное лицо должно законно совершать действия или распоряжаться о совершении действий на основании настоящей Доверенности.

Настоящая Доверенность не должна использоваться для каких-либо других целей, кроме целей, указанных в настоящей Доверенности.

Доверенность дана с правом передоверия полномочий другому лицу, сроком на один год.

Содержание ст. ст. 185-189 Гражданского кодекса Российской Федерации Доверителю разъяснено.

_____ _____
(Крутой Игорь Яковлевич)

**Российская Федерация.
Город Москва.
Двадцатое ноября две тысячи семнадцатого года.**

Настоящая доверенность удостоверена мной, Горячевым Сергеем Сергеевичем, временно исполняющим обязанности нотариуса города Москвы Гоголева Николая Владимировича.

Содержание доверенности соответствует волеизъявлению лица, выдавшего доверенность.

Доверенность подписана в моем присутствии.

Личность подписавшего доверенность установлена, его дееспособность проверена.

Зарегистрировано в реестре: № 3-3207.

Взыскано государственной пошлины (по тарифу): 500 руб. 00 коп.

Уплачено за оказание УПиТХ: 1200 руб. 00 коп.

МП

_____ С.С. Горячев

PL-000018

CFN: 20170663843 BOOK 30768 PAGE 4558

Prepared By and Return To:
Nima Ajabshir
South Florida Law
1920 E. Hallandale Bch Blvd Ste 900
Hallandale Beach, FL 3300

**POWER OF ATTORNEY**    *Translation from Russian into English*

### The city of Moscow, Dated This Twenty of November Two Thousand Seventeen.

I. the citizen of the Russian Federation **IGOR YAKOVLEVICH KRUTOY**, born on July 29. 1954. sex – male. place of birth   Haivoron town. Kirovograd region. Ukraine, passport 45 04 783332 issued by the Gagarinskiy Department of Internal Affairs for the city of Moscow on December 4, 2002. subdivision code 772-068. international passport 53 0215895 issued by the Ministry of Internal Affairs of Russia 07701 on April 19, 2012, registered at the address: 10 Kosygin street. flat 9. the city of Moscow.

*by this Power of Attorney authorize:*

**Mr. Burton Landau, Esq.**, whose mailing address: **1920 E. Hallandale Beach Blvd. Ste 900, Hallandale Beach, FL 33009**, and/or

**Mr. Nima Ajabshir, Esq.**, whose mailings address: **1920 E. Hallandale Beach Blvd. Ste 900, Hallandale Beach, FL 33009,**

to be true and lawful attorney for me and in my name, place and stead. Either attorney in fact herein named is granted the authority to sell, transfer and convey. to maintain, or to dispose of, the following described property even if such property is my homestead, and to execute and deliver any and all documents necessary to effectuate the sale and conveyance of the following described real property:

> Condominium Unit 7471, 7400 OCEANSIDE AT FISHER ISLAND
> CONDOMINIUM, together with an undivided interest in the common
> elements, according to the Declaration of Condominium thereof recorded
> in Official Record Book 20666, Page 292, as amended from time to time,
> of the Public Records of Miami-Dade County, Florida.

Such documents shall include, but not be limited to, contracts. deeds, affidavits. bills of sale. closing statements. and such other instruments as may be required to carry out the purposes herein expressed. The Principal named herein hereby gives and grants unto **Burton Landau, Esq.** and/or **Nima Ajabshir, Esq.**, said attorney. full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done in and about the premises as fully, to all intents and purposes, as the Principal might or could do if personally present, with full power of substitution and revocation, hereby ratifying and confirming all that said attorney, shall lawfully do or cause to be done by virtue hereof.

This Power of Attorney shall not be used for any other purpose, except for the purposes specified in this Power of Attorney.

This Power of Attorney is issued with right of substitution for the term of one year.

The content of the Articles 185-189 of the Civil Code of the Russian Federation has been explained to the Grantor.

*IGOR YAKOVLEVICH KRUTOY      /Signature/*

(Igor Yakovlevich Krutoy)

### The Russian Federation
### The City of Moscow.
### Dated This Twenty of November Two Thousand Seventeen.

This Power of Attorney is certified by me. Sergey Sergeevich Goryachev. acting for the Notary Public for the city of Moscow Nikolay Vladimirovich Gogoglev.

The content of the Power of Attorney corresponds to the will of the person who issued the Power of Attorney.

The Power of Attorney has been signed in my presence.

The identity of the signatory of the Power of Attorney has been established, and his legal capacity has been verified.

Registered under No. 3-3063.
State fees collected (as per tariff): 200 rub.
Paid for legal and technical services: 1200 rub.

L.S.                                          S.S. Goryachev

PL-000019

CFN: 20170663843 BOOK 30768 PAGE 4559

capacity has been verified.

Registered under No. **3-3207**
State fees collected (as per tariff): 500 rub.
Paid for legal and technical services: 1200 rub.

L.S. _____/Signature_____       S.S. Goryachev

*Round Official Seal:*
Notary Public for the city of Moscow N. V. Gogolev

**The Russian Federation.**
**The City of Moscow.**
**Dated the Twentieth Day of November Two Thousand Seventeen.**

This translation from **Russian** into **English** is performed by me, the translator Natalia Valentinovna Kuprikova.

*Signature*        /Signature/

**The Russian Federation.**
**The City of Moscow.**
**Dated the Twentieth Day of November Two Thousand Seventeen.**

I, Sergey Sergeevich Goryachev, acting for the Notary Public for the city of Moscow Nikolay Vladimirovich Gogolev, certify the authenticity of the signature made by translator Natalia Valentinovna Kuprikova in my presence. Her personality was identified.

Registered under No. **4-1891**
State fees collected (as per tariff): 100 rub.
Paid for legal and technical services: -

L.S.        /signature/                    S. S. Goryachev
          (signature)              (initials and surname)

*Round Official Seal:*
Notary Public for the city of Moscow N. V. Gogolev

Totally stitched,
numbered and sealed **three (3)** sheets
Acting for the Notary Public____/signature/____

*Round Official Seal:*
Notary Public for the city of Moscow N. V. Gogolev

**PL-000020**

CFN: 20170663843 BOOK 30768 PAGE 4560

Российская Федерация.
Город Москва.
Двадцатого ноября две тысячи семнадцатого года.

Настоящий перевод с русского языка на английский язык выполнен мной, переводчиком Куприковой Натальей Валентиновной.

Переводчик

Российская Федерация.
Город Москва.
Двадцатого ноября две тысячи семнадцатого года.

Я, Горячев Сергей Сергеевич, временно исполняющий обязанности нотариуса города Москвы Гоголева Николая Владимировича, свидетельствую подлинность подписи переводчика Куприковой Натальи Валентиновны. Подпись сделана в моем присутствии. Личность подписавшего документ установлена.

Зарегистрировано в реестре: № 4-1891
Взыскано государственной пошлины (по тарифу): 100 рублей
Уплачено за оказание УПиТХ: -

МП

_____ (подпись)

_____ С.С. Горячев
(инициалы, фамилия)

Всего пронумеровано, прошнуровано и скреплено печатью 3 (три) листа.

ВрИО нотариуса:

PL-000021

# EXHIBIT  D

CFN: 20170663842 BOOK 30768 PAGE 4544
DATE:11/27/2017  12:44:21 PM
DEED DOC 0.60
HARVEY RUVIN, CLERK OF COURT, MIA-DADE CTY

Prepared by and return to:
Nima Ajabshir

South Florida Law PLLC
1920 E. Hallandale Beach Blvd Ste 900
Hallandale Beach, FL 33009

File Number: 2017-1082

_____ [Space Above This Line For Recording Data] _____

# Corrective Quit Claim Deed

**This Quit Claim Deed** made this **22nd** day of **November, 2017** between **Igor Krutoy and Olga Kroutoia, husband and wife** whose post office address is **1 Central Park South Apt 1209, New York, NY 10019**, grantor, and **7471 FISHER ISLAND DR 2017 REVOCABLE TRUST** whose post office address is **7471 Fisher Island Dr Unit 7471, Miami Beach, FL 33109**, grantee:

(Whenever used herein the terms "grantor" and "grantee" include all the parties to this instrument and the heirs, legal representatives, and assigns of individuals, and the successors and assigns of corporations, trusts and trustees)

**Witnesseth**, that said grantor, for and in consideration of the sum TEN AND NO/100 DOLLARS ($10.00) and other good and valuable consideration to said grantor in hand paid by said grantee, the receipt whereof is hereby acknowledged, does hereby remise, release, and quitclaim to the said grantee, and grantee's heirs and assigns forever, all the right, title, interest, claim and demand which grantor has in and to the following described land, situate, lying and being in **Miami-Dade County, Florida** to-wit:

> Condominium Unit 7471, 7400 OCEANSIDE AT FISHER ISLAND CONDOMINIUM, together with an undivided interest in the common elements, according to the Declaration of Condominium thereof recorded in Official Record Book 20666, Page 292, as amended from time to time, of the Public Records of Miami-Dade County, Florida.
>
> Parcel Identification Number: 30-4210-015-0070

**To Have and to Hold**, the same together with all and singular the appurtenances thereto belonging or in anywise appertaining, and all the estate, right, title, interest, lien, equity and claim whatsoever of grantors, either in law or equity, for the use, benefit and profit of the said grantee forever.

**In Witness Whereof**, grantor has hereunto set grantor's hand and seal the day and year first above written.

DoubleTime®

**PL-000022**

CFN: 20170663842 BOOK 30768 PAGE 4545

Signed, sealed and delivered in our presence:

Witness Name: Nima Ajcaishir

Witness Name: Tonya Londau

_____ (Seal)
Burton Landau, as Power of Attorney for Igor Krutoy

Witness Name: Nima Ajcaishir

Witness Name: Tonya Landau

_____ (Seal)
Burton Landau, as Power of Attorney for Olga Kroutoia

State of Florida
County of Broward

The foregoing instrument was acknowledged before me this 22nd day of November, 2017 by Burton Landau, who [ ] is personally known or [X] has produced a driver's license as identification.

[Notary Seal]

JOSHUA ESTEVEZ
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF163547
Expires 10/28/2018

Notary Public

Printed Name: Joshua Estevez

My Commission Expires: 10-28-18

*Warranty Deed* - Page 2

DoubleTime®

**PL-000023**

CFN: 20170663842 BOOK 30768 PAGE 4546

Prepared By and Return To:
Nima Ajabshir
South Florida Law
1920 E. Hallandale Bch Blvd Ste 900
Hallandale Beach, FL 33009
954.900.8885

# SPECIFIC DURABLE POWER OF ATTORNEY

That Olga Kroutoia and Igor Krutoy, Husband and Wife, Principal, hereby appoints **Burton Landau, Esq. and/or Nima Ajabshir, Esq** as our specific durable power of attorney, whose mailing address is **1920 E. Hallandale Beach Blvd. Ste 900, Hallandale Beach, FL 33009**, my true and lawful attorney for me and in my name, place and stead. The attorney in fact herein named is granted the authority to sell and convey, to maintain, or to dispose of, the following described property even if such property is my homestead, and to execute and deliver any and all documents necessary to effectuate the sale and conveyance of the following described real property;

> Condominium Unit 7471, 7400 OCEANSIDE AT FISHER ISLAND CONDOMINIUM, together with an undivided interest in the common elements, according to the Declaration of Condominium thereof recorded in Official Record Book 20666, Page 292, as amended from time to time, of the Public Records of Miami-Dade County, Florida.

and such documents shall include, but not be limited to, contracts, deeds, affidavits, bills of sale, closing statements, and such other instruments as may be required to carry out the purposes herein expressed, and the Principal named herein hereby gives and grants unto **Burton Landau, Esq. and/or Nima Ajabshir, Esq.**, said attorney, full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done in and about the premises as fully, to all intents and purposes, as the Principal might or could do if personally present, with full power of substitution and revocation, hereby ratifying and confirming all that said attorney, shall lawfully do or cause to be done by virtue hereof.

**PL-000024**

7

CFN: 20170663842 BOOK 30768 PAGE 4547

This Specific Durable Power of Attorney shall not be affected by my subsequent incapacity except as provided by Florida Statutes, Chapter 709, as amended.

This Specific Durable Power of Attorney shall not be used for any other purpose.

