# EXHIBIT G

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: 2021-025928-CA-01
SECTION: CA43
JUDGE: Thomas J. Rebull

**Elena Bourlakova et al**

Plaintiff(s)

vs.

**Steven Landau et al**

Defendant(s)

_____/

### ORDER DENYING PLAINTIFFS' MOTION TO COMPEL JURISDICTIONAL DEPOSITION OF SEMEN ANUFRIEV [DE-364] AND GRANTING DEFENDANT SEMEN ANUFRIEV'S MOTIONS FOR PROTECTIVE ORDER OR TO STRIKE PLAINTIFFS' REQUEST FOR JURISDICTIONAL DOCUMENT PRODUCTION [DE-351] AND PLAINTIFFS' CORRECTED SECOND JURISDICTIONAL REQUEST FOR PRODUCTION OF DOCUMENTS [DE-404]

This case came before the Court for hearing on January 29, 2024 on three motions: (i) Defendant Semen Anufriev's ("Anufriev") Motion to Strike Plaintiffs' Request for Jurisdictional Document Production or, in the Alternative, for a Protective Order (DE 351); (ii) Veronica Bourlakova and Elena Bourlakova's (the "Plaintiffs") Motion to Compel the Jurisdictional Deposition of Defendant Semen Anufriev (DE 364) (Plaintiffs' "Motion to Compel"); and (iii) Anufriev's Motion to Strike Plaintiffs' Corrected Second Jurisdictional Request for Production of Documents, or in the Alternative, for a Protective Order (DE 404) (collectively, DE 351 and DE 404 are Anufriev's "Protective Order Motions").

These Motions present the difficult and not infrequent question as to whether – and if so, how much – jurisdictional discovery should be permitted. The Florida Supreme Court emphasizes that jurisdictional discovery "should not be broad, onerous or expansive, nor should it address the merits of the case. Also, where possible, the discovery should be carried out so as to minimize expense to the defendant." *See Gleneagle Ship Mgmt. Co. v. Leondakos*, 602 So. 2d 1282, 1284

(Fla. 1992). In that case, the specific issue involved was whether the defendant ship owners had "any business contacts" with the "State of Florida or its citizens." *See id*. at 1283. It is not clear from the opinion on what basis the plaintiff was asserting personal jurisdiction over the foreign defendants.

Here, Plaintiffs are asserting specific jurisdiction over Anufriev, alleging that he committed "a tortious act within this state." §48.193(1)(a)2., Fla. Stat. (2020). Plaintiffs accuse Anufriev of committing: civil theft, conspiracy to commit civil theft, aiding and abetting civil theft, conspiracy to defraud, aiding and abetting fraud, conversion, conspiracy and aiding an abetting in connection with conversion, and aiding and abetting breach of fiduciary duty.

The parties have extensively briefed their respective positions on specific jurisdiction, including arguments regarding the sworn evidence already filed by each side. [D.E. 185 and 256]. Despite this, Plaintiffs are now seeking additional "jurisdictional discovery." By its very nature, this "jurisdictional discovery" is inextricably intertwined with the merits of the claims against Anufriev (indeed, the merits of the claims against all the "Active Defendants.").

In other words, if the basis for specific jurisdiction against Anufriev is that he committed a tortious act within Florida, it appears the parties believe that the Court must make some preliminary finding as to whether Anufriev did indeed commit a tortious act in this State. For example, a primary area of dispute between the parties as to the sworn evidence presented relates to Anufriev's mental state – or mens rea – in connection with the alleged conspiracy or substantial assistance to commit fraud, conversion, civil theft, etc. One can easily see how this specific jurisdiction "tail" could end up wagging the extremely complex merits "dog." Fortunately, persuasive Federal authorities provide guidance on this matter.[1]

A leading treatise with numerous citations of federal authorities speaks in detail about these issues.[2]

Because there is no prescribed method for resolving the issue of lack of personal jurisdiction, the procedure for determining a motion under FRCP 12(b)(2) is left largely to the discretion of the trial court. The standard procedure is to determine the matter of personal jurisdiction on the basis of affidavits and a pre-trial hearing. When the issue of jurisdiction is closely intertwined with a decision on the merits, the court may postpone the determination of jurisdiction until trial. Whether to postpone the decision until trial is discretionary with the trial court, who should determine whether the need to test its jurisdiction outweighs the expense and delay of a preliminary hearing and whether the jurisdictional issues are so interwoven with the merits of the case that deferral of the issue until trial is desirable.

