# ALSTON & BIRD

90 Park Avenue
New York, NY  10016
212-210-9400 | Fax: 212-210-9444

E. Scott Schirick                   Direct Dial:  212-905-9032                   Email: scott.schirick@alston.com

August 13, 2024

*Via ECF*

The Honorable J. Paul Oetken
United States District Judge
United States District Court
  Southern District of New York
40 Foley Square
New York, NY 10007

   Re:  *In re Application of Loudmila Bourlakova et al.*, 1:24-MC-0071 (JPO)

Dear Judge Oetken:

  We are counsel to petitioners Loudmila and Veronica Bourlakova in the above-referenced action brought pursuant to 28 U.S.C. §1782, in connection with which Petitioners[1] seek discovery from The Clearing House in New York (the "CHIPS Subpoena") in aid of their action against pending since July 2020 in the United Kingdom (the "U.K. Proceedings"). We write to inform the Court about upcoming events relevant to the U.K. Proceedings, and to seek modification of the Court's April 9, 2024 order directing that The Clearing House produce no documents in response to the CHIPS Subpoena pending further order from the Court (the "Hold Order") (Dkt No. 16).

  By way of brief background, Petitioners 1782 application was filed on February 20, 2024, which the Court granted on February 22, 2024 (Dkt No. 7). Petitioners served the CHIPS Subpoena authorized by the Court shortly thereafter. At that time, The Clearing House informed Petitioners' counsel that due to a significant pipeline of subpoenas at The Clearing House, together with internal staffing shortages, The Clearing House's subpoena response time would likely take approximately 12 to 20 weeks.

---

[1] Unless otherwise noted, capitalized but undefined terms should be given the same meaning as in the Memorandum of Law in Support of Application of the Petitioners for an Order to Take Discovery for Use in a Foreign Proceeding Pursuant to 28 U.S.C. §1782, Dkt. No. 5 (the "Petition").

Alston & Bird LLP                            www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | Fort Worth | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

On March 25, 2024, proposed intervenors the Kazakovs filed a motion to intervene, vacate and quash the CHIPS Subpoena ("the Vacate Motion"), which was fully briefed as of May 13, 2024. In connection with the Vacate Motion, the Court entered the Hold Order as a provisional measure pending further order of the Court.

The U.K. Court has now set a hearing for early October 2024 on the U.K. Freezing Order Application against certain key, non-intervenor defendants, Edelweiss and Hemaren. As explained in the Petition, the Petitioners seek discovery from The Clearing House in aid of their actions against these two entities, and the CHIPS Subpoena return may potentially provide transaction information that is critical to Petitioners applications in the United Kingdom.[2]

Because, as noted above, it may yet take several weeks for The Clearing House to complete its search for documents responsive to the CHIPS Subpoena, we believe it is appropriate to contact The Clearing House and instruct it to continue its internal process of searching for and gathering responsive documents and information, subject to continuing to hold in abeyance the production of any such material. The requested relief will not prejudice the proposed intervenors or their Vacate Motion in any way, while reducing the risk to Petitioners that Petitioners will be denied effective use of materials responsive to the CHIPS Subpoena should the Court ultimately deny the Vacate Motion but the Clearing House is unable to produce material before the early October hearing in the U.K. Proceedings.

Accordingly, we request that the Court enter an order directing (1) Petitioners' counsel to contact The Clearing House and instruct it immediately to resume its internal process of searching for and gathering responsive documents and information, subject to continuing to hold in abeyance the production of any such material, pending the Court's ruling on the Vacate Motion; and (2) that such order promptly be served on the Clearing House.

Respectfully submitted,

**ALSTON & BIRD**

By: _____
E. Scott Schirick

cc:    Counsel of record (via ECF)

---

[2] Petition at 9 ("Documents responsive to the Subpoena are highly relevant to the U.K. Proceeding for several reasons, including so that the Family Assets can be traced and tracked (both for purposes of quantifying the Petitioner's claims in the U.K. Proceeding for damages in respect of the misappropriation of certain Family Assets and for the purpose of identifying the dissipation of assets by certain key defendants in support of the U.K. Freezing Order Application"); *see also* Petition at 12.