

**Nicole A. Sullivan**

810 Seventh Avenue, Suite 500 | New York, NY 10019
Direct 212.631.4420 | Fax 212.631.4429
sullivann@whiteandwilliams.com | whiteandwilliams.com

December 17, 2024

Hon. J. Paul Oetken
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

   RE: *In re Application of Loudmila Bourlakova et. al.,* Case No. 1:24-mc-71 (JPO)

Dear Judge Oetken:

  Our Firm represents Nikolai and Vera Kazakov (the "Kazakovs") in connection with this Proceeding. By this letter, we respectfully request that this Court order the Petitioners to produce copies of all responsive materials produced by The Clearing House Payments Company L.L.C. ("CHIPS") to Petitioners on November 27, 2024, pursuant to the subpoena issued in this proceeding. Despite the unqualified obligation to turn over all of the materials produced by CHIPS (as addressed below), the Petitioners' prior acknowledgement of the Kazakovs' interest in this Proceeding and the Court's express findings that these documents were intended to be used by the Petitioners in connection with proceedings against the Kazakovs pending in the United Kingdom, counsel for the Petitioner has informed undersigned counsel for the Kazakovs that Petitioners will not produce a complete set of the materials. Rather, they will only produce select documents of their choosing – specially, documents that purportedly "pertain to the Kazakovs individually." This position is inconsistent with governing law and should be rejected.

  This Court granted the Kazakovs' motion to intervene in this Proceeding, specifically stating that "[b]ecause the Bourlakovas intend to use the requested discovery in their U.K. Proceeding against the Kazakovs, the Kazakovs' motion to intervene is granted." [ECF No. 29 p. 3]. Significantly, the Bourlakovas did not oppose the motion to intervene, instead noting that controlling authority permitted the Kazakovs to intervene, citing to *In re Application of Sarrio, S.A.*, 119 F.3d 143, 148 (2d Cir. 1997) and further noting its "holding that the adverse parties against discovery is to be used have standing to challenge the validity of a subpoena on the grounds that it exceeds Section 1782's ambit." [ECF No. 18, p. 1, fn. 2]. By not opposing the intervention or seeking to limit it in any manner, the Bourlakovas have already conceded that all the materials sought in the subpoena are relevant to the Kazakovs because they intend to use these materials against the Kazakovs.

Hon. J. Paul Oetken
December 17, 2024
Page 2

This position is aligned with this Court's Order, which found that the subpoenaed records were relevant in the UK because "the Bourlakovas have alleged a general scheme whereby Mr. Bourlakov and the Kazakovs sought to conceal and misappropriate various family assets. They also pointed to specific instances of misappropriation that could be corroborated by bank records." [ECF No. 29, p. 5 (citations omitted)]. This Court further found that "[b]ecause bank transfers among Mr. Bourlakov, the Kazakovs, and various entities they control are pertinent to the Bourlakovas' ability to prove their allegations of asset concealment and misappropriation in the U.K. Proceeding, the Court concludes that the discovery is for use in a foreign proceeding." [ECF No., p. 6].

Given the above, Petitioners' refusal now to produce any of the subpoenaed materials other than those materials specific to the Kazakovs on the grounds that they do not "relate to the Kazakovs" makes no sense. Nor is there any authority to support the Bourlakova's cherry-picking approach; in fact, we could not locate a single case (and none was provided by Petitioners despite our request, a true and correct copy of that request is attached hereto as **Exhibit 1**) that permitted a subpoenaing party to produce only a selected set of documents from the responsive materials produced. This is not surprising because such a result would contravene Rule 45 and cases decided thereunder.

As parties to the proceeding, the Kazakovs should have promptly received a copy of all materials produced in response to the subpoena. The Notes of the Advisory Committee on 2013 amendments to Rule 45 (emphasis added) stated:

> Parties desiring access to information produced in response to the subpoena will ***need to follow up with the party serving it or the person served to obtain such access***. The rule does not limit the court's authority to order notice of receipt of produced materials or access to them. The party serving the subpoena should in any event make reasonable provision for ***prompt access***.