IN WITNESS WHEREOF, Olga Kroutoia have set forth his hand and seal this _17_ day of November, 2017

Signed and sealed in the presence of:

_____
Witness #1 Signature

_Alberto Costro_____
Witness #1 Printed Name

_____
Witness #2 Signature

_Paul Zea._____
Witness #2 Printed Name

_____
**Olga Kroutoia**

County of NEWYORK

CITY OF __New York___ )
                        ) : SS.
STATE OF __New York___ )

    The foregoing instrument was acknowledged before me this day _17th_ of **November, 2017**, by Olga Kroutoia who [ ] is personally known to me [X] has produced ~~their~~ Drivers (her) License [x] has produced _a US passport_____ as identification. (mo) and

_____
Notary Signature

__Michael Senz_____
Printed Notary Signature

My Commission Expires:

_08/30/2020_

**SEAL**

**MICHAEL SENZ**
Notary Public - State of New York
No. 01SE6114952
Qualified in New York County
My Comm. Expires Aug. 30, 2020

**PL-000025**

CFN: 20170663842 BOOK 30768 PAGE 4548

# ДОВЕРЕННОСТЬ

### Город Москва, двадцатое ноября две тысячи семнадцатого года.

Я, гражданин Российской Федерации **КРУТОЙ ИГОРЬ ЯКОВЛЕВИЧ**, 29 июля 1954 года рождения, пол мужской, место рождения: г. Гайворон, Кировоградская область, Украина, паспорт 45 04 783332 выдан Отделом внутренних дел «Гагаринский» города Москвы 04 декабря 2002 года, код подразделения 772-068, заграничный паспорт 53 0215895 выдан МИД России 07701 19 апреля 2012 года, зарегистрированный по адресу: город Москва, улица Косыгина, дом 10, квартира 9,

*настоящей доверенностью уполномочиваю*

гр. **Бёртона Ландау (Burton Landau)**, дипломированного адвоката, почтовый адрес: **1920 Е. Халландейл-Бич Бульвар, пом. 900, Халландейл-Бич, Флорида 33009**, и/или

гр. **Ниму Аджабшира**, дипломированного адвоката, почтовый адрес: **1920 Е. Халландейл-Бич Бульвар, пом. 900, Халландейл-Бич, Флорида 33009,**

в качестве своего действительного и законного поверенного лица, имеющего право действовать за меня, от моего имени и вместо меня. Поверенное лицо, указанное в настоящей Доверенности, наделяется полномочиями по продаже, передаче, поддержанию в хорошем состоянии или отчуждению следующего имущества, даже если такое имущество является особняком Доверителя, а также по оформлению и вручению любых документов, необходимых для совершения продажи и передачи следующего недвижимого имущества:

- **Единица кондоминиума 7471, 7400, НА БЕРЕГУ МОРЯ, КОНДОМИНИУМ В ФИШЕР-АЙЛЕНД (Condominium Unit 7471, 7400 OCEANSIDE AT FISHER ISLAND CONDOMINIUM), вместе с неделимым имущественным правом на общие помещения, в соответствии с Декларацией кондоминиума, зарегистрированной в Официальном реестре 20666, страница 292, в действующей редакции, относящейся к документам публичного характера округа Майами-Дейд, штат Флорида.**

Указанные документы включают (без ограничения) договоры, документы за печатью, аффидевиты, акты передачи права собственности, письменные отчеты о сделке по продаже недвижимости и такие другие документы, которые могут потребоваться для целей, предусмотренных в настоящей Доверенности. Указанный в настоящей Доверенности Доверитель настоящим предоставляет указанному Поверенному лицу, **Бёртону Ландау, дипломированному адвокату, и/или Ниме Аджабширу, дипломированному адвокату**, все права на совершение любых действий, совершение которых может потребоваться в отношении указанного помещения, в таком же объеме, в котором такими правами мог быть наделен Доверитель в случае своего личного присутствия, включая полное право на передоверие и аннулирование. Настоящим также одобряется и подтверждается, что указанное Поверенное лицо должно законно совершать действия или распоряжаться о совершении действий на основании настоящей Доверенности.

Настоящая Доверенность не должна использоваться для каких-либо других целей, кроме целей, указанных в настоящей Доверенности.

Доверенность дана с правом передоверия полномочий другому лицу, сроком на один год.

Содержание ст. ст. 185-189 Гражданского кодекса Российской Федерации Доверителю разъяснено.

_(Крутой Игорь Яковлевич)_

### Российская Федерация.
### Город Москва.
### Двадцатое ноября две тысячи семнадцатого года.

Настоящая доверенность удостоверена мной, Горячевым Сергеем Сергеевичем, временно исполняющим обязанности нотариуса города Москвы Гоголева Николая Владимировича.

Содержание доверенности соответствует волеизъявлению лица, выдавшего доверенность.

Доверенность подписана в моем присутствии.

Личность подписавшего доверенность установлена, его дееспособность проверена.

Зарегистрировано в реестре: № 3-3207.

Взыскано государственной пошлины (по тарифу): 500 руб. 00 коп.

Уплачено за оказание УПиТХ: 1200 руб. 00 коп.

С.С. Горячев

МП

PL-000026

CFN: 20170663842 BOOK 30768 PAGE 4549

Prepared By and Return To:
Nima Ajabshir
South Florida Law
1920 E. Hallandale Bch Blvd Ste 900
Hallandale Beach, FL 3300

**POWER OF ATTORNEY**   *Translation from Russian into English*

### The city of Moscow, Dated This Twenty of November Two Thousand Seventeen.

I, the citizen of the Russian Federation **IGOR YAKOVLEVICH KRUTOY**, born on July 29, 1954, sex – male, place of birth    Haivoron town, Kirovograd region, Ukraine, passport 45 04 783332 issued by the Gagarinskiy Department of Internal Affairs for the city of Moscow on December 4, 2002, subdivision code 772-068, international passport 53 0215895 issued by the Ministry of Internal Affairs of Russia 07701 on April 19, 2012, registered at the address: 10 Kosygin street, flat 9, the city of Moscow.

*by this Power of Attorney authorize:*

**Mr. Burton Landau, Esq.**, whose mailing address: **1920 E. Hallandale Beach Blvd. Ste 900, Hallandale Beach, FL 33009**, and/or

**Mr. Nima Ajabshir, Esq.**, whose mailings address: **1920 E. Hallandale Beach Blvd. Ste 900, Hallandale Beach, FL 33009,**

to be true and lawful attorney for me and in my name, place and stead. Either attorney in fact herein named is granted the authority to sell, transfer and convey, to maintain, or to dispose of, the following described property even if such property is my homestead, and to execute and deliver any and all documents necessary to effectuate the sale and conveyance of the following described real property:

> Condominium Unit 7471, 7400 OCEANSIDE AT FISHER ISLAND
> CONDOMINIUM, together with an undivided interest in the common
> elements, according to the Declaration of Condominium thereof recorded
> in Official Record Book 20666, Page 292, as amended from time to time,
> of the Public Records of Miami-Dade County, Florida.

Such documents shall include, but not be limited to, contracts, deeds, affidavits, bills of sale, closing statements, and such other instruments as may be required to carry out the purposes herein expressed. The Principal named herein hereby gives and grants unto **Burton Landau, Esq.** and/or **Nima Ajabshir, Esq.**, said attorney, full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done in and about the premises as fully, to all intents and purposes, as the Principal might or could do if personally present, with full power of substitution and revocation, hereby ratifying and confirming all that said attorney, shall lawfully do or cause to be done by virtue hereof.

This Power of Attorney shall not be used for any other purpose, except for the purposes specified in this Power of Attorney.

This Power of Attorney is issued with right of substitution for the term of one year.

The content of the Articles 185-189 of the Civil Code of the Russian Federation has been explained to the Grantor.

---

*IGOR YAKOVLEVICH KRUTOY*      */Signature/*

*(Igor Yakovlevich Krutoy)*

### The Russian Federation
### The City of Moscow,
### Dated This Twenty of November Two Thousand Seventeen,

This Power of Attorney is certified by me, Sergey Sergeevich Goryachev, acting for the Notary Public for the city of Moscow Nikolay Vladimirovich Gogoglev.

The content of the Power of Attorney corresponds to the will of the person who issued the Power of Attorney.

The Power of Attorney has been signed in my presence.

The identity of the signatory of the Power of Attorney has been established, and his legal capacity has been verified.

Registered under No. 3-3063.
State fees collected (as per tariff): 200 rub.
Paid for legal and technical services: 1200 rub.

L.S.                                S.S. Goryachev

**PL-000027**

CFN: 20170663842 BOOK 30768 PAGE 4550

capacity has been verified.

Registered under No. **3-3207**
State fees collected (as per tariff): 500 rub.
Paid for legal and technical services: 1200 rub.

L.S. _____ /Signature_____ _    S.S. Goryachev

*Round Official Seal:*
Notary Public for the city of Moscow N. V. Gogolev

**The Russian Federation.**
**The City of Moscow.**
**Dated the Twentieth Day of November Two Thousand Seventeen.**

This translation from **Russian** into **English** is performed by me, the translator Natalia Valentinovna Kuprikova.

*Signature*    /Signature/

**The Russian Federation.**
**The City of Moscow.**
**Dated the Twentieth Day of November Two Thousand Seventeen.**

I, Sergey Sergeevich Goryachev, acting for the Notary Public for the city of Moscow Nikolay Vladimirovich Gogolev, certify the authenticity of the signature made by translator Natalia Valentinovna Kuprikova in my presence. Her personality was identified.

Registered under No. **4-1891**
State fees collected (as per tariff): 100 rub.
Paid for legal and technical services: -

L.S.    /signature/         S. S. Goryachev
(signature)          (initials and surname)

*Round Official Seal:*
Notary Public for the city of Moscow N. V. Gogolev

Totally stitched,
numbered and sealed **three (3)** sheets
Acting for the Notary Public_____ /signature/

*Round Official Seal:*
Notary Public for the city of Moscow N. V. Gogolev

PL-000028

CFN: 20170663842 BOOK 30768 PAGE 4551

Российская Федерация.
Город Москва.
Двадцатого ноября две тысячи семнадцатого года.

Настоящий перевод с русского языка на английский язык выполнен мной, переводчиком Куприковой Натальей Валентиновной.

Переводчик

Российская Федерация.
Город Москва.
Двадцатого ноября две тысячи семнадцатого года.

Я, Горячев Сергей Сергеевич, временно исполняющий обязанности нотариуса города Москвы Гоголева Николая Владимировича, свидетельствую подлинность подписи переводчика Куприковой Натальи Валентиновны. Подпись сделана в моем присутствии. Личность подписавшего документ установлена.

Зарегистрировано в реестре: № 4-1891
Взыскано государственной пошлины (по тарифу): 100 рублей
Уплачено за оказание УПиТХ: -

МП

_____
(подпись)

_____
С.С. Горячев
(инициалы, фамилия)

Всего пронумеровано, прошнуровано
и скреплено печатью 3 (три) листа.

ВрИО нотариуса:

PL-000029

# EXHIBIT   E

CFN: 20180701048 BOOK 31223 PAGE 4833
DATE:11/19/2018 09:08:31 AM
DEED DOC 0.60
HARVEY RUVIN, CLERK OF COURT, MIA-DADE CTY

Prepared by and return to:

South Florida Law PLLC
1920 E. Hallandale Beach Blvd Ste 900
Hallandale Beach, FL 33009

[Space Above This Line For Recording Data]

# Corrective Quit Claim Deed

This Quit Claim Deed made this __14th__ day of **November, 2018** between **7471 FISHER ISLAND DR 2017 REVOCABLE TRUST,** whose post office address is **7471 Fisher Island Dr Unit 7471, Miami Beach, FL 33109,** grantor, and **Steven Landau as Trustee of the 7471 FISHER ISLAND DR 2017 REVOCABLE TRUST** whose post office address is **7471 Fisher Island Dr Unit 7471, Miami Beach, FL 33109, grantee:**

(Whenever used herein the terms "grantor" and "grantee" include all the parties to this instrument and the heirs, legal representatives, and assigns of individuals, and the successors and assigns of corporations, trusts and trustees)

**Witnesseth,** that said grantor, for and in consideration of the sum of TEN AND NO/100 DOLLARS ($10.00) and other good and valuable considerations to said grantor in hand paid by said grantee, the receipt whereof is hereby acknowledged, has granted, bargained, and sold to the said grantee, and grantee's heirs and assigns forever, the following described land, situate, lying and being in **Miami-Dade County, Florida** to-wit:

> **The land referred to herein below is situated in the County of Miami-Dade, State of Florida, and is described as follows:**
>
> **Condominium Unit 7471, 7400 OCEANSIDE AT FISHER ISLAND CONDOMINIUM, together with an undivided interest in the common elements, according to the Declaration of Condominium thereof recorded in Official Record Book 20666, Page 292, as amended from time to time, of the Public Records of Miami-Dade County, Florida.**
>
> **Parcel Identification Number: 30-4210-015-0070**
>
> **The purpose of this deed is to correct an error made on the previously filed and recorded deed found in Book 30768, Page(s) 4552 - 4560 of the Miami-Dade County, Florida Public Records. Wherein the previous deed did not include the name of the Trustee to the 7471 Fisher Island Dr 2017 Revocable Trust.**
>
> **Pursuant to Rule 12B-4.014(3), this document is exempt from the Florida Documentary Stamp Tax as the transfer is a conveyance of unencumbered realty with no consideration.**

**To Have and to Hold,** the same together with all and singular the appurtenances thereto belonging or in anywise appertaining, and all the estate, right, title, interest, lien, equity and claim whatsoever of grantors, either in law or equity, for the use, benefit and profit of the said grantee forever.

**In Witness Whereof,** grantor has hereunto set grantor's hand and seal the day and year first above written.

**PL-000030**

CFN: 20180701048 BOOK 31223 PAGE 4834

Signed, sealed and delivered in our presence:

Witness Name: _Nirmer Agursha_

Witness Name: _Burton Landau_

_____ (Seal)
Steven Landau, Trustee

State of Florida

County of Broward

The foregoing instrument was acknowledged before me this _14th_ day of November, 2018 by Steven Landau, Trustee, who [_] are personally known or [X] have produced a driver's license as identification.