***

In determining a motion raising the defense of absence of personal jurisdiction, **the District Court has broad discretion to allow discovery** and may determine the jurisdictional issues by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery. **Whether to allow discovery to aid in determining whether there is in personam jurisdiction is left to the discretion of the trial court, and an appellate court will not interfere with the refusal to grant discovery except on the clearest showing that the dismissal resulted in actual and substantial prejudice to the litigant**; such a refusal is not an abuse of discretion when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction. Discovery may be granted, however, when pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.

***

Upon a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of proving facts sufficient to justify the court's exercise of jurisdiction. Although the plaintiff has the burden of establishing jurisdiction, the level of proof required depends on the nature of the pre-trial proceedings in which the jurisdictional question is decided. For example, **at the pre-trial stage, if the court determines the issue of personal jurisdiction based on the parties' pleadings and affidavits, the plaintiff need only make a prima facie showing of personal jurisdiction to defeat a FRCP 12(b)(2) motion.** If the court conducts an evidentiary pre-trial hearing or determines the issue of personal jurisdiction at trial, the plaintiff must establish personal jurisdiction by a preponderance of the evidence.

***

If the court limits its jurisdictional decision to the pleadings and affidavits and does not conduct an evidentiary hearing, the plaintiff is required merely to establish a prima facie showing of personal jurisdiction over the defendant to defeat a motion under FRCP 12(b)(2).31 A Rule 12(b)(2) motion can be defeated at this stage by showing facts in the complaint and other papers sufficient to support **a reasonable inference that the defendant may be subject to the personal jurisdiction of the court**. The plaintiff's burden is to establish a prima facie showing only of facts on which jurisdiction is predicated, not a prima facie demonstration of the existence of a cause of action. Once the plaintiff has made a prima facie showing of jurisdiction, the defendant must overcome or rebut such a showing to prevail on the motion.

***

**In ruling on a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, the court will take the allegations of the plaintiff's complaint as true even when the defendant produces affidavits to the contrary. Moreover, when both parties submit affidavits supporting their version of the facts, discrepancies will be resolved in the plaintiff's favor**.

***

As an alternative to determining personal jurisdiction on the basis of pleadings and affidavits, the court has the discretion to hold a preliminary, evidentiary hearing on a FRCP 12(b)(2) motion or postpone the determination until trial on the merits. Whether the court conducts an evidentiary hearing to determine personal jurisdiction or postpones the determination until trial on the merits, the plaintiff has the burden of establishing personal jurisdiction by a preponderance of the evidence.

---

1 Motions in Federal Court §§ 5:58, 5:60 – 5:64 (3d ed. 2023) (footnotes and case citations omitted) (emphasis added).

As set forth in detail in the most recent version of Plaintiffs' complaint, the underlying allegations in this case cover a large time frame, multiple continents, and a tremendous number of factual allegations involving multiple actors. Plaintiffs' basis for specific personal jurisdiction over Anufriev entirely overlaps with the merits, that is, whether he committed a tortious act in Florida. In accord with Gleneagle's prohibition, the Court exercises its discretion to decline to permit broad, onerous, or expansive discovery which necessarily concerns the merits of this entire dispute. The Court will base its decision in accordance with the above authorities, the parties excellent written and oral arguments, and the sworn testimony which each side has already filed.

*Venetian Salami* and the Florida cases which adopt its holding stand for the rule that jurisdictional discovery is only available, and an evidentiary hearing only required, if the Court finds that it is unable to harmonize those conflicts without further discovery. *Venetian Salami*, 554 So. 2d at 503; *see also Gleneagle*, 602 So. 2d at 1284 ("*Venetian Salami* presented a problem of opposing and *irreconcilable* affidavits.") (emphasis added); *McMillan*, 740 So. 2d at 1228 (holding "if the factual allegations of the affidavits can be harmonized, the court can make its decision based upon the affidavits.").

If the Court finds that it can reconcile any conflicts which may exist without the need for further discovery, there is no basis to permit jurisdictional discovery under Florida law, and "the court can make its decision based upon the affidavits." *McMillan*, 740 So. 2d at 1228; *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 503 (Fla. 1989). Moreover, if irreconcilable conflicts exist but they do not relate to essential jurisdictional facts, the Court can similarly resolve the issue of jurisdiction based on the affidavits without any further discovery. *See Washington Capital Corp. v. Milandco, Ltd., Inc.*, 695 So. 2d 838, 841 (Fla. 4th DCA 1997) (applying rule in *Venetian Salami*).