Courts have routinely followed this directive with respect to subpoenas issued pursuant to 28 U.S.C. § 1782. *See In re Hornbeam Corp.*, 14 Misc. 424, No. 2015 U.S. Dist. LEXIS 142361, at *30 (S.D.N.Y. Sep. 17, 2015) (holding intervenor had a right to inspect the materials produced in response to the subpoenas issued); *See also In re Da Costa Pinto*, 2022 U.S. Dist. LEXIS 160606, *21-22 (S.D.N.Y. Sept. 6, 2022) (holding "[t]he Court expects the parties will work cooperatively to allow the Intervenors to inspect any produced materials.").

In *In re Ex Parte in re Fed. Republic of Nig.*, No. 20 Misc. 169, 2020 U.S. Dist. LEXIS 81154, at *4 (S.D.N.Y. May 7, 2020), in connection with a subpoena issued pursuant to 28 U.S.C. § 1782, the Court explicitly found:

> The Advisory Committee Notes to Federal Rule of Civil Procedure 45, which governs third-party subpoenas, observes that interested persons should seek access to produced information from ***either the producing or requesting party***, but notes

Hon. J. Paul Oetken
December 17, 2024
Page 3

> that '[t]he rule does not limit the court's authority to order . . . access to [the produced materials]. The party serving the subpoena should in any event make reasonable provision for ***prompt access***.'

*Id.* (citing Fed. R. Civ. P. 45(a)(4) advisory committee's note to 2013 amendment) (emphasis added). The Court in that case further found that the party seeking access (P&ID) "has an undisputed interest in the subpoena information as Applicant states that its investigations and criminal proceedings relate to P&ID, and the requested materials relates to P&ID as well." *Id.* As such, the Court ordered that "Applicant shall (and the subpoenaed entities may) provide P&ID with reasonable access to copies of documents received pursuant to the subpoena. . . ." *Id.*

The same is true here. While they would in any event be obligated to produce the documents under Rule 45, the Petitioners specifically conceded that the Kazakovs are interested parties and that the requested documents relate to the UK litigation in which the Kazakovs are opposing parties. [ECF No. 18, p. 1, fn. 2]. As such, there is no possible basis to withhold from the Kazakovs access to the totality of the documents produced by the subpoenaed party. Moreover, despite the requirement to provide "prompt access" to these materials, Petitioners have had them in their possession for almost three weeks while refusing to provide such access, which threatens to cause, or may already be causing, unnecessary prejudice to the Kazakovs.

This is a matter of fundamental due process. Pursuant to Section 1782, Petitioners have received documents from a third party, CHIPS, which they sought for the purpose of pursuing legal claims against the Kazakovs in England. Petitioners have no right to privacy or confidentiality with respect to the documents CHIPS produced, and the Kazakovs have a fundamental legal right under the circumstances to receive a complete copy of the documents CHIPS produced, which may be used as evidence against them by their litigation opponents in England. The Bourlakovas' secrecy as to these documents is not founded in fact or law.

For all of these reasons, we respectfully request that this Court issue an order requiring Petitioners to produce to the Kazakovs a copy of the records produced by CHIPS pursuant to the subpoena within two days.

In accordance with this Court's Individual Rule No. 4, I certify that the parties have met and conferred in an effort to resolve the issues raised herein. Specifically, we conferred via email in early December and per counsel's request, on December 4, 2024, we provided the authority (*Fed. Republic of Nig.* Case and Notes of Advisory Committee on 2013 amendments) supporting our request for access to the materials produced. [ECF No. 32-6]. In addition, counsel (myself with Scott Schirick and Alan Mendelhson for the Petitioners) had a conference call on December 10 to discuss these issues. In a subsequent call on December 13, Petitioners agreed to produce documents "relating to the Kazakovs," and said they would inform me over the weekend whether they would agree to produce the rest of the material. Counsel did not reach out over the weekend but after I followed up, informed me on December 16 that they would produce nothing further. Thus, we have been unable to reach a resolution necessitating this letter motion.

Hon. J. Paul Oetken
December 17, 2024
Page 4

Respectfully submitted,

WHITE AND WILLIAMS LLP

*Nicole Sullivan*

Nicole A. Sullivan

NAS:jd

cc: All counsel of record via ECF