[Notary Seal]

Notary Public

Printed Name: _BURTON Landau_

My Commission Expires: _08/22/2020_

BURTON F. LANDAU
MY COMMISSION # GG 023294
EXPIRES: August 22, 2020
Bonded Thru Notary Public Underwriters

PL-000031

# COMPOSITE EXHIBIT   F

CFN: 20200655153 BOOK 32193 PAGE 4525
DATE:11/12/2020  04:07:43 PM
HARVEY RUVIN, CLERK OF COURT, MIA-DADE CTY

# DOCUMENT COVER PAGE

(Space Above This Line Reserved For Recording Office Use)

**Document Title:**     **LIMITED POWER OF ATTORNEY**

**Return Recorded
Document to:**          **Florentino L. Gonzalez, Esq.
                        Shutts & Bowen LLP
                        200 South Biscayne Blvd, Suite 4100
                        Miami, Florida 33131**

**PL-000039**

CFN: 20200655153 BOOK 32193 PAGE 4526

## LIMITED POWER OF ATTORNEY

**KNOW ALL PEOPLE BY THESE PRESENTS**, that **Igor Krutoy, also known as Igor Kroutoi**, has made, constituted and appointed, and by these presents does make, constitute and appoint Thomas Butler, whose address is 7 Times Square, Suite 2900, New York, New York 10036-6524, as his true and lawful attorney in fact, and in his name, place and stead, to act on his behalf and in his name as fully and completely as he could do on his behalf, with respect to any transfer and/or sale of the real property described below (the "Property"), including without limitation, the execution and delivery of (a) any deed, bill of sale, affidavit, assignment and assumption documents, closing or settlement statements, purchase and sale agreements, (b) any and all other documents or instruments necessary or desirable in connection with the transfer and/or sale of the Property, and (c) any other documents, instruments or affidavits necessary or desirable in connection with any of the foregoing pertaining to the Property. The Property is described as follows:

> Condominium Unit No. 7471 of 7400 OCEANSIDE AT FISHER ISLAND CONDOMINIUM, a Condominium, according to the Declaration of Condominium thereof, recorded in Official Records Book 20666, at Page 292 of the Public Records of Miami-Dade County, Florida, together with an undivided interest in the common elements appurtenant thereto.

Giving and granting unto Thomas Butler, full power and authority to do and perform every act and execute any documents requisite, and necessary to be done or executed in and about the premises as fully, to all intents and purposes, as he might or could do if personally present, with full power of substitution and revocation, hereby ratifying and confirming all that Thomas Butler, said attorney in fact, shall lawfully do or cause to be done by virtue hereof.

IN WITNESS WHEREOF, the undersigned has set his hand and seal this _26_ day of _June_, 2020

Witnesses:

_____

Print Name: _Victoria Krutoy_

_____

Print Name: _Victor Kanevsky_

_____
Igor Krutoy a/k/a Igor Kroutoi

STATE OF _Florida_ )
                    )
COUNTY OF _Dade_ )

The foregoing instrument was acknowledged before me, by means of ● physical presence or ● online notarization, this _26_ day of _June_, 2020, by IGOR KRUTOY (also known as IGOR KROUTOI), who is personally known to me or has produced a driver's license as identification.

_____

Print Name: _Svetlana Ianovskaia_

[NOTARIAL SEAL]   Notary Public, State of _Florida_
                                My Commission Expires: _____
Commission No. _GG 043823_

SVETLANA IANOVSKAIA
Notary Public - State of Florida
Commission # GG 043823
My Comm. Expires Feb 14, 2021
Bonded through National Notary Assn.

MIADOCS 678832 1 FIRM 0000

PL-000040

CFN: 20200655154 BOOK 32193 PAGE 4527
DATE:11/12/2020  04:07:43 PM
HARVEY RUVIN, CLERK OF COURT, MIA-DADE CTY

# DOCUMENT COVER PAGE

(Space Above This Line Reserved For Recording Office Use)

**Document Title:**    **LIMITED POWER OF ATTORNEY**

**Return Recorded**
**Document to:**        **Florentino L. Gonzalez, Esq.**
**Shutts & Bowen LLP**
**200 South Biscayne Blvd, Suite 4100**
**Miami, Florida 33131**

**PL-000041**

CFN: 20200655154 BOOK 32193 PAGE 4528

## LIMITED POWER OF ATTORNEY

**KNOW ALL PEOPLE BY THESE PRESENTS**, that **Olga Kroutoia, also known as Olga Kroutoi**, has made, constituted and appointed, and by these presents does make, constitute and appoint Thomas Butler, whose address is 7 Times Square, Suite 2900, New York, New York 10036-6524, as her true and lawful attorney in fact, and in her name, place and stead, to act on her behalf and in her name as fully and completely as she could do on her behalf, with respect to any transfer and/or sale of the real property described below (the "Property"), including without limitation, the execution and delivery of (a) any deed, bill of sale, affidavit, assignment and assumption documents, closing or settlement statements, purchase and sale agreements, (b) any and all other documents or instruments necessary or desirable in connection with the transfer and/or sale of the Property, and (c) any other documents, instruments or affidavits necessary or desirable in connection with any of the foregoing pertaining to the Property. The Property is described as follows:

Condominium Unit No. 7471 of 7400 OCEANSIDE AT FISHER ISLAND CONDOMINIUM, a Condominium, according to the Declaration of Condominium thereof, recorded in Official Records Book 20666, at Page 292 of the Public Records of Miami-Dade County, Florida, together with an undivided interest in the common elements appurtenant thereto.

Giving and granting unto Thomas Butler, full power and authority to do and perform every act and execute any documents requisite, and necessary to be done or executed in and about the premises as fully, to all intents and purposes, as she might or could do if personally present, with full power of substitution and revocation, hereby ratifying and confirming all that Thomas Butler, said attorney in fact, shall lawfully do or cause to be done by virtue hereof.

IN WITNESS WHEREOF, the undersigned has set his hand and seal this _26_ day of _June_, 2020

Witnesses:

_____
Olga Kroutoia a/k/a Olga Kroutoi

Print Name: _Victoria Krutoy_

Print Name: _Victor Kanevsky_

STATE OF _Florida_ )
                    )
COUNTY OF _Dade_ )

The foregoing instrument was acknowledged before me, by means of ● physical presence or ● online notarization, this _26_ day of _June_, 2020, by OLGA KROUTOIA (also known as OLGA KROUTOI), who is personally known to me or has produced a driver's license as identification.

Print Name: _Svetlana Ianovskaia_

[NOTARIAL SEAL]   Notary Public, State of _Florida_

My Commission Expires:

Commission No. _GG043823_

SVETLANA IANOVSKAIA
Notary Public - State of Florida
Commission # GG 043823
My Comm. Expires Feb 14, 2021
Bonded through National Notary Assn

MIADOCS 20197541 1 FIRM.0000

PL-000042

# EXHIBIT  G



## FISHER ISLAND INVESTMENT IRREVOCABLE TRUST AGREEMENT

I, Oleg Bourlakov, hereby establish this trust agreement by and between myself, as settlor (the "Settlor") and Steven Landau as the trustee (and in that capacity he and his successors are referred to as the "Trustee").

### General Provisions

1.    *Name of trust.* The name of the trust established by this Agreement is "Fisher Island Investment Irrevocable Trust".

2.    *The trust estate.* The Trustee acknowledges receipt of that certain Condominium Unit No. 7471 of 7400 Oceanside At Fisher Island Condominium, a Condominium, according to the Declaration of Condominium thereof, recorded in Official Records Book 20666, Page 292, of the Public Records of Miami-Dade County, Florida (the "Property" or the "trust estate").

3.    *Primary Beneficiaries.* The Trustee agrees to hold the trust estate as set forth in this trust agreement for the benefit of Nikolai and Vera Kazakov, husband and wife, as tenants by the entirety (collectively, the "Primary Beneficiary") during their lifetime and for the benefit of certain other persons after their death.

### Settlor's Rights

4.    *Settlor's rights.* I can for any reason and at any time (i) remove or replace the existing Trustee or any subsequent Trustee or co-Trustees and name a new Trustee or new co-Trustees, (ii) appoint new, additional or successor and alternate successor Trustees and co-Trustees (whether individual or corporate, and without removing a Trustee then serving), (iii) remove or replace any Trustee serving or designated to serve as a successor, and (iv) add assets to the trust estate. These rights belong to me personally, and no one else can exercise them. A person named by me in a durable power of attorney or a court appointed guardian can exercise the powers granted to me by this trust agreement. The Trustee is prohibited from questioning any exercise of these rights by me if my power to exercise them has not been suspended.

### Disability of Trustee

5.    *Removal for disability.* An individual Trustee will cease to serve immediately if he or she becomes disabled.

### Irrevocable Trust

6.    *Trust is irrevocable.* Neither the Trustee nor any Primary Beneficiary nor Settlor can amend or revoke this trust agreement, withdraw assets, or require changes in investments.

### Trust During Primary Beneficiary's Lifetime

7.    *Trust for Primary Beneficiary's benefit.* During the Primary Beneficiary's lifetime, the Trustee will hold the trust estate as a separate trust for the Primary Beneficiary's sole benefit. The Trustee shall distribute such amounts of principal or income obtained from the

1

Property to the Primary Beneficiary.  Distributions to the Primary Beneficiary may include distributions which discharge a legal obligation of the Primary Beneficiary.  The Primary Beneficiary will be the only beneficiary during the Primary Beneficiary's lifetime.  Any undistributed income shall be added to principal periodically.

## When the Primary Beneficiary Dies

8.    *Upon Death of the Primary Beneficiary.* Upon the death of the last person comprising Primary Beneficiary the Trustee will set aside the remaining trust assets for the benefit of Primary Beneficiary's lineal descendants, per stirpes.

## Resignation

9.    *Trustee's Resignation.* Any Trustee can resign by giving sixty days written notice to me.

## Compensation

10.    *Trustee fees.* No Trustee is entitled to receive compensation for services rendered in the administration of the trust.

## Delegation of Powers

11.    *Majority rule.* If more than one Trustee is serving at any time, only a majority of the Trustees authorized to exercise a power or discretion may exercise such power or discretion of the Trustees unless unanimous agreement is specifically required by other terms of this trust agreement.  If there are only two trustees serving, they may only act by unanimous consent.  In the case there shall be more than one trustee, a trustee may delegate to any one or more other trustees the authority to act on behalf of him and to exercise any power held by him.  A trustee who consents to the delegation of authority to another trustee will be liable for the consequences of the actions of such other trustee as if the consenting trustee had joined the other trustee in performing those actions.

## The Trustee's Powers

12.    *Trustee powers.* The Trustee has all powers given to trustees by applicable law. The Trustee can exercise its powers independently and without court approval.  Persons dealing with the Trustee have no duty or obligation to question the Trustee's actions or its use of the trust estate.  Without restricting the powers given to it by law, the Trustee also has the following powers:

(a)    Contract for the maintenance, repair, protection, or conservation of the Property;

(b)    Employ property managers, accountants, legal counsel, consultants, advisers, brokers and other agents or employees, and to pay to them reasonable compensation; and

2

(c)    Convey the Property to a successor trustee or successor trustees and grant such successor trustee all of the rights, title, estate, powers and authorities vested in the Trustee.

13.    *Major Decisions*. Trustee shall not do any of the following without first obtaining the prior written consent of all beneficiaries of this Trust:

(a)    Sell, convey, contract to sell, grant an option to purchase, either with or without consideration, the Property or any right, title or interest therein on any terms;

(b)    Donate the Property;

(c)    Borrow money and secure the repayment thereof by mortgage, pledge or encumbrance of the Property,

(d)    Exchange the Property for other real or personal property;

(e)    Convey the Property by deed or other conveyance to any grantee, either with or without consideration;

(f)    Lease the Property, from time to time, by leases to commence presently or in the future; renew or extend leases and amend, change or modify leases and the terms and provisions thereof; contract to make leases and grant options to lease and options to renew leases;

(g)    Grant easements or licenses; or

(h)    Release or assign any right, title or interest in or about the Property.

**Protection of Third Parties Dealing with Trustee**

14.    No party dealing with the Trustee in relation to the Property in any manner whatsoever, and (without limiting the foregoing) no party to whom the Property or any part of it or any interest in it shall be conveyed, contracted or sold, leased or mortgaged by the Trustee, shall be obliged (a) to see to the application of any purchase money, rent or money borrowed or otherwise advanced on the Property, (b) to see that the terms of this Trust Agreement have been complied with, (c) to inquire into the authority, necessity or expediency of any act of the Trustee or (d) be privileged to inquire into any of the terms of this Trust Agreement. Every deed, mortgage, lease or other instrument executed by the Trustee in relation to the Property shall be conclusive evidence in favor of every person claiming any right, title or interest under the Trust (i) that at the time of its delivery the Trust created under this Trust Agreement was in full force and effect; (ii) that instrument was executed in accordance with the terms and conditions of this Trust Agreement and all its amendments, if any, and is binding upon all Beneficiaries under it; (iii) that the Trustee was duly authorized and empowered to execute and deliver each such instrument; (iv) if a conveyance has been made to a successor trustee or successor trustees, that the successor or successors have been properly appointed and are fully vested with all rights, title, estate, powers, duties and obligations of its, his or their predecessor in trust

3

**Miscellaneous Rules**

15.     *General rules.* The following rules govern the administration of all trusts.