For these reasons, it is hereby **ORDERED and ADJUDGED** that the Plaintiffs' Motion to Compel (DE 364) is respectfully denied and Anufriev's Protective Order Motions (DE 351, DE

404) are granted.

The parties shall expeditiously set for hearing Anufriev's Motion found at docket entry 185.

---

[1] Florida expressly looks to federal decisions for guidance on our civil procedure rules, including challenges to personal jurisdiction. *See Gleneagle*, 602 So. 2d at 1283-84.

[2] For ease of reference of the parties, the entire pertinent chapter of this treatise is attached as an exhibit to this Order.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 22nd day of February, 2024.

2021-025928-CA-01 02-22-2024 1:27 PM
Hon. Thomas J. Rebull

**CIRCUIT COURT JUDGE**
Electronically Signed

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

**Electronically Served:**
Abbey L. Kaplan, akaplan@klugerkaplan.com
Abbey L. Kaplan, service@klugerkaplan.com
Abbey L. Kaplan, ggonzalez@klugerkaplan.com
Aleksey Shtivelman, ashtivelman@shutts.com
Aleksey Shtivelman, ashtivelman@shutts.com
Aleksey Shtivelman, morozco@shutts.com
Aliette DelPozo Rodz Esq, arodz@shutts.com
Aliette DelPozo Rodz Esq, IALPG_Service@shutts.com
Allison Khaskelis, allison.khaskelis@asserson.com
Allison Khaskelis, allison.khaskelis@asserson.co.uk
BECKY N. SAKA, ESQ., bsaka@klugerkaplan.com
BECKY N. SAKA, ESQ., mmathis@klugerkaplan.com

Craig P Kalil, ckalil@aballi.com
Craig P Kalil, jdanvers-holmes@aballi.com
Craig P Kalil, eservice@aballi.com
Hendrik G. Milne Esq., hmilne@aballi.com
Hendrik G. Milne Esq., jdanvers-holmes@aballi.com
Hendrik G. Milne Esq., eservice@aballi.com
John Cervera, jcervera@aballi.com
John W Bustard, jbustard@shutts.com
John W Bustard, rwilson@shutts.com
Julie Feigeles, jf@womenatlawfl.com
Julie Feigeles, way@womenatlawfl.com
Kyle Johnson, Kjohnson@royblack.com
Kyle Johnson, LShinder@royblack.com
Kyle Johnson, gbarros@RoyBlack.com
Lance W. Shinder, lshinder@RoyBlack.com
Lance W. Shinder, gbarros@royblack.com
Lance W. Shinder, blacksrebnick@ecf.courtdrive.com
Maria Neyra, mneyra@royblack.com
Maria Neyra, civilpleadings@royblack.com
Matthew Ryan David Deblinger, mdeblinger@aballi.com
Matthew Ryan David Deblinger, jdanvers-holmes@aballi.com
Matthew Ryan David Deblinger, eservice@aballi.com
Michael A Abel, michael.abel@asserson.com
Natasha Pereira Shiman, natasha.pereira@asserson.co.uk
Natasha Pereira Shiman, natasha.pereira@asserson.co.uk
Natasha Pereira Shiman, natasha.pereira@asserson.co.uk
Patrick G. Brugger, pbrugger@shutts.com
Patrick G. Brugger, sboisvert@shutts.com
Peter H Levitt, plevitt@shutts.com
Peter H Levitt, sboisvert@shutts.com
Peter H. Levitt, plevitt@shutts.com
Peter H. Levitt, SBoisvert@shutts.com
Renee R. Tischler Esq., rtischler@aballi.com
Renee R. Tischler Esq., eservice@aballi.com
Rod Coleman, rfc@colemanattorneys.com
Rod Coleman, kl@colemanattorneys.com
Roy Black, rblack@royblack.com
Roy Black, pleading@royblack.com
Roy Black, blacksrebnick@ecf.courtdrive.com
Roy Black, rblack@royblack.com
Roy Black, civilpleadings@royblack.com
Tazio Heller, theller@royblack.com
Tazio Heller, civilpleadings@royblack.com
Tazio Heller, blacksrebnick@ecf.courtdrive.com
Yisrael Hiller, yisrael.hiller@asserson.com
Yisrael Hiller, yisrael.hiller@asserson.co.uk
Zaharah R. Markoe, zmarkoe@royblack.com

Zaharah R. Markoe, civilpleadings@royblack.com
Zaharah R. Markoe, blacksrebnick@ecf.courtdrive.com

**Physically Served:**