15.1     *Distributions.* If the Trustee knows that a beneficiary has other available income and resources, it should take them into account when deciding how much to distribute to or for the benefit of the beneficiary. The Trustee does not have to get financial statements or tax returns from the beneficiary. The Trustee can make payments directly to a beneficiary or to other persons for his or her benefit (including contributing any or all of the trust assets to other trusts created by the Trustee or by other persons for the benefit of the beneficiary), but it does not have to make payments to a court appointed guardian. The Trustee's decision on amounts to be spent will be final.

15.2     *Coordinating with guardians.* If a beneficiary is a minor or under other legal disability, the Trustee should consult with the beneficiary's guardian to establish a budget for the beneficiary's needs when making distributions as provided in this trust agreement. The Trustee will be responsible to determine the amounts to be distributed, and to establish procedures for disbursing funds to the guardian. The Trustee can make distributions or allow use of trust assets that also provide some incidental or indirect benefit to the beneficiary's guardian, but only if the distributions are for the primary benefit of the beneficiary.

(a)     *Protecting the Trustee.* I recognize that some of these terms may be ambiguous, incapable of precise definition, and subject to various interpretations. I also recognize that implementing my wishes may increase the costs of administering the trust, and may result in challenges to the Trustee's exercise of discretion in making (or not making) distributions. Therefore I relieve the Trustee from liability for any decision it makes regarding whether a distribution would be in a beneficiary's best interests, if it makes the decision in good faith. I further direct that the Trustee be indemnified from the assets of the beneficiary's trust for any liability, damages, attorney's fees, expenses, and costs incurred as a result of claims or demands made by the beneficiary challenging the Trustee's decision to make or not make distributions, provided the Trustee acts in good faith.

**Notices**

16.     *Notices.* Whenever notice is required under this agreement, it will be effective if delivered in person or as follows.

(a)     *Notice to corporate trustee.* Notice to a corporate Trustee will be effective only if delivered to the officer who is primarily responsible for the administration of the trust, at the address shown on the corporate Trustee's correspondence or accounting statements for the trust.

(b)     *Notice to individual.* Notice to an individual that is not delivered in person will be effective if delivered to the individual's last known place of residence or where the individual regularly conducts business or is employed.

(c)     *How notice is given.* If notice is sent by ordinary mail, it will be regarded as delivered five days after mailing. If notice is sent by any other method, it will be

4

regarded as delivered upon written receipt signed by the person to whom it was addressed, an adult member of that person's household, an adult employee at that person's place of business or employment, or someone else authorized to act on that person's behalf. If the person who received the delivery refused to sign a receipt for it or refused the delivery itself, the notice will be regarded as delivered on the date identified in a written statement signed by the person who made or attempted to make the delivery.

### Dealing with Minors and Incapacitated Persons

17.    *Minors and incapacitated persons.* Whenever any provision of this agreement requires that notice be given to or that consent be obtained from a person who is a minor or who is legally incapacitated, it shall be sufficient for all purposes if notice is given to or consent obtained from that person's attorney-in-fact, legal guardian, natural guardian if there is no legal guardian, or other legal representative.

### Absence

18.    *Definition of absence.* For all purposes of this agreement, a person will be deemed to be absent if (i) the whereabouts of that person are unknown and he or she has not had an exchange of written or oral communications for thirty consecutive days with a Trustee, a designated successor Trustee, or a person who has the power under this agreement to appoint a successor Trustee, or (ii) even if the person's whereabouts are known, the facts and circumstances are such that the person cannot communicate freely, voluntarily, and confidentially with respect to the administration of the trust for thirty consecutive days. Under either of those circumstances, if that person is then serving as a Trustee and administration of the trust requires the appointment of another Trustee prior to the expiration of thirty days, that person will be deemed to be absent upon the unanimous written determination of the following: (i) all other persons then serving as Trustee, (ii) the person or persons designated under this agreement to succeed that person as Trustee, if any, and (iii) the person or persons with the authority under this agreement to appoint a Trustee to succeed that person as Trustee.

### Miscellaneous Provisions

18.1    *Governing law for validity and meaning.* This trust agreement is executed under Florida law.

(a)    *Substance and procedure.* The substantive and procedural law of Florida will govern all aspects of this trust agreement, including, but not limited to, its validity and construction.

(b)    *Place of administration.* Florida law will initially govern all matters involving the administration of all trusts under this trust agreement. Subject to the other provisions of this trust agreement, the Trustee may elect to have the laws of the jurisdiction where a trust has its principal place of administration govern all matters involving the administration of that trust. Each trust shall be administered at a place that the Trustee believes to be generally and reasonably appropriate to its purposes and administration. The Trustee need not choose a particular place which might be deemed more advantageous for one or more particular purposes (including, without limit, tax or creditor-protection purposes). The Trustee

5

shall not be under a continuing duty to determine the most appropriate place for a trust to be administered or to relocate the trust to another place. The Trustee shall not be required to notify any beneficiary of a proposed transfer of a trust's principal place of administration prior to initiating the transfer.

18.2    *General references.* Gender references mean either masculine or feminine, as appropriate.  Number references include both singular and plural if the context permits or requires.  Reference to a clause or subclause includes (as appropriate) the entire clause of which it is a part and all subclauses and paragraphs in that clause.  The use of descriptive margin notations and captions for clauses and paragraphs is for convenience only and is not meant to restrict the application of those provisions.  The words "will" and "shall" are used interchangeably in this trust agreement.  Unless the context indicates otherwise, "will" and "shall" mean that the Trustee must take the action indicated, and "may" means that the Trustee has the discretionary authority to take the action but is not automatically required to do so.

18.3    *Further instruments.* I will execute any further instruments necessary to vest the Trustee with full legal title to the assets transferred to it under this trust agreement.

18.4    *Binding effect.* The terms of this trust agreement extend to and are binding upon my personal representatives, successors, and assigns and upon the successors and assigns of the Trustee

18.5    *Entire Agreement.* The terms of this trust agreement shall control and take precedence over and supersede any other trust agreement with respect to the Property created by Settlor or Trustee.  This trust agreement contains the entire understanding between Settlor and Trustee as it relates to the Property. **Any current or prior agreements, representations, understandings or oral statements, if not expressed in this trust agreement, are hereby replaced in their entirety by the terms of this agreement.**

In witness whereof, I have executed this trust agreement as of the date shown on the first page.

*Signature Page to Follow*

6

**SETTLOR**

_____
OLEG BOURLAKOV

This instrument was signed, sealed, published, and declared by Oleg Bourlakov as his trust in our joint presence, and at his request we have signed our names as attesting witnesses in his presence and in the presence of each other on July 13th, 2020.

Witness Signature

_____
Print Name: **JEKATERINA POZNANSKA**

_____
Print Name: **SEMEN ANUFRIEV**

Witness Address

Dzirciema Street 31-23, Riga, Republic of Latvia

Menzelstr. 8, 14193 Berlin, Federal Republic of Germany

THE REPUBLIC OF LATVIA
RIGA

7

Acknowledged and accepted by:

TRUSTEE

_____

This instrument was signed by _____ as trustee, and at his request we have signed our names as attesting witnesses in his presence and in the presence of each other on _____, 2020.

Witness Signature                    Witness Address

_____          _____
Print Name_____          _____

_____          _____
Print Name_____          _____

8

Riga City, Skolas Street 31, on the 13th of July, year two thousand and twenty (13.07.2020.), before me, Sworn Notary of the Riga City Regional Court Anita Elksne, appeared Jekaterina Poznanska, Semen Anufriev and Oleg Bourlakov with drawn up document, and requested to certify the rightness of his signature on this document.

I, Sworn Notary of the Riga City Regional Court Anita Elksne, **hereby certify that the signatures of:**

**OLEG BOURLAKOV**, born in St Petersburg on the 24TH of August, year 1949, declared place of residence in 5 av. Princesse Grace, 98000 Monaco, Principality of Monaco, whose identity was verified by passport of citizen of Canada No. HP745590, issued on 22.12.2017. by North York, and

**JEKATERINA POZNANSKA**, born in Riga on the 23rd of March, year 1986, personal identity number in Latvia 230386-12953, declared place of residence in Dzirciema Street 31-23, Riga, Republic of Latvia, whose identity was verified by identity card by citizen of Republic of Latvia No. PA0793754, issued on 11.03.2016. by OCMA Riga 1st Division, and

**SEMEN ANUFRIEV**, born in St Petersburg on the 15TH of June, year 1978, declared place of residence in Menzelstr. 8, 14193 Berlin, Federal Republic of Germany, whose identity was verified by identity card of citizen of Federal Republic of Germany No. L4V2X4H29, issued on 09.11.2017. by Generalkonsulat Marseille, **on the document attached are authentic and given in my presence.**

In accordance with Article 116 of the Notary Law the document on which only the authenticity of signatures has been certified shall be recognised as private document and the sworn notary shall not be responsible for the content of the document.

The Sworn Notary has verified the identity of the natural person mentioned above, however, not his rights to represent the company mentioned in the document or the legal capacity of the company itself.

Filed under No. 7/07
State duty: EUR 0.71
Official remuneration: EUR 33.00
Verification at the database of the Population Register EUR 6.27
Verification at the database of the Register of Invalid Documents EUR 4.26
VAT 21% (excl. state duty): EUR 9.29
Total: EUR 53.53

**SWORN NOTARY**                                              **ANITA ELKSNE**

*(seal: Republic of Latvia, Riga Regional Court* Sworn notary ANITA ELKSNE* Riga)*



9 pages are sewn together
and sealed in this document
on the 13th of July 20 20.
Sworn Notary ANITA ELKSNE

# EXHIBIT   H

Case 1:24-mc-00071-JPO    Document 11    Filed 03/25/24    Page 103 of 142

CFN: 20200655155 BOOK 32193 PAGE 4529
DATE:11/12/2020  04:07:43 PM
HARVEY RUVIN, CLERK OF COURT, MIA-DADE CTY

Prepared by and Return to:
Florentino L. Gonzalez, Esq.
Shutts & Bowen LLP
200 S. Biscayne Blvd., Suite 4100
Miami, Florida  33131

## TRUST AFFIDAVIT

STATE OF FLORIDA          )
                          )
COUNTY OF MIAMI-DADE  )

BEFORE ME, the undersigned authority, personally appeared STEVEN LANDAU ("Affiant"), who, being before me first duly sworn, on oath, deposes and says:

1. Affiant is the sole trustee (in such capacity, the "Trustee") of the 7471 Fisher Island Dr. 2017 Revocable Trust (the "Trust"), dated November 21, 2017 (the "Trust Agreement").

2. The Trust was created pursuant to Section 689.071 of the Florida Statutes.

3. The Trust Agreement is in full force and effect and has not been revoked, amended or modified.

4. The Trustee has or has obtained the full power and authority he believes is necessary to sell and convey the following described property located in Miami-Dade County, Florida (the "Property"):

> Unit No. 7471 of 7400 OCEANSIDE AT FISHER ISLAND CONDOMINIUM, a Condominium, according to the Declaration of Condominium thereof, recorded in Official Records Book 20666, at Page 292, of the Public Records of Miami-Dade County, Florida.

5. Section 8 of the Trust Agreement states the following:

> "*Every deed, mortgage, lease or other instrument executed by the Trustee in relation to the Property shall be conclusive evidence in favor of every person claiming any right, title or interest under the Trust (a) that at the time of its delivery the Trust created under this Agreement was in full force and effect, (b) that instrument was executed in accordance with the terms and conditions of this Agreement and all its amendments, if any, and is binding upon all Beneficiaries under it; (c) that the Trustee was duly authorized and empowered to execute and deliver each such instrument; (d) if a conveyance has been made to a successor or successors in trust, that the successor or successors have been appointed properly and are vested fully with all the title, estate, rights, powers, duties and obligations of its, his or their predecessor in trust.*"

PL-000034

CFN: 20200655155 BOOK 32193 PAGE 4530

Affiant further states that he is familiar with the nature of an oath and with the penalties as provided by the applicable law for falsely swearing to statements made in an instrument of this nature. Affiant further certifies that he has read, or has heard read to him, the full facts of this Affidavit, and understands its contents.

_____
STEVEN LANDAU, Individually and as Trustee of the 7471 Fisher Island Dr 2017 Revocable Trust

The foregoing instrument was acknowledged before me by means of ☑ physical presence or ☐ online notarization, this ___ day of _____, 2020 by STEVEN LANDAU, Individually, and as Trustee of the 7471 Fisher Island Dr 2017 Revocable Trust. He (check one) ☑ is personally known to me, or ☐ has produced a valid driver's license or _____ as identification.

SEAL

ELAINE GISELLE HILL
MY COMMISSION # GG 930938
EXPIRES: December 11, 2023
Bonded Thru Notary Public Underwriters

_____
Notary Public

_____
Printed Notary Name

My Commission Expires:

2

**PL-000035**

# EXHIBIT  I

CFN: 20200655157 BOOK 32193 PAGE 4533
DATE:11/12/2020 04:07:43 PM
HARVEY RUVIN, CLERK OF COURT, MIA-DADE CTY

Investment Prepared by and Return to:
Florentino L. Gonzalez, Esq.
Shutts & Bowen LLP
200 S. Biscayne Blvd., Suite 4100
Miami, Florida 33131

## TRUST AFFIDAVIT

STATE OF FLORIDA          )
                          )
COUNTY OF MIAMI-DADE   )

BEFORE ME, the undersigned authority, personally appeared STEVEN LANDAU ("Affiant"), who, being before me first duly sworn, on oath, deposes and says:

1.      Affiant is the currently appointed trustee (in such capacity, the "Trustee") under the Fisher Island Investment Irrevocable Trust Agreement dated ⅍, 2020 (the "Trust").

2.      Although Affiant is the currently appointed trustee under the *JULY 13,2020 Trust, the Settlor under the Trust (which is someone other than Affiant) may from time to time and in his sole discretion appoint a different trustee or more than one trustee to act as the trustee or co-trustees of the Trust.

Affiant further states that he is familiar with the nature of an oath and with the penalties as provided by the applicable law for falsely swearing to statements made in an instrument of this nature. Affiant further certifies that he has read, or has heard read to him, the full facts of this Affidavit, and understands its contents.



_____
STEVEN LANDAU, individually, and as Trustee under the Fisher Island Investment Irrevocable Trust Agreement dated          , 2020

The foregoing instrument was acknowledged before me by means of ☑ physical presence or ☐ online notarization, this 18ᵗʰ day of ___Sept.___, 2020 by STEVEN LANDAU, individually, and as Trustee under the Fisher Island Investment Irrevocable Trust Agreement dated 7/13/, 2020. He (check one) ☑ is personally known to me, or ☐ has produced a valid driver's license or _____ as identification.

SEAL

ELAINE GISELLE HILL
MY COMMISSION # GG 930938
EXPIRES: December 11, 2023
Bonded Thru Notary Public Underwriters

_____
Notary Public

_____
Printed Notary Name

My Commission Expires:

PL-000036

# EXHIBIT  J

CFN: 20200655156 BOOK 32193 PAGE 4531
DATE:11/12/2020  04:07:43 PM
DEED DOC 30,000.00
HARVEY RUVIN, CLERK OF COURT, MIA-DADE CTY

**This Instrument Prepared By:**

Florentino L. Gonzalez, Esq.
Shutts & Bowen LLP
200 S. Biscayne Boulevard
Suite 4100
Miami, Florida 33131

Folio No. 30-4210-015-0070

## WARRANTY DEED

THIS WARRANTY DEED ("**Deed**") is made this 18th day of September, 2020, by STEVEN LANDAU, individually, and as Trustee of the 7471 Fisher Island Dr 2017 Revocable Trust dated November 21, 2017 ("**Grantor**"), whose address is c/o Thomas E. Butler, Esq. 7 Times Square, Suite 2900, New York, NY 10036 to STEVEN LANDAU, as Trustee under the Fisher Island Investment Irrevocable Trust Agreement dated July 13, 2020 ("**Grantee**"), whose address is 7471 Fisher Island Drive, Unit #7471, Miami, Florida 33109.

## WITNESSETH:

That the Grantor, for and in consideration of the sum of Ten and No/100 ($10,00) Dollars and other good and valuable consideration, receipt of which is hereby acknowledged, hereby grants, bargains, sells, aliens, remises, releases, conveys and confirms to Grantee that certain real property situate in Miami-Dade County, Florida, to-wit ("**Property**"):

Condominium Unit No. 7471 of 7400 OCEANSIDE AT FISHER ISLAND CONDOMINIUM, a Condominium, according to the Declaration of Condominium thereof, recorded in Official Records Book 20666, Page 292, of the Public Records of Miami-Dade County, Florida, together with an undivided interest in the common elements appurtenant thereto.

TOGETHER WITH all the tenements, hereditaments, and appurtenances thereto belonging or in anywise appertaining.

This conveyance is subject to:

1.      Taxes for the year 2020 and thereafter;

2.      Zoning and other regulatory laws and ordinances, prohibitions and other requirements imposed by governmental authority;

3.      Those certain restrictions, reservations, covenants, conditions, limitations and easements of record, without reimposition of the same to the extent any of the foregoing have been released, expired, or are in any way no longer legally enforceable.

TO HAVE AND TO HOLD the Property in fee simple forever.

Grantor hereby covenants with the Grantee that he is lawfully seized of the Property in fee simple; that Grantor has good right and lawful authority to convey the Property; that, except

1

MIADOCS 20165524 2 51975.0001

**PL-000032**

as noted above, the Property is free from all liens and encumbrances, and that Grantor hereby warrants the title to the Property, and will defend the same against the lawful claims of all persons whomsoever. The terms "Grantor" and "Grantee" refer to the singular or plural, as context requires.

The Property is not now nor has it ever been the homestead of the Grantor or any member of his family under the laws and the constitution of the State of Florida, and that neither the Grantor nor any member of his family has ever resided thereon.

IN WITNESS WHEREOF, the Grantor has executed this Deed on the day and year first above written.

Signed, sealed and delivered
in the presence of:

_____
Signature
    Rod Coleman
Print Name

_____
Signature
    ANNETTE POTENZA
Print Name

_____
STEVEN LANDAU, individually, and as
Trustee of the 7471 Fisher Island Dr 2017
Revocable Trust dated November 21, 2017

STATE OF FLORIDA

COUNTY OF MIAMI-DADE

The foregoing instrument was acknowledged before me by means of ☐ physical presence or ☐ online notarization, this ____ day of _____, 2020 by STEVEN LANDAU, individually, and as Trustee of the 7471 Fisher Island Dr 2017 Revocable Trust dated November 21, 2017. He (check one) ☑ is personally known to me, or ☐ has produced a valid driver's license or _____ as identification.

_____

Print Name: _____
Commission No.: _____
My Commission Expires: _____
Notary Public, State of Florida

ELAINE GISELLE HILL
MY COMMISSION # GG 930938
EXPIRES: December 11, 2023
Bonded Thru Notary Public Underwriters

2

PL-000033

# EXHIBIT   K

## FISHER ISLAND INVESTMENT IRREVOCABLE TRUST AGREEMENT

I, Oleg Bourlakov, hereby establish this trust agreement by and between myself, as settlor (the "Settlor") and Steven Landau as the trustee (and in that capacity he and his successors are referred to as the "Trustee").

### General Provisions

1.    *Name of trust.* The name of the trust established by this Agreement is "Fisher Island Investment Irrevocable Trust".

2.    *The trust estate.* The Trustee acknowledges receipt of that certain Condominium Unit No. 7471 of 7400 Oceanside At Fisher Island Condominium, a Condominium, according to the Declaration of Condominium thereof, recorded in Official Records Book 20666, Page 292, of the Public Records of Miami-Dade County, Florida (the "Property" or the "trust estate").

3.    *Primary Beneficiaries.* The Trustee agrees to hold the trust estate as set forth in this trust agreement for the benefit of Nikolai and Vera Kazakov, husband and wife, as tenants by the entirety (collectively, the "Primary Beneficiary") during their lifetime and for the benefit of certain other persons after their death.

### Settlor's Rights

4.    *Settlor's rights.* I can for any reason and at any time (i) remove or replace the existing Trustee or any subsequent Trustee or co-Trustees and name a new Trustee or new co-Trustees, (ii) appoint new, additional or successor and alternate successor Trustees and co-Trustees (whether individual or corporate, and without removing a Trustee then serving), (iii) remove or replace any Trustee serving or designated to serve as a successor, and (iv) add assets to the trust estate. These rights belong to me personally, and no one else can exercise them. A person named by me in a durable power of attorney or a court appointed guardian can exercise the powers granted to me by this trust agreement. The Trustee is prohibited from questioning any exercise of these rights by me if my power to exercise them has not been suspended.

### Disability of Trustee

5.    *Removal for disability.* An individual Trustee will cease to serve immediately if he or she becomes disabled.

### Irrevocable Trust

6.    *Trust is irrevocable.* Neither the Trustee nor any Primary Beneficiary nor Settlor can amend or revoke this trust agreement, withdraw assets, or require changes in investments.

### Trust During Primary Beneficiary's Lifetime

7.    *Trust for Primary Beneficiary's benefit.* During the Primary Beneficiary's lifetime, the Trustee will hold the trust estate as a separate trust for the Primary Beneficiary's sole benefit. The Trustee shall distribute such amounts of principal or income obtained from the

1

Property to the Primary Beneficiary. Distributions to the Primary Beneficiary may include distributions which discharge a legal obligation of the Primary Beneficiary. The Primary Beneficiary will be the only beneficiary during the Primary Beneficiary's lifetime. Any undistributed income shall be added to principal periodically.

### When the Primary Beneficiary Dies

8.    *Upon Death of the Primary Beneficiary.* Upon the death of the last person comprising Primary Beneficiary the Trustee will set aside the remaining trust assets for the benefit of Primary Beneficiary's lineal descendants, per stirpes.

### Resignation

9.    *Trustee's Resignation.* Any Trustee can resign by giving sixty days written notice to me.

### Compensation

10.    *Trustee fees.* No Trustee is entitled to receive compensation for services rendered in the administration of the trust.

### Delegation of Powers

11.    *Majority rule.* If more than one Trustee is serving at any time, only a majority of the Trustees authorized to exercise a power or discretion may exercise such power or discretion of the Trustees unless unanimous agreement is specifically required by other terms of this trust agreement. If there are only two trustees serving, they may only act by unanimous consent. In the case there shall be more than one trustee, a trustee may delegate to any one or more other trustees the authority to act on behalf of him and to exercise any power held by him. A trustee who consents to the delegation of authority to another trustee will be liable for the consequences of the actions of such other trustee as if the consenting trustee had joined the other trustee in performing those actions.

### The Trustee's Powers

12.    *Trustee powers.* The Trustee has all powers given to trustees by applicable law. The Trustee can exercise its powers independently and without court approval. Persons dealing with the Trustee have no duty or obligation to question the Trustee's actions or its use of the trust estate. Without restricting the powers given to it by law, the Trustee also has the following powers:

(a)    Contract for the maintenance, repair, protection, or conservation of the Property;

(b)    Employ property managers, accountants, legal counsel, consultants, advisers, brokers and other agents or employees, and to pay to them reasonable compensation; and

2

(c)    Convey the Property to a successor trustee or successor trustees and grant such successor trustee all of the rights, title, estate, powers and authorities vested in the Trustee.

13.    *Major Decisions.* Trustee shall not do any of the following without first obtaining the prior written consent of all beneficiaries of this Trust:

(a)    Sell, convey, contract to sell, grant an option to purchase, either with or without consideration, the Property or any right, title or interest therein on any terms;

(b)    Donate the Property;

(c)    Borrow money and secure the repayment thereof by mortgage, pledge or encumbrance of the Property,

(d)    Exchange the Property for other real or personal property;

(e)    Convey the Property by deed or other conveyance to any grantee, either with or without consideration;

(f)    Lease the Property, from time to time, by leases to commence presently or in the future; renew or extend leases and amend, change or modify leases and the terms and provisions thereof; contract to make leases and grant options to lease and options to renew leases;

(g)    Grant easements or licenses; or

(h)    Release or assign any right, title or interest in or about the Property.

## Protection of Third Parties Dealing with Trustee

14.    No party dealing with the Trustee in relation to the Property in any manner whatsoever, and (without limiting the foregoing) no party to whom the Property or any part of it or any interest in it shall be conveyed, contracted or sold, leased or mortgaged by the Trustee, shall be obliged (a) to see to the application of any purchase money, rent or money borrowed or otherwise advanced on the Property, (b) to see that the terms of this Trust Agreement have been complied with, (c) to inquire into the authority, necessity or expediency of any act of the Trustee or (d) be privileged to inquire into any of the terms of this Trust Agreement. Every deed, mortgage, lease or other instrument executed by the Trustee in relation to the Property shall be conclusive evidence in favor of every person claiming any right, title or interest under the Trust (i) that at the time of its delivery the Trust created under this Trust Agreement was in full force and effect; (ii) that instrument was executed in accordance with the terms and conditions of this Trust Agreement and all its amendments, if any, and is binding upon all Beneficiaries under it; (iii) that the Trustee was duly authorized and empowered to execute and deliver each such instrument; (iv) if a conveyance has been made to a successor trustee or successor trustees, that the successor or successors have been properly appointed and are fully vested with all rights, title, estate, powers, duties and obligations of its, his or their predecessor in trust

3

## Miscellaneous Rules

15.    *General rules.* The following rules govern the administration of all trusts.

15.1    *Distributions.* If the Trustee knows that a beneficiary has other available income and resources, it should take them into account when deciding how much to distribute to or for the benefit of the beneficiary. The Trustee does not have to get financial statements or tax returns from the beneficiary. The Trustee can make payments directly to a beneficiary or to other persons for his or her benefit (including contributing any or all of the trust assets to other trusts created by the Trustee or by other persons for the benefit of the beneficiary), but it does not have to make payments to a court appointed guardian. The Trustee's decision on amounts to be spent will be final.

15.2    *Coordinating with guardians.* If a beneficiary is a minor or under other legal disability, the Trustee should consult with the beneficiary's guardian to establish a budget for the beneficiary's needs when making distributions as provided in this trust agreement. The Trustee will be responsible to determine the amounts to be distributed, and to establish procedures for disbursing funds to the guardian. The Trustee can make distributions or allow use of trust assets that also provide some incidental or indirect benefit to the beneficiary's guardian, but only if the distributions are for the primary benefit of the beneficiary.

(a)    *Protecting the Trustee.* I recognize that some of these terms may be ambiguous, incapable of precise definition, and subject to various interpretations. I also recognize that implementing my wishes may increase the costs of administering the trust, and may result in challenges to the Trustee's exercise of discretion in making (or not making) distributions. Therefore I relieve the Trustee from liability for any decision it makes regarding whether a distribution would be in a beneficiary's best interests, if it makes the decision in good faith. I further direct that the Trustee be indemnified from the assets of the beneficiary's trust for any liability, damages, attorney's fees, expenses, and costs incurred as a result of claims or demands made by the beneficiary challenging the Trustee's decision to make or not make distributions, provided the Trustee acts in good faith.

## Notices

16.    *Notices.* Whenever notice is required under this agreement, it will be effective if delivered in person or as follows.

(a)    *Notice to corporate trustee.* Notice to a corporate Trustee will be effective only if delivered to the officer who is primarily responsible for the administration of the trust, at the address shown on the corporate Trustee's correspondence or accounting statements for the trust.

(b)    *Notice to individual.* Notice to an individual that is not delivered in person will be effective if delivered to the individual's last known place of residence or where the individual regularly conducts business or is employed.

(c)    *How notice is given.* If notice is sent by ordinary mail, it will be regarded as delivered five days after mailing. If notice is sent by any other method, it will be

4

regarded as delivered upon written receipt signed by the person to whom it was addressed, an adult member of that person's household, an adult employee at that person's place of business or employment, or someone else authorized to act on that person's behalf. If the person who received the delivery refused to sign a receipt for it or refused the delivery itself, the notice will be regarded as delivered on the date identified in a written statement signed by the person who made or attempted to make the delivery.

## Dealing with Minors and Incapacitated Persons

17.    *Minors and incapacitated persons.* Whenever any provision of this agreement requires that notice be given to or that consent be obtained from a person who is a minor or who is legally incapacitated, it shall be sufficient for all purposes if notice is given to or consent obtained from that person's attorney-in-fact, legal guardian, natural guardian if there is no legal guardian, or other legal representative.

## Absence

18.    *Definition of absence.* For all purposes of this agreement, a person will be deemed to be absent if (i) the whereabouts of that person are unknown and he or she has not had an exchange of written or oral communications for thirty consecutive days with a Trustee, a designated successor Trustee, or a person who has the power under this agreement to appoint a successor Trustee, or (ii) even if the person's whereabouts are known, the facts and circumstances are such that the person cannot communicate freely, voluntarily, and confidentially with respect to the administration of the trust for thirty consecutive days. Under either of those circumstances, if that person is then serving as a Trustee and administration of the trust requires the appointment of another Trustee prior to the expiration of thirty days, that person will be deemed to be absent upon the unanimous written determination of the following: (i) all other persons then serving as Trustee, (ii) the person or persons designated under this agreement to succeed that person as Trustee, if any, and (iii) the person or persons with the authority under this agreement to appoint a Trustee to succeed that person as Trustee.

## Miscellaneous Provisions

18.1    *Governing law for validity and meaning.* This trust agreement is executed under Florida law.

(a)    *Substance and procedure.* The substantive and procedural law of Florida will govern all aspects of this trust agreement, including, but not limited to, its validity and construction.

(b)    *Place of administration.* Florida law will initially govern all matters involving the administration of all trusts under this trust agreement. Subject to the other provisions of this trust agreement, the Trustee may elect to have the laws of the jurisdiction where a trust has its principal place of administration govern all matters involving the administration of that trust. Each trust shall be administered at a place that the Trustee believes to be generally and reasonably appropriate to its purposes and administration. The Trustee need not choose a particular place which might be deemed more advantageous for one or more particular purposes (including, without limit, tax or creditor-protection purposes). The Trustee

shall not be under a continuing duty to determine the most appropriate place for a trust to be administered or to relocate the trust to another place. The Trustee shall not be required to notify any beneficiary of a proposed transfer of a trust's principal place of administration prior to initiating the transfer.

18.2    *General references.* Gender references mean either masculine or feminine, as appropriate. Number references include both singular and plural if the context permits or requires. Reference to a clause or subclause includes (as appropriate) the entire clause of which it is a part and all subclauses and paragraphs in that clause. The use of descriptive margin notations and captions for clauses and paragraphs is for convenience only and is not meant to restrict the application of those provisions. The words "will" and "shall" are used interchangeably in this trust agreement. Unless the context indicates otherwise, "will" and "shall" mean that the Trustee must take the action indicated, and "may" means that the Trustee has the discretionary authority to take the action but is not automatically required to do so.

18.3    *Further instruments.* I will execute any further instruments necessary to vest the Trustee with full legal title to the assets transferred to it under this trust agreement.

18.4    *Binding effect.* The terms of this trust agreement extend to and are binding upon my personal representatives, successors, and assigns and upon the successors and assigns of the Trustee

18.5    *Entire Agreement.* The terms of this trust agreement shall control and take precedence over and supersede any other trust agreement with respect to the Property created by Settlor or Trustee. This trust agreement contains the entire understanding between Settlor and Trustee as it relates to the Property. **Any current or prior agreements, representations, understandings or oral statements, if not expressed in this trust agreement, are hereby replaced in their entirety by the terms of this agreement.**

In witness whereof, I have executed this trust agreement as of the date shown on the first page.

*Signature Page to Follow*

**SETTLOR**

OLEG BOURLAKOV

This instrument was signed, sealed, published, and declared by Oleg Bourlakov as his trust in our joint presence, and at his request we have signed our names as attesting witnesses in his presence and in the presence of each other on July 13th, 2020.

Witness Signature

Print Name: **JEKATERINA POZNANSKA**

Print Name: **SEMEN ANUFRIEV**

Witness Address

Dzirciema Street 31-23, Riga, Republic of Latvia

Menzelstr. 8, 14193 Berlin, Federal Republic of Germany

THE REPUBLIC OF LATVIA
RIGA

7

Acknowledged and accepted by:

TRUSTEE

_____

This instrument was signed by _Steve Landau_ as trustee, and at his request we have signed our names as attesting witnesses in his presence and in the presence of each other on _Sept 18_, 2020.

Witness Signature                           Witness Address

_____           400 S. DIXIE Hwy., #121
Print Name_ Ron Coleman _                  Boca Raton, Fl. 33432

_____           729 Bayberry Ter.
Print Name_ ANNETTE POTENZA _              Boca Raton, 33486

8

Riga City, Skolas Street 31, on the 13th of July, year two thousand and twenty (13.07.2020.), before me, Sworn Notary of the Riga City Regional Court Anita Elksne, appeared Jekaterina Poznanska, Semen Anufriev and Oleg Bourlakov with drawn up document, and requested to certify the rightness of his signature on this document.

I, Sworn Notary of the Riga City Regional Court Anita Elksne, **hereby certify that the signatures of:**

**OLEG BOURLAKOV**, born in St Petersburg on the 24TH of August, year 1949, declared place of residence in 5 av. Princesse Grace, 98000 Monaco, Principality of Monaco, whose identity was verified by passport of citizen of Canada No. HP745590, issued on 22.12.2017. by North York, and

**JEKATERINA POZNANSKA**, born in Riga on the 23rd of March, year 1986, personal identity number in Latvia 230386-12953, declared place of residence in Dzirciema Street 31-23, Riga, Republic of Latvia, whose identity was verified by identity card by citizen of Republic of Latvia No. PA0793754, issued on 11.03.2016. by OCMA Riga 1st Division, and

**SEMEN ANUFRIEV**, born in St Petersburg on the 15TH of June, year 1978, declared place of residence in Menzelstr. 8, 14193 Berlin, Federal Republic of Germany, whose identity was verified by identity card of citizen of Federal Republic of Germany No. L4V2X4H29, issued on 09.11.2017. by Generalkonsulat Marseille, **on the document attached are authentic and given in my presence.**

In accordance with Article 116 of the Notary Law the document on which only the authenticity of signatures has been certified shall be recognised as private document and the sworn notary shall not be responsible for the content of the document.

The Sworn Notary has verified the identity of the natural person mentioned above, however, not his rights to represent the company mentioned in the document or the legal capacity of the company itself.

Filed under No. 7|07
State duty: EUR 0.71
Official remuneration: EUR 33.00
Verification at the database of the Population Register EUR 6.27
Verification at the database of the Register of Invalid Documents EUR 4.26
VAT 21% (excl. state duty): EUR 9.29
Total: EUR 53.53

**SWORN NOTARY**                                    **ANITA ELKSNE**

(seal: Republic of Latvia, Riga Regional Court* Sworn notary ANITA ELKSNE* Riga)



_9_ pages are sewn together
and sealed in this document
on the 13th of July 20 20.
Sworn Notary ANITA ELKSNE



REPUBLIC OF LATVIA

# INFORMATION ON E-APOSTILLE

This document is legalized with e-Apostille.
The text of the document and e-Apostille is available:

https://notary.lv/apostille/verify/7663993b-81a0-4163-8ae4-
23446b976de3



In the Republic of Latvia, the legalization
of documents with apostille is carried out only in electronic form.

# EXHIBIT   L

CFN: 20200655152 BOOK 32193 PAGE 4523
DATE:11/12/2020  04:07:43 PM
DEED DOC 0.60
HARVEY RUVIN, CLERK OF COURT, MIA-DADE CTY

**THIS INSTRUMENT PREPARED BY**
**RECORD AND RETURN TO:**
Florentino L. Gonzalez, Esq.
Shutts & Bowen LLP
200 South Biscayne Blvd.
Suite 4100
Miami, Florida 33131

Folio No.  30-4210-015-0070

## WARRANTY DEED

THIS WARRANTY DEED, made this 29th day of September, 2020, by IGOR KRUTOY (also known as IGOR KROUTOI) and OLGA KROUTOIA (also known as OLGA KROUTOI), Husband and Wife (the "**Grantor**"), whose address is 1 Central Park South, Apartment No. 1209, New York, New York 10019, to STEVEN LANDAU, as Trustee of the  Fisher Island Investment Irrevocable Trust Agreement dated July 13, 2020 ("**Grantee**"), whose address is 7471 Fisher Island Drive, Unit 7471, Miami, Florida 33109.

## WITNESSETH:

That Grantor, for and in consideration of the sum of Ten Dollars ($10.00) and other good and valuable considerations, to them in hand paid by Grantee, the receipt and adequacy whereof are hereby acknowledged, has granted, bargained, and sold to Grantee, its successors and assigns, all right, title and interest in and to, the following described land, situate and being in Miami-Dade County, Florida (the "**Property**"):

> Condominium Unit No. 7471 of 7400 OCEANSIDE AT FISHER ISLAND CONDOMINIUM, a Condominium, according to the Declaration of Condominium thereof, recorded in Official Records Book 20666, at Page 292 of the Public Records of Miami-Dade County, Florida, together with an undivided interest in the common elements appurtenant thereto.

This conveyance is subject to: all easements, restrictions and reservations of record, provided, however, that this reference thereto shall not operate to reimpose any of same; ad valorem real property taxes for the year 2020 and subsequent years, which are not yet due and payable; and zoning regulations, ordinances and resolutions.

**TO HAVE AND TO HOLD** the Property in fee simple forever.

Grantor hereby covenants with Grantee that it is lawfully seized of the Property in fee simple; that it has good right and lawful authority to sell and convey the Property; that it hereby fully warrants the title to the Property, and will defend the same against the lawful claims of all persons whomsoever.

1

MIADOCS 20164753 2 51975.0001

**PL-000037**

CFN: 20200655152 BOOK 32193 PAGE 4524

Grantor hereby confirms that any prior deeds or transfers of title executed by Grantor with respect to the Property shall be superseded in all respects and in their entirety by this Deed.

IN WITNESS WHEREOF, the Grantor has executed this instrument on the day and year first above written.

Signed, sealed and delivered in the presence of these witnesses:

Print Name: _SHONDA G. MUSE_

Print Name: _Anthony Gonzalez_

Thomas Butler on behalf of Igor Krutoy a/k/a Igor Kroutoi, by virtue of a Limited Power of Attorney dated June 26, 2020

Thomas Butler, on behalf of Olga Kroutoia a/k/a Olga Kroutoi, by virtue of a Limited Power of Attorney dated June 26, 2020

STATE OF ___New York___ )

COUNTY OF ___New York___ )

The foregoing instrument was acknowledged before me, by means of ☑ physical presence or ☐ online notarization, this _29th_ day of _September_, 2020, byTHOMAS BUTLER who is personally known to me or produced driver's licenses as identification.

Print Name: _SHONDA G. MUSE_
Notary Public, State of ___New York___
My Commission Expires: _2/6/2021_
Commission No. _____

[NOTARIAL SEAL]

SHONDA G. MUSE
Notary Public, State of New York
No. 01MU6354399
Qualified in New York County
Commission Expires February 6, 2021

2

PL-000038

# COMPOSITE
# EXHIBIT   M

CFN: 20200655152 BOOK 32193 PAGE 4523
DATE:11/12/2020 04:07:43 PM
DEED DOC 0.60
HARVEY RUVIN, CLERK OF COURT, MIA-DADE CTY

**THIS INSTRUMENT PREPARED BY
RECORD AND RETURN TO:**
Florentino L. Gonzalez, Esq
Shutts & Bowen LLP
200 South Biscayne Blvd.
Suite 4100
Miami, Florida 33131

Folio No. 30-4210-015-0070

## WARRANTY DEED

THIS WARRANTY DEED, made this 29th day of September, 2020, by IGOR KRUTOY (also known as IGOR KROUTOI) and OLGA KROUTOIA (also known as OLGA KROUTOI), Husband and Wife (the "**Grantor**"), whose address is 1 Central Park South, Apartment No. 1209, New York, New York 10019, to STEVEN LANDAU, as Trustee of the Fisher Island Investment Irrevocable Trust Agreement dated July 13 2020 ("**Grantee**"), whose address is 7471 Fisher Island Drive, Unit 7471, Miami, Florida 33109.

### WITNESSETH:

That Grantor, for and in consideration of the sum of Ten Dollars ($10.00) and other good and valuable considerations, to them in hand paid by Grantee, the receipt and adequacy whereof are hereby acknowledged, has granted, bargained, and sold to Grantee, its successors and assigns, all right, title and interest in and to, the following described land, situate and being in Miami-Dade County, Florida (the "**Property**"):

Condominium Unit No. 7471 of 7400 OCEANSIDE AT FISHER ISLAND CONDOMINIUM, a Condominium, according to the Declaration of Condominium thereof, recorded in Official Records Book 20666, at Page 292 of the Public Records of Miami-Dade County, Florida, together with an undivided interest in the common elements appurtenant thereto.

This conveyance is subject to: all easements, restrictions and reservations of record, provided, however, that this reference thereto shall not operate to reimpose any of same; ad valorem real property taxes for the year 2020 and subsequent years, which are not yet due and payable; and zoning regulations, ordinances and resolutions.

**TO HAVE AND TO HOLD** the Property in fee simple forever.

Grantor hereby covenants with Grantee that it is lawfully seized of the Property in fee simple; that it has good right and lawful authority to sell and convey the Property; that it hereby fully warrants the title to the Property, and will defend the same against the lawful claims of all persons whomsoever.

1

MIADOCS 20164753 2 51975 0001

SBX000002

CFN: 20200655152 BOOK 32103 PAGE 4524

Grantor hereby confirms that any prior deeds or transfers of title executed by Grantor with respect to the Property shall be superseded in all respects and in their entirety by this Deed.

IN WITNESS WHEREOF, the Grantor has executed this instrument on the day and year first above written.

Signed, sealed and delivered in the presence of these witnesses:

Print Name:  SHONDA G. MUSE

Print Name:

Thomas Butler on behalf of Igor Krutoy a/k/a Igor Kroutoi, by virtue of a Limited Power of Attorney dated June 26, 2020

Thomas Butler, on behalf of Olga Kroutoia a/k/a Olga Kroutoi, by virtue of a Limited Power of Attorney dated June 26, 2020

STATE OF  New York

COUNTY OF  New York

The foregoing instrument was acknowledged before me, by means of ☑ physical presence or ☐ online notarization, this 29th day of September, 2020, by THOMAS BUTLER who is personally known to me or produced driver's licenses as identification.

[NOTARIAL SEAL]

Print Name:  SHONDA G. MUSE
Notary Public, State of  NEW YORK
My Commission Expires:  2/6/2021
Commission No.

SHONDA G. MUSE
Notary Public, State of New York
No. 01MU6354368
Qualified in New York County
Commission Expires February 6, 2021

2

SBX000003

CFN: 20200655153 BOOK 32193 PAGE 4525
DATE:11/12/2020 04 07:43 PM
HARVEY RUVIN. CLERK OF COURT, MIA-DADE CTY

# DOCUMENT COVER PAGE

(Space Above This Line Reserved For Recording Office Use)

**Document Title:**     **LIMITED POWER OF ATTORNEY**

**Return Recorded
Document to:**     **Florentino L. Gonzalez, Esq.
Shutts & Bowen LLP
200 South Biscayne Blvd, Suite 4100
Miami, Florida 33131**

SBX000004

CFN: 20200655153 BOOK 32103 PAGE 4526

## LIMITED POWER OF ATTORNEY

KNOW ALL PEOPLE BY THESE PRESENTS, that Igor Krutoy, also known as Igor Kroutoi, has made, constituted and appointed, and by these presents does make, constitute and appoint Thomas Butler, whose address is 7 Times Square, Suite 2900, New York, New York 10036-6524, as his true and lawful attorney in fact, and in his name, place and stead, to act on his behalf and in his name as fully and completely as he could do on his behalf, with respect to any transfer and/or sale of the real property described below (the "Property"), including without limitation, the execution and delivery of (a) any deed, bill of sale, affidavit, assignment and assumption documents, closing or settlement statements, purchase and sale agreements (b) any and all other documents or instruments necessary or desirable in connection with the transfer and/or sale of the Property; and (c) any other documents, instruments or affidavits necessary or desirable in connection with any of the foregoing pertaining to the Property. The Property is described as follows:

> Condominium Unit No. 747 of 7400 OCEANSIDE AT FISHER ISLAND CONDOMINIUM, a Condominium, according to the Declaration of Condominium thereof, recorded in Official Records Book 20686, at Page 292 of the Public Records of Miami-Dade County, Florida, together with an undivided interest in the common elements appurtenant thereto.

Giving and granting unto Thomas Butler, full power and authority to do and perform every act and execute any documents requisite, and necessary to be done or executed in and about the premises as fully, to all intents and purposes, as he might or could do if personally present, with full power of substitution and revocation, hereby ratifying and confirming all that Thomas Butler, said attorney in fact, shall lawfully do or cause to be done by virtue hereof.

IN WITNESS WHEREOF, the undersigned has set his hand and seal this 26 day of June , 2020.

Witnesses:

_____     Igor Krutoy a/k/a Igor Kroutoi

Print Name: Victoria Krutoy

Print Name: Viktor Kanevsky

STATE OF Florida ,
COUNTY OF Dade

The foregoing instrument was acknowledged before me, by means of ● physical presence or ● online notarization, this 26 day of June 2020, by IGOR KRUTOY (also known as IGOR KROUTOI), who is personally known to me or has produced a driver's license as identification.

Print Name: Svetlana Tavovskaia

[NOTARIAL SEAL]    Notary Public, State of Florida

My Commission Expires:

Commission No. GG 043823

SVETLANA IANOVSKAIA
Notary Public - State of Florida
Commission # GG 043823
My Comm. Expires Feb 14, 2021
Bonded through National Notary Assn.

SBX000005

CFN: 20200655154 BOOK 32193 PAGE 4527
DATE:11/12/2020  04 07:43 PM
HARVEY RUVIN, CLERK OF COURT, MIA-DADE CTY

# DOCUMENT COVER PAGE

(Space Above This Line Reserved For Recording Office Use)

**Document Title:**    **LIMITED POWER OF ATTORNEY**

**Return Recorded
Document to:**    **Florentino L. Gonzalez, Esq.
Shutts & Bowen LLP
200 South Biscayne Blvd, Suite 4100
Miami, Florida 33131**

SBX000006

CFN: 20200655754 BOOK 32103 PAGE 4528

## LIMITED POWER OF ATTORNEY

**KNOW ALL PEOPLE BY THESE PRESENTS**, that Olga Kroutoia, also known as **Olga Kroutoi**, has made, constituted and appointed, and by these presents does make, constitute and appoint Thomas Butler, whose address is 7 Times Square, Suite 2900, New York, New York 10036-6524, as her true and lawful attorney in fact, and in her name, place and stead, to act on her behalf and in her name as fully and completely as she could do on her behalf, with respect to any transfer and/or sale of the real property described below (the "Property"), including without limitation, the execution and delivery of (a) any deed, bill of sale, affidavit, assignment and assumption documents, closing or settlement statements, purchase and sale agreements, (b) any and all other documents or instruments necessary or desirable in connection with the transfer and/or sale of the Property, and (c) any other documents, instruments or affidavits necessary or desirable in connection with any of the foregoing pertaining to the Property. The Property is described as follows:

> Condominium Unit No. 7471 of 7400 OCEANSIDE AT FISHER ISLAND CONDOMINIUM, a Condominium, according to the Declaration of Condominium thereof, recorded in Official Records Book 20666, at Page 292 of the Public Records of Miami-Dade County, Florida, together with an undivided interest in the common elements appurtenant thereto.

Giving and granting unto Thomas Butler, full power and authority to do and perform every act and execute any documents requisite, and necessary to be done or executed in and about the premises as fully, to all intents and purposes, as she might or could do if personally present, with full power of substitution and revocation, hereby ratifying and confirming all that Thomas Butler, said attorney in fact, shall lawfully do or cause to be done by virtue hereof.

IN WITNESS WHEREOF, the undersigned has set his hand and seal this _26_ day of ___June___, 2020

Witnesses:

_____
Olga Kroutoia a/k/a Olga Kroutoi

Print Name: _Victoria Krutoy_

Print Name: _Victor Kasevsky_

STATE OF _Florida_

COUNTY OF _Dade_

The foregoing instrument was acknowledged before me by means of ● physical presence or ● online notarization, this _26_ day of ___June___, 2020, by OLGA KROUTOIA (also known as OLGA KROUTOI), who is personally known to me or has produced a driver's license as identification.

Print Name: _Svetlana Ianovskaia_

[NOTARIAL SEAL]  Notary Public, State of _Florida_

My Commission Expires:

Commission No. _GG 043823_

SVETLANA IANOVSKAIA
Notary Public - State of Florida
Commission # GG 043823
My Comm. Expires Feb 14, 2021
Bonded through National Notary Assn

MEADOCS-20197541 1 91EXC.0050

SBX000007

CFN: 20200655155 BOOK 32193 PAGE 4529
DATE:11/12/2020 04:07:43 PM
HARVEY RUVIN. CLERK OF COURT, M A-DADE CTY

Prepared by and Return to:
Florentino L. Gonzalez, Esq.
Shutts & Bowen LLP
200 S. Biscayne Blvd., Suite 4100
Miami, Florida 33131

## TRUST AFFIDAVIT

STATE OF FLORIDA    )
    )
COUNTY OF MIAMI-DADE  )

BEFORE ME, the undersigned authority, personally appeared STEVEN LANDAU ("Affiant"), who, being before me first duly sworn, on oath, deposes and says:

1. Affiant is the sole trustee (in such capacity, the "Trustee") of the 7471 Fisher Island Dr. 2017 Revocable Trust (the "Trust"), dated November 21, 2017 (the "Trust Agreement").

2. The Trust was created pursuant to Section 689.071 of the Florida Statutes.

3. The Trust Agreement is in full force and effect and has not been revoked, amended or modified.

4. The Trustee has or has obtained the full power and authority he believes is necessary to sell and convey the following described property located in Miami-Dade County, Florida (the "Property"):

> Unit No. 7471 of 7400 OCEANSIDE AT FISHER ISLAND CONDOMINIUM, a Condominium, according to the Declaration of Condominium thereof, recorded in Official Records Book 20666, at Page 292, of the Public Records of Miami-Dade County, Florida.

5. Section 8 of the Trust Agreement states the following:

> "Every deed, mortgage, lease or other instrument executed by the Trustee in relation to the Property shall be conclusive evidence in favor of every person claiming any right, title or interest under the Trust (a) that at the time of its delivery the Trust created under this Agreement was in full force and effect, (b) that instrument was executed in accordance with the terms and conditions of this Agreement and all its amendments, if any, and is binding upon all Beneficiaries under it, (c) that the Trustee was duly authorized and empowered to execute and deliver each such instrument; (d) if a conveyance has been made to a successor or successors in trust, that the successor or successors have been appointed properly and are vested fully with all the title, estate, rights, powers, duties and obligations of its, his or their predecessor in trust."

SBX000008

CFN: 20200655155 BOOK 32103 PAGE 4530

      Affiant further states that he is familiar with the nature of an oath and with the penalties as provided by the applicable law for falsely swearing to statements made in an instrument of this nature. Affiant further certifies that he has read, or has heard read to him, the full facts of this Affidavit, and understands its contents.

_____
STEVEN LANDAU, Individually and as Trustee of the 7471 Fisher Island Dr 2017 Revocable Trust

The foregoing instrument was acknowledged before me by means of ☑ physical presence or ☐ online notarization, this ___ day of _____, 2020 by STEVEN LANDAU, Individually, and as Trustee of the 7471 Fisher Island Dr 2017 Revocable Trust. He (check one) ☑ is personally known to me, or ☐ has produced a valid driver's license or _____ as identification.

SEAL

ELAINE GISELLE HILL
MY COMMISSION # GG 930936
EXPIRES: December 11, 2023
Bonded Thru Notary Public Underwriters

_____
Notary Public

_____
Printed Notary Name

My Commission Expires:

SBX000009

CFN: 20230655156 BOOK 32193 PAGE 4531
DATE:11/12/2020 04:07:43 PM
DEED DOC 30,000.00
HARVEY RUVIN, CLERK OF COURT, MIA-DADE CTY

**This Instrument Prepared By:**

Florentino L. Gonzalez, Esq.
Shutts & Bowen LLP
200 S. Biscayne Boulevard
Suite 4100
Miami, Florida 33131

Folio No. 30-4210-015-0070

## WARRANTY DEED

THIS WARRANTY DEED ("Deed") is made this 18th day of September, 2020, by STEVEN LANDAU, individually, and as Trustee of the 7471 Fisher Island Dr 2017 Revocable Trust dated November 21, 2017 ("Grantor"), whose address is c/o Thomas E. Butler Esq. 7 Times Square, Suite 2900, New York, NY 10036 to STEVEN LANDAU, as Trustee under the Fisher Island Investment Irrevocable Trust Agreement dated July 13, 2020 ("Grantee"), whose address is 7471 Fisher Island Drive, Unit #7471, Miami, Florida 33109.

## WITNESSETH:

That the Grantor, for and in consideration of the sum of Ten and No/100 ($10.00) Dollars and other good and valuable consideration, receipt of which is hereby acknowledged, hereby grants, bargains, sells, aliens, remises, releases, conveys and confirms to Grantee that certain real property situate in Miami-Dade County, Florida, to-wit ("**Property**"):

Condominium Unit No. 7471 of 7400 OCEANSIDE AT FISHER ISLAND CONDOMINIUM, a Condominium, according to the Declaration of Condominium thereof, recorded in Official Records Book 20666, Page 292, of the Public Records of Miami-Dade County, Florida, together with an undivided interest in the common elements appurtenant thereto.

TOGETHER WITH all the tenements, hereditaments, and appurtenances thereto belonging or in anywise appertaining.

This conveyance is subject to:

1.    Taxes for the year 2020 and thereafter;

2.    Zoning and other regulatory laws and ordinances, prohibitions and other requirements imposed by governmental authority;

3.    Those certain restrictions, reservations, covenants, conditions, limitations and easements of record, without reimposition of the same to the extent any of the foregoing have been released, expired, or are in any way no longer legally enforceable.

TO HAVE AND TO HOLD the Property in fee simple forever.

Grantor hereby covenants with the Grantee that he is lawfully seized of the Property in fee simple; that Grantor has good right and lawful authority to convey the Property; that, except

1

MIADOCS 20133524 2 51875.0001

SBX000010

as noted above, the Property is free from all liens and encumbrances, and that Grantor hereby warrants the title to the Property, and will defend the same against the lawful claims of all persons whomsoever. The terms "Grantor" and "Grantee" refer to the singular or plural, as context requires.

The Property is not now nor has it ever been the homestead of the Grantor or any member of his family under the laws and the constitution of the State of Florida, and that neither the Grantor nor any member of his family has ever resided thereon.

IN WITNESS WHEREOF, the Grantor has executed this Deed on the day and year first above written.

Signed, sealed and delivered
in the presence of:

_____
Signature
ROD COLEMAN
Print Name

_____
Signature
ANNETTE POTENZA
Print Name

_____
STEVEN LANDAU, individually, and as
Trustee of the 7471 Fisher Island Dr 2017
Revocable Trust dated November 21, 2017

STATE OF FLORIDA

COUNTY OF MIAMI-DADE

The foregoing instrument was acknowledged before me by means of ☐ physical presence or ☐ online notarization, this 16 day of Sept , 2020 by STEVEN LANDAU, individually, and as Trustee of the 7471 Fisher Island Dr 2017 Revocable Trust dated November 21, 2017. He (check one) ☑ is personally known to me or ☐ has produced a valid driver's license or _____ as identification.

ELAINE GISELLE HILL
MY COMMISSION # GG 930938
EXPIRES: December 11, 2023
Bonded Thru Notary Public Underwriters

_____
Print Name:
Commission No.:
My Commission Expires:
Notary Public, State of Florida

2

SBX000011

CFN: 20200655157 BOOK 32193 PAGE 4533
DATE:11/12/2020 04:07:43 PM
HARVEY RUVIN, CLERK OF COURT, MIA-DADE CTY

Investment Prepared by and Return to:
Florentino L. Gonzalez, Esq.
Shutts & Bowen LLP
200 S. Biscayne Blvd., Suite 4100
Miami, Florida 33131

## TRUST AFFIDAVIT

STATE OF FLORIDA     )
                    )
COUNTY OF MIAMI-DADE  )

BEFORE ME, the undersigned authority, personally appeared STEVEN LANDAU ("Affiant"), who, being before me first duly sworn, on oath, deposes and says:

1. Affiant is the currently appointed trustee (in such capacity, the "Trustee") under the Fisher Island Investment Irrevocable Trust Agreement dated ___, 2020 (the "Trust").

2. Although Affiant is the currently appointed trustee under the Trust, the Settlor under the Trust (which is someone other than Affiant) may from time to time and in his sole discretion appoint a different trustee or more than one trustee to act as the trustee or co-trustees of the Trust.

*JULY 13,2020

Affiant further states that he is familiar with the nature of an oath and with the penalties as provided by the applicable law for falsely swearing to statements made in an instrument of this nature. Affiant further certifies that he has read, or has heard read to him, the full facts of this Affidavit, and understands its contents.

_____
STEVEN LANDAU, individually, and as Trustee under the Fisher Island Investment Irrevocable Trust Agreement dated _____ 2020

The foregoing instrument was acknowledged before me by means of ☑ physical presence or ☐ online notarization, this 16th day of _Sept_, 2020 by STEVEN LANDAU, individually, and as Trustee under the Fisher Island Investment Irrevocable Trust Agreement dated 7/13/, 2020. He (check one) ☑ is personally known to me, or ☐ has produced a valid driver's license or _____ as identification.

SEAL

ELAINE GISELLE HILL
MY COMMISSION # GG 930930
EXPIRES: December 11, 2023
Bonded Thru Notary Public Underwriters

_____
Notary Public

_____
Printed Notary Name

My Commission Expires:

SBX000012

# EXHIBIT  N

CFN: 20210717717 BOOK 32759 PAGE 3310
DATE:09/27/2021  03:30:43 PM
HARVEY RUVIN, CLERK OF COURT, MIA-DADE CTY

This Instrument Prepared by and
Record and Return to:
Florentino L. Gonzalez, Esq.
Shutts & Bowen LLP
200 S. Biscayne Blvd.
Suite 4100
Miami, Florida 33131


Tax Folio Number:    30-4210-015-0070


-----------The Space Above This Line For Recording Office Use Only-----------

## APPOINTMENT OF TRUSTEE

I, Oleg Bourlakov, as Settlor under the Fisher Island Investment Irrevocable Trust Agreement dated July 13, 2020 (the "Trust"), on this ___ day of March, 2021 execute this instrument as follows:

WHEREAS, I am the Settlor of the Trust;

WHEREAS, Paragraph 4 of the Trust gives the Settlor the power to appoint a new trustee of the Trust for any reason and at any time.

WHEREBY, in exercise of the aforementioned power:

I hereby appoint Thomas E. Butler as the sole Trustee of the Trust.

IN WITNESS WHEREOF, the Settlor has executed this instrument on the day and year first above written.

Signed, sealed and delivered
in the presence of:

Witness 1:

Print Name: Nikola, Trzakov      OLEG BOURLAKOV, individually, and as Settlor of the Fisher
                                  Island Investment Irrevocable Trust Agreement dated July 13,
                                  2020

Witness 2:                        Vu pour la certification simplement matérielle
                                  de la signature de Monsieur Oleg
Print Name: Vera Razakova         BOURLAKOV (Carte de Résident
                                  Monégasque N° ER 049536)
                                  apposée ci-dessus    sans conférer
                                  au document un caractère d'acte authentique.

Vu pour la certification simplement
matérielle des signatures de Monsieur Nikolai
KAZAKOV (Carte de Résident Monégasque N° TB
072105) et de Madame Vera KAZAROVA (Carte de
Résident Monégasque N° TB 072106) apposées ci-
dessus, sans conférer au document un caractère
d'acte authentique.

CFN: 20210717717 BOOK 32759 PAGE 3311

## APOSTILLE
(Convention de La Haye du 5 octobre 1961)

1. Pays : PRINCIPAUTE DE MONACO

Le présent acte public

2. a été signé par Me Henry REY

3. agissant en qualité de Notaire

4. est revêtu du sceau/timbre de l'étude de Me Henry REY

### ATTESTÉ

5. à Monaco                                    6. Le 2 mars 2021

7. par Philippe MOULY, Secrétaire Général de la Direction des Services
   Judiciaires

8. sous le n° 0801/2021

9. Sceau/Timbre                    10. Signature :



SBX000014

[French text at end of English language document]

Witnessed for acknowledgement of the signature
of Mr. Oleg BOURLAKOV (Monegasque
Resident Card No. PR049536) affixed above without
conferring on the document the nature of a notarial
instrument.

[Signature]

[Stamp:] HENRY REY
NOTARY
PRINCIPALITY OF MONACO

Witnessed for acknowledgement of the signatures
of Mr. Nikolai KAZAKOV (Monegasque
Resident Card No. TE 072105) and of Mrs. Vera KAZAKOVA
(Monegasque Resident Cart No. TE 072106) affixed above without
conferring on the document the nature of a notarial instrument.

[Signature]

MIADOCS21732714 1    [Stamp:] HENRY REY
NOTARY
PRINCIPALITY OF MONACO

CERTIFIED TRANSLATION
PREPARED BY
GEO LANGUAGES, INC.

SBX000015

CFN: 20210711717 BOOK 32755 PAGE 3313

## APOSTILLE
(The Hague Convention of October 5, 1961)

1.  Country: PRINCIPALITY OF MONACO

This public document

2.  has been signed by Henry REY, Esq.

3.  acting in his capacity as Notary

4.  bears the seal/stamp of the notary office of Henry REY, Esq.

CERTIFIED

5.  in Monaco                          6.  On March 2, 2021

7.  by Philippe MOULY, Secretary General of the Monegasque Department of Justice

8.  under the No. 0801/2021

9.  Seal/Stamp:                       10.  Signature:

[Signature]

[Tax stamp] [Round stamp] Monegasque Department of Justice - Monaco

CERTIFIED TRANSLATION
PREPARED BY
[...] LANGUAGES, INC.

SBX000016

CFN: 20210717117 BOOK 32759 PAGE 3314

# SEVEN LANGUAGES TRANSLATING & INTERPRETING RESOURCES, INC.

### T R A N S L A T O R S  •  I N T E R P R E T E R S

Conferences • Depositions • Documents • Translations • Legal • Commercial • Medical • Technical • U.S. Court Certified Interpreters

Web site: www.sevenlanguages.com • E-mail: info@sevenlanguages.com

## CERTIFICATE OF TRANSLATION

STATE OF FLORIDA        )
                                          )
COUNTY OF MIAMI-DADE    )

I, JOSEPH RICHARD PEREZ, on behalf of SEVEN LANGUAGES TRANSLATING &

INTERPRETING RESOURCES, Inc., do certify that the attached translation, consisting of

_2_ pages, is, to the best of my knowledge and belief, a true and accurate rendition into the

_English_ language of the original written in _French_

JOSEPH RICHARD PEREZ

The foregoing instrument was acknowledged by me on this _2_ day of _September_, 2021.
JOSEPH RICHARD PEREZ personally appeared before me at the time of notarization. She is
personally known to me and produced a driver's license as identification and she did take an oath.

Brittnie M. Sanchez, Notary Public
State of Florida at Large

Notary Public State of Florida
Brittnie M. Sanchez
My Commission GG 207213
Expires 08/08/2022

S P A N I S H
F R E N C H
I T A L I A N
H E B R E W
C R E O L E
D U T C H
PORTUGUESE
G E R M A N
C H I N E S E
J A P A N E S E
R U S S I A N
SCANDINAVIAN
A S I A N
S L A V I C
& A L L O T H E R
LANGUAGES

The utmost care has been taken to ensure the accuracy of all translations. SEVEN LANGUAGES TRANSLATING &
INTERPRETING RESOURCES, Inc. and its employees shall not be liable for any damages due to negligence or error in typing or
translation.

SEVEN LANGUAGES TRANSLATING AND INTERPRETING RESOURCES, INC.
18495 SOUTH DIXIE HIGHWAY #116, CUTLER BAY, FLORIDA 33157
DADE (305) 374-6761 • 24 HR. FAX (305) 374-0339 • 1-800-374-6761

SBX000017